# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA DELUCA and DREW R. NAYLOR, on behalf of themselves and other similarly situated limited partners,<br><br>Plaintiffs,<br><br>v.<br><br>GPB AUTOMOTIVE PORTFOLIO, LP, GPB HOLDINGS II, LP, GPB CAPITAL HOLDINGS, LLC, ASCENDANCY ALTERNATIVE STRATEGIES, LLC, ASCENDANT CAPITAL, LLC, AXIOM CAPITAL MANAGEMENT, INC., DAVID GENTILE, MARK MARTINO, JEFFREY LASH, and JEFFREY SCHNEIDER,<br><br>Defendants. | **MEMO ENDORSED**<br><br>Civil Action No. 19-cv-10498<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 11/18/19 |

**PLAINTIFFS' MOTION TO RENEW AND MAKE PERMANENT THE NOVEMBER 8, 2019 ORDER TEMPORARILY GRANTING PLAINTIFFS' LEAVE TO: (1) *FILE UNDER SEAL* THE UNREDACTED COMPLAINT AND EXHIBIT A OF THE GLAUBER DECLARATION AND (2) PUBLICLY FILE THE REDACTED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 5.2(d), and upon the supporting Declaration of Ira N. Glauber, dated November 8, 2019 (the "Glauber Declaration"), Plaintiffs Barbara DeLuca and Drew R. Naylor (collectively, "Plaintiffs"), by and through their attorneys, Grant & Eisenhofer P.A. and Dilworth Paxson LLP, hereby move this Court for entry of an order in the form attached hereto renewing and making permanent the Court's November 8, 2019 order temporarily granting Plaintiffs leave to: (1) *file under seal* the unredacted version of Plaintiffs' Complaint and Exhibit A to the Glauber Declaration; and (2) publicly file the redacted version of the Complaint.

121221715_1

<u>Memorandum Endorsement</u>     <u>DeLuca v. GPB Automotive Portfolio, L.P., 19-cv-10498 (LAK)</u>

Motion granted to the extent hereafter set forth and otherwise denied.

This purported class action is brought by limited partners of GPB Automotive Portfolio, LP ("Automotive"), and GPB Holdings II, LP ("Holdings II") (together, the "Partnerships"), and as well as others. The crux of the claim appears to be that class members were fraudulently induced to invest more than $1.27 billion.

Prior to the commencement of this action, plaintiffs sought access to books and records of Automotive and Holdings II under Delaware law and the partnership agreements. As a condition of granting access, the Partnerships insisted that plaintiffs execute confidentiality agreements that:

> [P]rohibit[] the public filing of documents or disclosure of information designated by the parties as "Confidential," and require[] Plaintiffs to ensure that any complaint and attachments or exhibits to the complaint "filed in the Subsequent Litigation that constitute or contain Confidential Material shall be filed in accordance with [Delaware] Court of Chancery Rule 5.1 or any other similar applicable rule governing confidentiality" and "take all steps reasonably necessary to ensure the continued confidentiality of the Confidential Material, including but not limited to entering into a protective order with all parties in any Subsequent Litigation sufficient to protect the Confidential Material from disclosure."

The Partnerships thereupon designated all documents to which they gave plaintiffs access as Confidential.

In these circumstances, plaintiffs, upon filing this action, sought an order providing for the filing of the complaint and certain other materials, which apparently are based to some degree upon documents that the Partnerships designated as Confidential, under seal and the public filing of a redacted version. In my absence, the Part I judge (Furman, J) granted the requested order on a temporary basis. He required that plaintiffs file the unredacted copies publicly on November 15, 2019 unless they renewed their motion to seal before me before then.

Plaintiffs now have renewed their motion. The renewed motion makes abundantly clear that they have made this motion to comply with their contractual obligation quoted above. They "do not concede that the materials upon which the Complaint relies constitute 'confidential' information under law, reserve[] their rights to challenge such wholesale designations, and plan to do so at the appropriate juncture."

I put to one side, for the moment, the questions whether the Partnerships' wholesale designation of everything to which they granted plaintiffs access was appropriate and, if not, whether their action in doing so should have consequences quite inconsistent with what they sought to

achieve. For the present, it suffices to do the following:

       1. Judge Furman's order shall remain in effect until 5 P.M. on December 13, 2019 unless the Court otherwise orders.

       2. Defendants on or before November 25, 2019 shall file such motion, if any, as they think advisable, seeking to establish good cause or other justification for:

       (a) Each and every redaction from each and every filing to date, bearing in mind that the Court, as an initial matter and subject to persuasion to the contrary, is skeptical of any suggestion that the Confidentiality Agreements extracted by the Partnerships from plaintiffs constitute good cause, at least in and of themselves, and

       (b) The wholesale designation as Confidential of everything to which the Partnerships granted access.

       3. Plaintiffs shall file their response, if any, to any such motion no later than December 5, 2019. Any reply shall be filed no later than December 9, 2019.

       4. Plaintiffs and defendants each shall file no more than one memorandum of law at each stage of the briefing. Principal memoranda shall not exceed 15 double-spaced pages. Any reply memorandum shall not exceed 7 double-spaced pages.

       5. The parties would be well advised to resolve this dispute to the greatest extent possible by agreement and with a view of the common law and First Amendment rights to public access to court records.

SO ORDERED.

Dated:    November 18, 2019

_____
Lewis A. Kaplan
United States District Judge