UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA DELUCA and DREW R. NAYLOR, on behalf of themselves and other similarly situated limited partners,<br><br>     Plaintiffs,<br><br>-against-<br><br>GPB AUTOMOTIVE PORTFOLIO, LP, GPB HOLDINGS II, LP, GPB CAPITAL HOLDINGS, LLC, ASCENDANCY ALTERNATIVE STRATEGIES, LLC, ASCENDANT CAPITAL, LLC, AXIOM CAPITAL MANAGEMENT, INC., DAVID GENTILE, MARK MARTINO, JEFFREY LASH, and JEFFREY SCHNEIDER,<br><br>     Defendants. | Civ. Action No.: 1:19-cv-10498 (LAK) |

## MEMORANDUM OF LAW IN SUPPORT OF THE
## MOTION OF DAVID GENTILE TO DISMISS THE COMPLAINT

William McGovern
Leif T. Simonson
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
william.mcgovern@kobrekim.com
leif.simonson@kobrekim.com

*Attorneys for David Gentile*

February 10, 2020

Defendant David Gentile ("Gentile") respectfully submits this memorandum of law in support of his motion to dismiss the class action complaint [ECF No. 2] (the "Complaint") filed by Plaintiffs Barbara Deluca and Drew R. Naylor on behalf of themselves and other similarly situated limited partners (the "Plaintiffs").

## PRELIMINARY STATEMENT

The Court should dismiss all claims against Gentile because they fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) and fail to satisfy the requisite particularity requirements of Federal Rule of Civil Procedure 9(b). Gentile joins the motion to dismiss filed by defendants GPB Automotive Portfolio, LP, GBP Holdings II, LP and GPB Capital Holdings, LLC [ECF No. 60] (the "GPB Motion to Dismiss") with respects to Counts I, II, and VI and incorporates those arguments by reference here.[1] As set forth below, those arguments apply with equal force as to Gentile. In addition, Plaintiffs' unjust enrichment claim (Count VI), which like Counts I and II is based on alleged fraudulent activity, must likewise be dismissed for failing to meet the requisite particularity requirements. Accordingly, all counts against Gentile should be dismissed.

## ARGUMENT

**I.   PLAINTIFFS' FRAUD CLAIMS (COUNTS I & II) ARE DEFICIENT AND WARRANT DISMISSAL**

Under Rule 9(b) of the Federal Rules of Civil Procedure, claims for fraud must be pled with particularity. *Fed. R. Civ. Pr. 9(b)*. As demonstrated in the GPB Motion to Dismiss [ECF No. 60 at 15–20], the Complaint is devoid of the requisite particulars needed to sustain a fraud claim. The allegations are all the more lacking as to Gentile, as the Complaint fails to specify what

---

[1] *See* Memorandum of Law in Support of GPB's Motion to Dismiss [ECF No. 60-9] at 15–20 and 24–25. For the sake of economy, Gentile also incorporates and adopts by reference the "Preliminary Statement" and "Factual Allegations" sections of the memorandum in support of the GPB Motion to Dismiss. *See id.* at 1–8.

1

fraudulent statements were allegedly made by Gentile or when he allegedly made them to Plaintiffs.  Rather, the Complaint only vaguely mentions that Gentile was "involved in the preparation of the PPMs for the GPB Investments" and, even more generally, that the "Fund Defendants…marketed the GPB Investments using false and misleading representations and omissions made in the PPMs presented to potential investors" without providing any details regarding what particular statements form the basis of Plaintiffs' claim, what role Gentile allegedly played in the making of such statements, how such statements were misleading, or in what PPM they appeared.  *See* Compl. at ¶¶ 23, 72.  Rule 9(b) requires far more than these blanket statements.  *See, e.g.*, *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (stating a fraud complaint "ought to specify the time, place, speaker, and content of the alleged misrepresentations"); *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986) (a complaint "which fail[s] to specify the time, place, speaker, and sometimes even the content of the alleged misrepresentations, lack[s] the 'particulars' required by Rule 9(b)."); *Apex Mar. Co., Inc. v. OHM Enterprises, Inc.*, No. 10-CV-8119 (SAS), 2011 WL 1226377, at *2 (S.D.N.Y. March 31, 2011) (stating Rule 9(b) requires plaintiffs lay out "the fraudulent content of the speech, the time and place at which the statements were made, and the identity of individuals making the fraudulent statements.") (internal quotations omitted).  Failing to mention even *one* statement attributable individually to Gentile, Plaintiffs' fraud claims fall far short of their mark and must be dismissed as to Gentile.

