IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BARBARA DELUCA and DREW R. NAYLOR,
on behalf of themselves and other similarly
situated limited partners,

Case No.: 19 Civ. 10498 (LAK)

                    Plaintiffs,

   v.

GPB AUTOMOTIVE PORTFOLIO, LP,
GPB HOLDINGS II, LP,
GPB CAPITAL HOLDINGS, LLC,
ASCENDANCY ALTERNATIVE
STRATEGIES, LLC, ASCENDANT
CAPITAL, LLC, AXIOM CAPITAL
MANAGEMENT, INC., DAVID
GENTILE, MARK MARTINO,
JEFFREY LASH, and JEFFREY
SCHNEIDER,

                    Defendants,

-------------------------------------------------------------------X

---

**DEFENDANT AXIOM CAPITAL MANAGEMENT, INC.'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT
PURSUANT TO Fed. R. Civ. P. 12(b) (3), (6), & 28 U.S.C. § 1404(a)**

---

WINGET, SPADAFORA &
SCHWARTZBERG, LLP
45 Broadway, 32nd Floor
*Attorneys for Defendant Axiom
Capital Management, Inc.*

Date:        March 9, 2020

Of Counsel:   Michael Schwartzberg, Esq.
               Jessica E. Levine, Esq.
               Alexander A. Truitt, Esq.

<u>**TABLE OF CONTENTS**</u>

**Page No.**

I.   Plaintiffs' Fraud Claims Against Axiom Fail as Plaintiffs Were Never Axiom Customers ...........................................................................................1

II.   Axiom is Not an Underwriter and Even if it Was, Such Allegations Cannot Sustain Plaintiffs' Common Law Fraud Claims...................................2

III.   The Complaint Must Be Dismissed Because Plaintiffs' Group Pleading Cannot Satisfy Fed. R. Civ. P. 9(b) ........................................................................4

IV.   The Court Should Not Consider Allegations Taken From the *DiBre* and *Rosenberg* Actions as They do not Satisfy Fed. R. Civ. P. 9(b) ......................................6

V.   The Disclosure in the Automotive and Holdings II Private Placement Memorandums was Sufficient ..........................................................................8

VI.   Plaintiffs Cannot Demonstrate that Axiom Acted with Scienter as Axiom did Not Recommend or Sell the Limited Partnership Units .........................10

VII.   Plaintiffs May Not Amend Their Deficient Aiding and Abetting Fraud Claim Through Their Opposition Brief ...............................................................11

VIII.   Plaintiffs' Unjust Enrichment Claims Must Be Dismissed as the Challenged Fees Were Disclosed in Valid and Enforceable Contracts .........................13

IX.   Axiom Adopts and Incorporates Through Reference GPB Capital and Ascendant Capital's Arguments Concerning the Choice of Venue Provision in the Subscription Agreements and in Favor of Staying this Action..........................14

CONCLUSION....................................................................................................15

## **TABLE OF AUTHORITIES**

### CASES

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*,
    651 F. Supp. 2d 155 (S.D.N.Y. 2009).................................................................................2

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*,
    888 F. Supp. 2d 451 (S.D.N.Y. 2012).................................................................................2

*Art Capital Bermuda Ltd. v. Bank of N.T. Butterfield & Son Ltd.*,
    169 A.D.3d 426 (1st Dep't 2019) .......................................................................................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................2

*Clark–Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382 (1987) ....................................10, 13

*Cobalt Partners, L.P. v. GSC Capital Corp.*, 97 A.D.3d 35 (1st Dep't 2012) .............................10

*Connaughton v. Chipotle Mexican Grill, Inc.*, 135 A.D.3d 535 (1st Dep't 2016) .......................13

*Elghanian v. Harvey*, 249 A.D.2d 206 (1st Dep't 1998) .................................................................10

*Ellison v. Am. Image Motor Co.*, 36 F. Supp. 2d 628 (S.D.N.Y. 1999) ...........................................4

*Eurycleia Partners, LP v. Seward & Kissel, LLP*, 46 A.D.3d 400(1st Dep't 2007),
    *aff'd*, 12 N.Y.3d 553 (N.Y. 2009)................................................................................... 1-3

*First Sterling Corp. v Union Sq., Retail Trust*, 102 A.D.3d 490 (1st Dep't 2013).........................6

*Fisher v. JPMorgan Chase Bank, N.A.*, 740 Fed. Appx. 745 (2d Cir. 2018) ...................................1

*Footbridge Ltd. v. Countrywide Home Loans, Inc.*, 2010 WL 3790810 (S.D.N.Y. 2010).............7

*Geoffrey A. Orley Revocable Tr. U/A/D 1/26/2000 v. Genovese*,
    2020 WL 611506 (S.D.N.Y. 2020).....................................................................................4

*Grossman v. Texas Commerce Bancshares, Inc.*, 1995 WL 552744 (S.D.N.Y. 1995) ................11

*Hayden v. Paterson*, 594 F.3d 150 (2d Cir.2010).........................................................................2

*IKB Intern. S.A. v Bank of Am.*, 2014 WL 1377801 (S.D.N.Y. 2014)...........................................10

*In re Apple REITs Litig.*, Fed. Sec. L. Rep. P 97371 (E.D.N.Y. 2013),
    *aff'd in part, vacated in part sub nom. Berger v. Apple REIT Ten, Inc.*,
    563 Fed. Appx. 81 (2d Cir. 2014).......................................................................................9

*In re BISYS Sec. Litig.*, 397 F Supp 2d 430 (S.D.N.Y. 2005) ..........................................4