As the GPB Motion to Dismiss lays out, the Complaint also fails to establish what if any fiduciary duty Defendants, including Gentile, owed to the Plaintiffs, much less establishes that the relationship existed prior to Plaintiffs' decision to invest in the company.  As with the GPB Defendants, the Complaint does little more than assert that a duty existed between the Plaintiffs

2

and Gentile. Such conclusory statements are not enough to state a claim, and, as a result, Counts I and II against Gentile should be dismissed for failure to state a claim.

## II. PLAINTIFFS' UNJUST ENRICHMENT CLAIM (COUNT VI) IS PRECLUDED AND OTHERWISE FAILS TO SATISFY RULE 9(B)

As articulated in the GPB Motion to Dismiss, unjust enrichment is an equitable remedy, available to make a plaintiff whole when no adequate remedy at law exists. *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App. 611, 613 (2d Cir. 2010). Where a claim is covered under a contract, unjust enrichment is not applicable. *IDT Corp. v. Morgan Stanley Dean Witter & Co.,* 12 N.Y.3d 132, 142 (2009) ("Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded."). As the GPB Motion to Dismiss details, Plaintiffs' unjust enrichment claim attempts to recover management fees paid to the Defendants, all of which are covered by valid and enforceable contracts. Any attempted recovery for the management fees is, thus, based solely in a contract claim, and the unjust enrichment claim must be dismissed with prejudice as to Gentile.

In addition, Count VI must be dismissed as Plaintiffs have failed to plead their claim with the requisite particularity. In order to prevail under New York law on a claim for unjust enrichment, "a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 (MKB), 2015 WL 5579872, at *26 (E.D.N.Y. Sept. 22, 2015) (citing *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.,* 448 F.3d 573, 586 (2d Cir.2006)). Additionally, where the unjust enrichment claim is based on fraud, that pleading must meet the heightened pleading requirements set forth in Fed. R. Civ. P. 9(b). *See, e.g., Minnie Rose LLC v. Yu*, 169 F.Supp.3d 504, 511 (S.D.N.Y. 2016); *Innovative Custom Brands,*

3

*Inc. v. Minor*, No. 15-CV-2955 (AJN), 2016 WL 308805, at *4 (S.D.N.Y. Jan. 25, 2016); *Stoltz*, 2015 WL 5579872 at *26. Plaintiffs' unjust enrichment, here, requires this heightened standard as it alleges Defendants "benefited from their unlawful acts and omissions and *defrauded* Plaintiffs and the other Limited Partners." Compl. ¶ 195 (emphasis added). Yet, it is entirely lacking in particulars and, thus, must be dismissed.

Plaintiffs' unjust enrichment claim is not only precluded as a matter of law,[2] but, similarly to the deficiencies of Counts I and II, also fails to pass muster under the heightened pleading standards of Rule 9(b). Plaintiffs merely allege vaguely that numerous defendants "enriched themselves through their collection of unearned fees for their services," an allegation that is completely devoid of any specifics regarding the amount received by Gentile or the dates these fees were allegedly transferred. Compl. ¶ 196. At best, Plaintiffs provide lumped amounts of yearly totals, without providing the dates of those transfers, amounts of individual transfers, or how much went to each individual defendant. Such vagueness warrants the dismissal of Plaintiffs claims in the instant case. *See*, e.g., *Innovative Custom Brands, Inc.*, 2016 WL 308805 at *4 (dismissing an unjust enrichment claim for failing to provide any particulars of the challenged transactions); *Ross v. Thomas*, No. 09-CV-5631 (SAS), 2010 WL 3952903, at *7 (S.D.N.Y. Oct. 7, 2010) (dismissing an unjust enrichment claim where complaint failed to allege the amounts transferred, their purpose, or any other specifics).

## CONCLUSION

Plaintiffs' fraud claims fail to state a claim against Gentile for the reasons described above and in the GPB Motion to Dismiss, and therefore, they must be dismissed. Additionally, Plaintiffs'

---

[2] As stated above, Gentile has joined the GPB Motion to Dismiss filed by other Defendants and incorporates those arguments here. For the sake of economy, Gentile will not rehash those arguments, but supplements them with additional grounds for the dismissal of Count VI.

4

unjust enrichment claim is both precluded as a matter of law and fails to satisfy the heightened pleading requirements set forth by Rule 9(b).  As a result, the unjust enrichment claims should also be dismissed, with prejudice, as to both Gentile and the other Defendants.

| | |
|---|---|
| Dated: New York, New York<br>February 10, 2020 | **KOBRE & KIM LLP**<br><br> s/ Leif T. Simonson_____<br>William McGovern<br>Leif T. Simonson<br>800 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 488-1200<br>Facsimile: (212) 488-1220<br>william.mcgovern@kobrekim.com<br>leif.simonson@kobrekim.com<br>*Attorneys for David Gentile* |