*In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206 (S.D.N.Y. 2010) ...............................3

*In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677 (2d Cir. 2009) ..........................6

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
      218 F.R.D. 76 (S.D.N.Y. 2003) ...................................................7

*In re OSG Sec. Litig.*, 12 F. Supp. 3d 619 (S.D.N.Y. 2014)........................................7

*In re Parmalat Sec. Litig.*, 479 F. Supp. 2d 332 (S.D.N.Y. 2007) ..................................4

*In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611 (S.D.N.Y. 2007)..................................2

*In re TransCare Corp.*, 592 BR 272 (Bankr. S.D.N.Y. 2018) ......................................5

*In re Vebeliunas*, 332 F.3d 85 (2d Cir. 2003) ..................................................6

*In re WorldCom, Inc. Sec. Litig. Decision,* 382 F. Supp. 2d 549 (S.D.N.Y. 2005)............. 3, 12-13

*Janus Capital Group, Inc. v First Derivative Traders*, 564 U.S. 135 (U.S. 2011)..................... 3-4

*Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491 (S.D.N.Y. 2015)....................................12

*Joseph Kali Corp. v. A. Goldner, Inc.*, 49 A.D.3d 397 (1st Dep't 2008) .......................................6

*Krys v. Pigott*, 749 F.3d 117 (2d Cir. 2014) ..................................................11

*Landesbank Baden-Württemberg v. RBS Holdings USA Inc.*,
      14 F. Supp. 3d 488 (S.D.N.Y. 2014)...........................................................3

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006) ..........................................11

*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir.1976) ...........................................7

*Loreley Fin. (Jersey) No. 3 Ltd. v. Citigroup Global Mkts. Inc.*,
      119 A.D.3d 136 (1st Dep't 2014) ...................................................13

*Mateo v. Senterfitt*, 82 A.D.3d 515 (1st Dep't 2011)................................................. 1-3

*Morris v. New York State Dept. of Taxation and Fin.*, 82 N.Y.2d 135 (N.Y. 1993) ................... 5-6

*Negrete v. Citibank, N.A.,* 759 Fed Appx 42 (2d Cir. 2019).........................................9

*Prickett v. New York Life Ins. Co.*, 896 F. Supp. 2d 236 (S.D.N.Y. 2012)....................................11

*Prime Mover Capital Partners, L.P. v. Elixir Gaming Tech., Inc.*,
    793 F. Supp. 2d 651 (S.D.N.Y. 2011)..............................................................................10

*Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*,
    85 F. Supp. 2d 282, (S.D.N.Y. 2000), *aff'd*, 2 Fed. Appx. 109 (2d Cir. 2001) ................11

*Ramos v. Ramirez*, 31 A.D.3d 294 (1st Dep't 2006) ......................................................12

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) ..........................................................9

*RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382 (S.D.N.Y.2009)............................................7

*Scarola Ellis LLP v. Padeh*, 116 A.D.3d 609 (1st Dep't 2014)....................................................13

*Shahzad v. Meyers*, 1997 WL 47817 (S.D.N.Y. 1997)..................................................3

*Stephenson v. Citco Group Ltd.*, 700 F. Supp. 2d 599 (S.D.N.Y. 2010) ........................................10

*Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92 (2d Cir.2004)......................................9

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004)..................................14

*Walkovszky v. Carlton*, 18 N.Y.2d 414 (N.Y. 1966) ......................................................6

*Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131 (2d Cir. 1991).......6

*Yudell v. Gilbert*, 99 A.D.3d 108 (1st Dep't 2012)......................................................14

*Zutty v. Rye Select Broad Mkt. Prime Fund, L.P.*,
    33 Misc. 3d 1226(A) (Sup. Ct., N.Y. Co. 2011).........................................................11

## STATUTES & RULES

28 U.S.C. § 1404(a) ............................................................................................................1

Federal Rule of Civil Procedure 9(b).................................................................... 4, 6-8

Federal Rule of Civil Procedure 10(c) ..............................................................................14

Federal Rule of Civil Procedure 12(b)(3) ........................................................................1

Federal Rule of Civil Procedure 12(b)(6) ........................................................................1

Defendant Axiom Capital Management ("Axiom"), by and through its attorneys, Winget, Spadafora & Schwartzberg, LLP, respectfully submit this Reply Memorandum of Law in support of its motion, pursuant to Fed. R. Civ. P. 12(b) (3), (6), and 28 U.S.C. § 1404(a) ("Motion"), to dismiss the Complaint of plaintiffs Barbara DeLuca ("DeLuca") and Drew Naylor ("Naylor" and collectively, "Plaintiffs") asserted on behalf of themselves and a putative class of other similarly situated limited partners or, in the alternative, stay the action.[1]

## I.   Plaintiffs' Fraud Claims Against Axiom Fail as Plaintiffs Were Never Axiom Customers.

Plaintiffs' Omnibus Brief in Opposition to Defendants' Motion to Dismiss ("Opposition") concedes that Plaintiffs purchased their limited partnership units in GPB Automotive Portfolio, LP ("Automotive") and GPB Holdings II, LP ("Holdings II") from non-party broker-dealer(s), with no affiliation to Axiom.  *See* Doc. No. 77, p. 24.  In fact, there is no allegation in the Complaint, Plaintiffs' Opposition, or in Plaintiffs' affidavits indicating that Plaintiffs had any interaction with Axiom.  While the Complaint improperly groups Axiom with other defendants under the pejorative and misleading label of "Selling Defendants," Axiom did not recommend or participate in the alleged sale of limited partnership units at issue in this action.  *See* Doc. No. 62-5, p. 5; Doc. No. 62-6, p. 5.  As repeated herein, at length, this simple and inescapable fact is fatal to Plaintiffs' claims and requires dismissal of the Complaint as against Axiom.

Under New York law, a common law fraud claim must be dismissed against parties who did not make the alleged misstatement.  *See Eurycleia Partners, LP v. Seward & Kissel, LLP*, 46 AD3d 400, 401 (1st Dep't 2007), *aff'd*, 12 NY3d 553 (N.Y. 2009); *Mateo v. Senterfitt*, 82 AD3d 515, 517 (1st Dep't 2011); *see also Fisher v. JPMorgan Chase Bank, N.A.*, 740 Fed. Appx. 745,

---

[1] Axiom was permitted leave to file a fifteen page reply brief pursuant to the stipulation between the parties that was so ordered by the Court on February 11, 2020.  *See* Doc. No. 72.

747 (2d Cir. 2018).  In *Eurycleia Partners, LP* and *Mateo*, the New York State Appellate Division

of the Supreme Court, First Department dismissed fraud claims against parties accused of drafting

offering memorandums containing alleged materials misstatements, and disseminating such

materials to third-parties.[2]  *Id.*  With respect to the allegations in the Complaint, the alleged

misstatements in the Automotive and Holdings II private placement memorandums (which

Plaintiffs have failed to specify with particularity) may not attributed Axiom and as such,

Plaintiffs' fraud claims against Axiom must be dismissed as a matter of law.[3]

## II.   Axiom is Not an Underwriter and Even if it Was, Such Allegations Cannot Sustain Plaintiffs' Common Law Fraud Claims.

Plaintiffs attempt to distract from the inescapable fact that Axiom was not involved in their

purchase of Automotive and Holdings II units by proclaiming that Axiom was a purported

underwriter and, therefore, is liable for any misstatement allegedly made through the private

placement memorandums.  *See* Doc. No. 62-4, ¶ 28; Doc. No. 77, pp. 21, 22, 27-29.  Here,

Plaintiffs' allegations are conclusory; they not entitled to any assumption of truth and the Court

should disregard them completely.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Hayden v.*

*Paterson*, 594 F.3d 150, 161 (2d Cir.2010); *see also In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d

611, 628-631 (S.D.N.Y. 2007)(in the context of Section 11 and 12 claims arising under the

Securities Act of 1933, dismissing conclusory allegations that defendant was an underwriter where

---

[2] Indeed, the *Eurycleia* and *Mateo* Courts further found that such allegations could not even sustain an aiding and abetting fraud claim.  *Eurycleia Partners, LP*, 46 AD3d at 402; *Mateo*, 82 AD3d at 517-518.

[3] Plaintiffs' Opposition relies heavily upon *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155 (S.D.N.Y. 2009).  *See* Doc. No. 77, pp. 6, 7, 30.  In *Abu Dhabi Commercial Bank*, this Court dismissed fraud claims against a placement agent of a special investment vehicle finding that material misrepresentations of fact concerning statements made by ratings agencies and repeated through the offering materials could not be held against the placement agent.  The Court's analysis relied heavily upon both *Eurycleia Partners, LP*, *Mateo* in reaching its decision.  *See Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 888 F. Supp. 2d 451-453 (S.D.N.Y. 2012).  As such, Plaintiffs' proffered authority directs the Court to dismiss its Fraud claims as against Axiom.

there were no allegations that defendants held themselves out as one and no allegations they bore any risk concerning the offering).  The conclusory nature of Plaintiffs' claims is irrefutable as the Complaint lacks any allegation detailing how Axiom acted like an underwriter or what their purported structuring of investments entailed.[4]  *See* Doc. No. 83, ¶ 28.

Plaintiffs' theory unravels as the private placement memorandums do not identify any underwriters—nor do they make any reference to Axiom as underwriter.  *See* Doc. Nos. 62-7; 62-8.  The commissions paid to selling broker-dealer(s) are plainly detailed and demonstrate that Axiom did not purchase any Automotive or Holdings II units with a firm commitment to then resell to the public nor did Axiom bear any risk if the non-party broker-dealer(s) that actually sold the limited partnership units to Plaintiffs failed to raise adequate capital.  *See* Doc. No. 62-7, pp. 10, 36-37; Doc. No. 62-8., pp. 10-11, 43-44.  The simple conclusion is that Axiom did not act as an underwriter because there were no underwriters.

Furthermore, none of the cases Plaintiffs cite in support of their theory that an alleged underwriter may be primarily liable for fraud are applicable to the instant action or support Plaintiffs' argument.[5]  *See* Doc. No. 77, pp. 21, 22, 27-29.  Similarly, none of these cases upset the holdings in *Eurycleia Partners, LP*, or *Mateo*, discussed above, which require dismissal of

---

[4] Plaintiffs' structuring allegations are vague and confusing as the GPB Capital Holdings LLC ("GBP Capital") managed funds did not require structuring in the way that a residential mortgage-backed security would.

[5] While none of Plaintiffs' cases are analogous to their claims against Axiom, it is important to also remember that in each case referenced below, the defendant in question actually played a role in recommending the challenged investment to the plaintiff.  In the *In re WorldCom, Inc. Sec. Litig.* decision Plaintiffs cite, the Court did not sustain a fraud claim, rather it sustained an aiding and abetting fraud claim after the underwriter in question conceded that they acted with knowledge of the fraud.  *See In re WorldCom, Inc. Sec. Litig. Decision* 382 F Supp 2d 549 (S.D.N.Y. 2005).  *Landesbank Baden-Württemberg v. RBS Holdings USA Inc.* is a residential mortgage-backed securities case where all parties acted together because they were commonly-owned subsidiaries and affiliates.  *See Landesbank Baden-Württemberg v. RBS Holdings USA Inc.*, 14 F Supp 3d 488 (S.D.N.Y. 2014).  The *In re Citigroup Inc. Sec. Litig.* decision that Plaintiffs cite concerns fraud claims arising from allegations that a bank misled its investors concerning the bank's exposure to risk arising from mortgage crisis and overstated the value of certain financial instruments it underwrote and, therefore, knew were distressed.  *See In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206 (S.D.N.Y. 2010).  Finally, *Shahzad v. Meyers* concerns unauthorized trading arising from a boiler-room type scheme.  *See Shahzad v. Meyers*, 1997 WL 47817, at *4 (S.D.N.Y. Feb. 6, 1997).

Plaintiffs' fraud claims.  Likewise, in *Janus Capital Group, Inc. v. First Derivative Traders* the United States Supreme Court found that an investment advisor could not be found primarily liable for allegedly fraudulent statements made in its client mutual fund's prospectus as the mutual fund and not the investment advisor was the party making the alleged misstatement.  *Janus Capital Group, Inc. v First Derivative Traders*, 564 US 135, 145-46, (U.S. 2011).  While *Janus Capital Group, Inc.* was in the context of Section 10(b) of the Exchange Act and Rule 10b-5 claims, this Court has extended *Janus Capital Group, Inc.* as applying to New York common law fraud claims as well.  *See Geoffrey A. Orley Revocable Tr. U/A/D 1/26/2000 v. Genovese*, 2020 WL 611506, at *10 (S.D.N.Y. Feb. 7, 2020).  As such, Plaintiffs' fraud claims arising from its conclusory allegations that Axiom acted as an underwriter must be dismissed, with prejudice.

### III.    The Complaint Must Be Dismissed Because Plaintiffs' Group Pleading Cannot Satisfy Fed. R. Civ. P. 9(b).

With respect to Axiom, Plaintiffs' reliance on group pleading through the use of: (1) "Defendants" (meaning all defendants, collectively); or (2) as the "Selling Defendants" (meaning Axiom, Ascendant Capital, LLC, Ascendant Alternative Strategies, LLC and Mark Martino, collectively) is improper and violates Fed. R. Civ. P. 9(b).  *See In re Parmalat Sec. Litig.*, 479 F Supp 2d 332, 340 (S.D.N.Y. 2007); *Ellison v. Am. Image Motor Co.*, 36 F. Supp. 2d 628, 640 (S.D.N.Y. 1999).  In defense of its improper group pleading, Plaintiffs' Opposition cites to *In re BISYS Secs. Litig.,* which stands for the proposition that "[a] plaintiff may invoke the group pleading doctrine against a defendant only if the plaintiff has alleged facts indicating that the defendant was a corporate insider or affiliate with direct involvement in the daily affairs of the company."  *In re BISYS Sec. Litig.*, 397 F Supp 2d 430, 440-41 (S.D.N.Y. 2005).

*In re BISYS Secs. Litig.*, is not applicable because there are no allegations that Axiom is a corporate insider of GPB Capital, Automotive, or Holdings II.  Likewise, there is no allegation

that Axiom participated in the daily affairs of these entities as Axiom was only a placement agent; the same role and conduct as the non-party broker-dealer(s) who actually sold the limited partnership units at issue in this action.  As such, Plaintiffs' use of the term "Defendants" with respect to Axiom is improper.

Similarly, Plaintiffs' use of group pleading to describe Axiom as one of the "Selling Defendants" is also improper.  Here, Plaintiffs' Opposition excuses its pejorative use of "Selling Defendants" by citing to convenience while ignoring the fact that the label is deeply misleading because none of the "Selling Defendants" actually sold the limited partnership units at issue.  *See* Doc. No. 77, pp. 22, 23.

Ascendant Capital, LLC ("Ascendant Capital") was formed before defendant Jeffry Schneider ("Schneider") registered with Axiom.  Likewise, Ascendant Alternative Strategies, LLC ("Ascendant Alternative") was only operative after defendant Mark Martino resigned from Axiom. There was never a time when Ascendant Capital was affiliated with both Axiom and Ascendant. Accordingly, the label "Selling Defendants" is inaccurate in all instances because there was never a time when any of the so-called "Selling Defendants" could have acted together.

As against Axiom, Plaintiffs' deficient group pleading is really an attempt: (1) to pierce the corporate veil from GPB Capital to Schneider; and then (2) reverse-pierce the corporate veil from Schneider to Ascendant and then, from Ascendant to Axiom.  The Court must reject Plaintiffs' attempts to disregard the corporate form through deficient group pleading.  *See In re TransCare Corp.*, 592 BR 272, 291 (Bankr. S.D.N.Y. 2018) (rejecting bankruptcy trustees attempt to pierce the corporate veil through group pleading).  To adequately allege a basis for piercing the corporate veil, the Complaint must allege: (1) the corporate form was abused to achieve fraud, or that the corporation has been so dominated by an another that the corporation has become the alter

ego of the entity whose business it primarily transacted, and (2) that such abuse or domination was used to commit fraud or inequity to party which resulted in injury.  *See Morris v. New York State Dept. of Taxation and Fin.*, 82 NY2d 135, 141 (N.Y. 1993); *In re Vebeliunas*, 332 F3d 85, 89 (2d Cir. 2003).  In addition, to "reverse-pierce" from the individual to the entity, Plaintiffs must also allege that Axiom was formed for an improper purpose or to engage in the illegitimate business at issue.  *See Art Capital Bermuda Ltd. v. Bank of N.T. Butterfield & Son Ltd.*, 169 AD3d 426, 427 (1st Dep't 2019); *Joseph Kali Corp. v. A. Goldner, Inc.*, 49 AD3d 397, 398-99 (1st Dep't 2008); *See also Walkovszky v. Carlton*, 18 NY2d 414, 420 (N.Y. 1966).

Plaintiffs may not establish veil-piercing through conclusory statements.  *See First Sterling Corp. v Union Sq., Retail Trust*, 102 AD3d 490 (1st Dep't 2013) (affirming dismissal of unjust enrichment claim as plaintiff's allegations of domination and control were conclusory and insufficient to state a veil-piercing claim).  With respect to Axiom, Plaintiffs' Opposition fails to identify allegations in the Complaint demonstrating anything beyond a close business relationship.  *See* Doc. No. 77, pp. 20-25; *see also Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F2d 131, 139 (2d Cir. 1991) (detailing the factors necessary to a veil piercing determination).  Critically absent are allegations demonstrating control and domination of Axiom by any other defendant.[6]  *Id*.  As such, Plaintiffs may not use defective group pleading to create the specter of a far-reaching conspiracy where none exists.  *See In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 695 (2d Cir. 2009) (allegations must be plead against all defendants as "guilt by association is impermissible.").

---

[6] Similarly, as Plaintiffs did not purchase their Holdings II and Automotive limited partnership units from Axiom, there are also no allegations demonstrating that control and domination of Axiom was used to further the harm that Plaintiffs complain of.

**IV.** **The Court Should Not Consider Allegations Taken From the *DiBre* and *Rosenberg* Actions as They do not Satisfy Fed. R. Civ. P. 9(b).**

Plaintiffs argue that the Complaint's cherry-picked and editorialized claims drawn from the *DiBre* and *Rosenberg* Actions satisfy Fed. R. Civ. P. 9(b) by citing to this Court's decision in *In re OSG Secs. Litig.*[7]  *See* Doc. No. 77, pp. 19-20.  Not only are Plaintiffs incorrect, but the *In re OSG Secs. Litig* Court explicitly stated that, in permitting plaintiffs leave to amend, the Court was not deciding whether the borrowed allegations satisfied Fed. R. Civ. P. 9(b).  *In re OSG Sec. Litig.*, 12 F. Supp. 3d 619, 622 at n. 17 (S.D.N.Y. 2014).  In point of fact, courts in the Second Circuit have long held that repeating unproven allegations drawn from other matters that have not reached a final, merits-based adjudication is immaterial.  *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 894 (2d Cir.1976) (holding that, absent adjudication on the merits, prior legal proceedings have no evidentiary bearing in future proceedings); *see also Footbridge Ltd. v. Countrywide Home Loans, Inc.*, 2010 WL 3790810, at *5 (S.D.N.Y. Sept. 28, 2010) (striking paragraphs in complaint that were "based on pleadings and settlements in other case and government investigations"); *RSM Prod. Corp. v. Fridman*, 643 F.Supp.2d 382, 403 (S.D.N.Y.2009) (striking paragraphs from a complaint that were based on allegations from the pleadings in separate actions that were never resolved on the merits); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 79 (S.D.N.Y. 2003) (striking paragraphs from a complaint referring to SEC and NASD complaints).

Plaintiffs' Opposition does not advance any argument in favor of creating or applying an exception to this long-held rule.  Moreover, Plaintiffs' borrowed allegations cannot be relied upon as accurate depictions of the *Dibre* and *Rosenberg* Actions because Plaintiffs did not annex copies

---

[7] *GPB Capital Holdings, LLC et al. v. Patrick DiBre* (Index No. 606417/2017), Supreme Court of the State of New York, County of Nassau ("*DiBre* Action"); and (2) *Rosenberg et al. v. GPB Prime Holdings, LLC et al.* (Case No. 19-0925), Commonwealth of Massachusetts, Norfolk S.S., Superior Court Department ("*Rosenberg* Action").

of those pleadings to their Complaint.  Instead, the Complaint reshapes the borrowed allegations to fit Plaintiffs' defective causes of action.  Some paragraphs borrow from the *Dibre* and *Rosenberg* Actions directly, but others lack sufficient citation or any attribution whatsoever.[8]  *See e.g.,* Doc. Nos. 62-4; 83, ¶¶ 37, 54, 57-61, 63-71, 77-121.  Critically, neither the *Dibre* nor the *Rosenberg* Actions contains any allegation concerning Axiom.  As such, even if the Court finds that Plaintiffs' allegations drawn from the *Dibre* and *Rosenberg* Actions are sufficiently alleged against other defendants; they cannot satisfy Fed. R. Civ. P. 9(b) as against Axiom.

## V.    The Disclosure in the Automotive and Holdings II Private Placement Memorandums was Sufficient.

Axiom's opening brief in support of this Motion disclosed—with detail and citation to the relevant documents—the many instances where the risk of harm Plaintiffs claim defendants concealed through fraud was actually disclosed.  *See* Doc. No. 62-1, pp. 16-20.  Plaintiffs' Opposition does not meaningfully address these disclosures; it simply denies they exist or writes them off as "boilerplate."  *See* Doc. No. 77, pp. 29-34.  In doing so, Plaintiffs double-down on the deficiencies in their Complaint by refusing to confront or address with particularity what misleading statements occurred was and why the alleged disclosure was insufficient.

---

[8] Axiom has now reviewed the unredacted Complaint and avers that the previously redacted portions contain little reference to Axiom.  *Compare* Doc. No. 62-4; Doc. No. 83, ¶¶ 3, 5, 6, 13, 14, 15, 20, 22, 29, 30, 31, 35, 36, 42-44, 47, 48, 52-55, 57, 62, 63, 66, 67, 69, 70, 73-78, 85-87, 109-120, 123, 125, 126, 127, 129-133, 134, 139, 147, 179, 181, 182, 185, 187.  Axiom notes that for some of the earlier redactions, there was no basis to apply a redaction.  *Compare id.*, ¶¶ 3, 15, 20, 22, 29, 31, 44, 53-55, 57, 123, 125-126, 129-134, 139.  Indeed, some redactions were merely statements of opinion or argument.  *Compare id.*, ¶¶ 6, 14, 47, 52, 62, 78, 109-120.  Other redactions covered parroted allegations from the *Dibre* and/or *Rosenberg* Actions, which were already public.  *Compare id.*, ¶¶ 69, 70, 77, 85-87, 109-110.  As such, it appears that Plaintiffs attempted to buttress opinion and borrowed allegations by redacting them to impart the false impression such statements were supported by confidential materials.  While Axiom is aware that Plaintiffs claim to have properly served an unredacted copy of the Complaint; Axiom respectfully avers that this is a problem of Plaintiffs' own creation.  *See* Doc. No. 77, pp. 6-7.  Plaintiffs decided to file the Complaint underseal, with inappropriate redactions covering approximately one-third of the paragraphs therein.  While Plaintiffs claim they were constrained by a confidentiality agreement, Axiom was not a party to that agreement, and this Court held that the previous Order permitting those redactions would expire at 5pm on December 13, 2019.  *See* Doc No. 19.  Plaintiffs did not file an unredacted Complaint until March 5, 2020.  *See* Doc. No. 83.

Both of the Automotive and Holdings II private placement memorandums cautioned against forward-looking statements and affirmatively disclosed: (1) that special distributions involving return of capital had or may occur; (2) that GPB Capital would not disclose its strategy concerning the purchase of automotive dealerships; (3) that GPB Capital cannot guarantee they will be able to successfully purchase automotive dealerships, which are subject to restrictions and approval by manufacturers; (4) that GPB Capital's success in running its automotive business will be dependent on retaining key members of management; and (5) that potential and actual conflicts of interest existed.  *See* Doc. No. 62-7, pp. 3, 9-12, 31, 34-39, 44-46; Doc. No. 62-8, pp. 4, 7-8, 12, 29, 33-40, 46-51.  There is nothing vague or boilerplate about this disclosure.  Likewise, Plaintiffs' continue to contradict themselves by stating GPB Capital had no industry experience while claiming that Mssrs. Lash, Dibre, and Rosenberg each owned and operated automotive dealerships prior to and during their time with GPB Capital.  *See* Doc. No. 62-4, ¶14; *See also, e.g,* Doc. No. 77 pp. 12-13.

The simple fact is the alleged misstatements in the Automotive and Holdings II private placement memorandums are not actionable because there were adequate risk disclosures.  *See In re Apple REITs Litig.*, Fed Sec L Rep P 97371 (E.D.N.Y. Apr. 3, 2013), *aff'd in part, vacated in part sub nom. Berger v. Apple REIT Ten, Inc.*, 563 Fed. Appx. 81 (2d Cir. 2014) (disclosing that distributions may come from investor capital is sufficient); *see also Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir.2004); *Rombach v. Chang*, 355 F3d 164, 173 (2d Cir. 2004). Likewise, Plaintiffs' claims relating to the appointment of an advisory committee or GPB Capital's intent to produce GAAP compliant financial statements reflect a future intent to perform under the limited partnership agreements or negligence, but do not establish a claim for fraud.  *See Negrete v. Citibank, N.A.,* 759 Fed Appx 42, 48 (2d Cir. 2019) (quoting *Bridgestone/Firestone v. Recovery*

*Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir.1996) ("To maintain a claim of fraud in such a situation, a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages."); *Clark–Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 389–90, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987) ("a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated."); *see also, Stephenson v. Citco Group Ltd.*, 700 F Supp 2d 599, 621 (S.D.N.Y. 2010) (GAAP violations alone cannot sustain a claim for fraud).  As the disclosures in the Automotive and Holdings II private placement memoranda were sufficient, Plaintiffs' fraud claims must be dismissed.

### VI.   Plaintiffs Cannot Demonstrate that Axiom Acted with Scienter as Axiom did Not Recommend or Sell the Limited Partnership Units.

Plaintiffs' argument that the necessary element of scienter is established concedes that Axiom did not sell the limited partnership units at issue and instead, repeats its conclusory and deficient theory of purported underwriter liability.  *See* Doc. 77, pp. 27-29; *see also* Section II, *supra.*  Plaintiffs' Opposition attempts to bolster these conclusory statements through allegations relating to defendants other than Axiom.  *See id.,* p. 28.  Here, Plaintiffs' tactic is part-and-parcel with its attempts to pierce the corporate veil through deficient group pleading and should be rejected by the Court.[9]  *See* Section III, *supra.*

---

[9] The argument that Axiom owes Plaintiffs a fiduciary duty because GPB Capital is the general partner of Automotive and Holdings II attempts a similar tactic and fails for the same reasons.  *See* Doc. No. 77, pp. 34-35.  A fiduciary relationship is necessary to a fraudulent omission or negligent misrepresentation claim.  *See Prime Mover Capital Partners, L.P. v. Elixir Gaming Tech., Inc.*, 793 F Supp 2d 651, 674 (S.D.N.Y. 2011); *see also Cobalt Partners, L.P. v. GSC Capital Corp.*, 97 A.D.3d 35, 42 (1st Dep't 2012).  Generally, a one-time securities transaction will not create a special relationship as that relationship must exist before the challenged transaction.  *See IKB Intern. S.A. v. Bank of Am.*, 2014 WL 1377801, at *24 (S.D.N.Y. Mar. 31, 2014); *Elghanian v. Harvey*, 249 A.D.2d 206 (1st Dep't 1998).  Here, Plaintiffs' fraudulent omission and negligent misrepresentation claims fail as a matter of law because Axiom did not make recommendations to Plaintiffs nor did Axiom have any relationship with Plaintiffs.

The only allegation concerning Axiom's purported scienter alleges that Axiom's "intent is demonstrated by the fees they paid themselves." *See* Doc. No. 62-4, ¶ 168. Even if the fees exceeded industry standards, allegations that Axiom acted with a profit motive are not sufficient to establish that it acted with scienter. *See Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 299 (S.D.N.Y. 2000), *aff'd*, 2 Fed. Appx 109 (2d Cir. 2001); *see also*; *Grossman v. Texas Commerce Bancshares, Inc.*, 1995 WL 552744, at *10 (S.D.N.Y. Sept.15, 1995); *Zutty v. Rye Select Broad Mkt. Prime Fund, L.P.*, 33 Misc. 3d 1226(A) (Sup. Ct., N.Y. Co. Apr. 15, 2011) (citing cases). Likewise, Plaintiffs' conclusory and group plead allegations implying that Axiom knew of or ignored the alleged fraud are not sufficient because there are no supporting factual allegations specifically demonstrating Axiom's conscious misbehavior or recklessness. *Lerner v. Fleet Bank, N.A.*, 459 F3d 273, 290-91 (2d Cir. 2006); *see also Prickett v. New York Life Ins. Co.*, 896 F. Supp. 2d 236, 246 (S.D.N.Y. 2012). Plaintiffs' failure to establish scienter is fatal to their fraud claims and requires their dismissal, with prejudice.

### VII.   Plaintiffs May Not Amend Their Deficient Aiding and Abetting Fraud Claim Through Their Opposition Brief.

The Complaint explicitly proclaims that the "Selling Defendants acted with willful blindness or recklessness in offering the LP Units to investors, and as a result, is[sic] charged with constructive knowledge" of the alleged fraud. *See* Doc. No. 62-4, ¶ 191. Constructive knowledge is insufficient to maintain a claim for aiding and abetting fraud. *See Lerner*, 459 F.3d 273, 292 (2d Cir.2006); *see also Krys v. Pigott*, 749 F3d 117, 127 (2d Cir. 2014). Accordingly, Plaintiffs' aiding and abetting fraud claims must be dismissed as a matter of law.

Plaintiffs' Opposition attempts to amend its pleadings through its opposition to Axiom's Motion by claiming, for the first time, that the "the Selling Defendants had *actual knowledge* of the fraud." *See* Doc. No. 77, p. 36 (emphasis in original). This is improper as Plaintiffs may not

amend their pleading in opposition to a motion to dismiss.  *See Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").  Plaintiffs had the opportunity to amend their Complaint and chose to rest on their pleadings.  As such, this Court must dismiss Plaintiffs' aiding and abetting fraud claim, with prejudice.

Contrary to the arguments posed in the Opposition, Plaintiffs cannot establish actual knowledge by claiming that Axiom knew or recklessly disregarded the alleged fraud.  *See In re WorldCom*, *Inc. Sec. Litig.,* 382 F. Supp. 2d 549, 560 (S.D.N.Y.2005).  As discussed above, the allegations in the Complaint cannot establish scienter, which may be established through a lower standard of conscious misbehavior or recklessness.  *See* Section VI, *supra.*  As Plaintiffs cannot establish scienter, Plaintiffs cannot establish that Axiom acted with actual knowledge of the fraud.

Nonetheless, the Opposition attempts to establish Axiom's actual knowledge by piercing the corporate veil through deficient group pleading.  *See* Doc. No. 77, pp. 36-37.  In particular, Plaintiffs' Opposition rests on six paragraphs from the Complaint.  *Id.*; *see also* Doc. No. 62-4, ¶¶ 57, 67, 76, 77, 86, 100.  This argument fails as none of these allegations make any direct reference to Axiom.  Moreover, many of the alleged misstatements were disclosed risks that cannot support a fraud claim and, therefore, cannot support an aiding and abetting fraud claim.  Finally, there is no basis to impart any knowledge allegedly held by Schneider on to Ascendant and then, from Ascendant to Axiom because Schneider's alleged misconduct occurred through purported secret businesses held outside of Ascendant.  *See* Doc. No. 62-4, ¶¶ 86, 100.  *See Ramos v. Ramirez*, 31 A.D.3d 294, 295 (1st Dep't 2006) (group pleading fails to establish that one defendant had knowledge of or may be charged with the conduct of another).

Plaintiffs' Opposition also fails to establish substantial assistance through claims that "Selling Defendants substantially assisted the Fund Defendants by giving credibility to the GPB Investments when they marketed it to other brokers and other investors."  *See* Doc. No. 77, p. 36. In order to establish substantial assistance, Axiom's conduct must be the proximate cause of "the harm on which the primary liability is predicated."  *See In re WorldCom*, *Inc. Sec. Litig.,* 382 F.Supp.2d 549, 560 (S.D.N.Y.2005) (quoting *Filler v. Hanvit Bank,* 339 F.Supp.2d 553, 557 (S.D.N.Y.2004)).  As discussed above, at length, Axiom did not sell or recommend Plaintiffs' purchase of limited partnership units in Automotive or Holdings II and there is no allegation in the Complaint demonstrating that Plaintiffs had any contact with Axiom whatsoever.  *See* Doc. No. 62-5, p. 5; Doc. No. 62-6, p. 5.  Based on the forgoing, Plaintiffs' aiding and abetting fraud claims must be dismissed with prejudice.

### VIII.  Plaintiffs' Unjust Enrichment Claims Must Be Dismissed as the Challenged Fees Were Disclosed in Valid and Enforceable Contracts.

Plaintiffs allege that Axiom was unjustly enriched by collecting unearned fees.  *See* Doc. 62-4, ¶ 197.  These fees, however, are governed by and disclosed through the relevant private placement memorandums.  *See* Doc. No. 62-7, pp. 10-11, 42-43; Doc. No. 62-8, pp. 9-11, 44-46. As any fees paid to Axiom are governed by a valid and enforceable contract, Plaintiffs' unjust enrichment claims must be dismissed.  *See Clark-Fitzpatrick, Inc. v. Long Is. R. Co.*, 70 N.Y.2d 382, 388 (N.Y. 1987); *Loreley Fin. (Jersey) No. 3 Ltd. v. Citigroup Global Mkts. Inc.*, 119 AD3d 136, 148 (1st Dep't 2014); *see also Connaughton v. Chipotle Mexican Grill, Inc.*, 135 AD3d 535, 544 (1st Dep't 2016); *Scarola Ellis LLP v. Padeh*, 116 AD3d 609, 611 (1st Dep't 2014).

While Plaintiffs argue that an unjust enrichment claim may survive where the contract was induced through fraud, Plaintiffs have not proffered any legal authority supporting the proposition that Axiom should have to return commissions paid to the non-party broker-dealer(s) that actually

recommended and sold the limited partnership units at issue in this action.  Moreover, Plaintiffs'
Opposition creates more questions than it resolves concerning the precise fees Plaintiffs wish
returned.  To the extent that Plaintiffs seek the return of fees for anything other than sales
commissions, the relief sought is derivative and may not be claimed directly by Plaintiffs.  *See
e.g., Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1039 (Del.2004) (applying
Delaware Law*); Yudell v. Gilbert*, 99 AD3d 108, 115 (1st Dep't 2012) (adopting the *Tooley*
standard for New York corporations).

### IX.   Axiom Adopts and Incorporates Through Reference GPB Capital and Ascendant Capital's Arguments Concerning the Choice of Venue Provision in the Subscription Agreements and Staying this Action.

Plaintiffs' Opposition hypocritically argues that Axiom is not closely related to the
challenged transaction, but Axiom may be held liable for fraud based on alleged misstatements
that cannot be attributed to it.  *See* Doc. No. 67-4, pp. 51-52.  Likewise, Plaintiffs' Opposition
argues that the forum selection clause found in the subscription agreements, which Plaintiffs rely
on in their Complaint, cannot be enforced due to alleged misconduct by the non-party broker-
dealer(s) that actually recommended and sold the limited partnership units at issue in this action.
*See* Doc. No. 67-4, ¶ 35; Doc. No. 77, pp. 52-53.  Plaintiffs do not raise legitimate challenges to
the authenticity of the documentary evidence properly before the Court on this Motion as Plaintiffs
do not deny that they signed the documents in question, nor do they challenge whether the
documents qualify as a business record.  For the remaining arguments concerning venue and
staying this action in light of the earlier filed state-court action, Axiom respectfully incorporates
by reference the arguments made by GPB Capital and Ascendant Capital pursuant to Fed. R. Civ.
P. 10(c).  *See* Doc. Nos. 84, 85.

## <u>CONCLUSION</u>

For the forgoing reasons, Axiom respectfully requests that this Court grant its Motion and dismiss the Complaint, with prejudice.  Alternatively, Axiom requests this Court dismiss the Complaint, without prejudice, and enforce the forum selection clause in the subscription agreements.  Should the Court find venue is proper, Axiom respectfully requests that the Court stay this action in light of the earlier-filed actions, together with such other and further relief as the Court deems equitable, just and proper.

Dated: New York, New York
      March 9, 2020

By:   */s/ Michael Schwartzberg*   
      Michael Schwartzberg, Esq.
      Jessica E. Levine, Esq.
      Alexander A. Truitt, Esq.
      Winget, Spadafora &
      Schwartzberg, LLP
      45 Broadway – 32nd Floor
      New York, NY 10006
      P: (212) 221-6900
      F: (212) 221-6989
      Schwartzberg.M@wssllp.com
      Levine.J@wssllp.com
      Truitt.A@wssllp.com

      *Attorneys for Defendant Axiom*
      *Capital Management, Inc.*