UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA DELUCA and DREW R. NAYLOR, on behalf of themselves and other similarly situated limited partners,<br><br>      Plaintiffs,<br><br>      -against-<br><br>GPB AUTOMOTIVE PORTFOLIO, LP, GPB HOLDINGS II, LP, GPB CAPITAL HOLDINGS, LLC, ASCENDANCY ALTERNATIVE STRATEGIES, LLC, ASCENDANT CAPITAL, LLC, AXIOM CAPITAL MANAGEMENT, INC., DAVID GENTILE, MARK MARTINO, JEFFREY LASH, and JEFFREY SCHNEIDER,<br><br>      Defendants. | Civ. Action No.: 1:19-cv-10498 (LAK) |

## DAVID GENTILE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

William McGovern
Leif T. Simonson
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
william.mcgovern@kobrekim.com
leif.simonson@kobrekim.com

*Attorneys for David Gentile*

March 9, 2020

Defendant David Gentile ("Gentile") respectfully submits this reply memorandum of law in further support of his motion to dismiss the class action complaint (the "Complaint") filed by Plaintiffs Barbara Deluca and Drew R. Naylor on behalf of themselves and other similarly situated limited partners (the "Plaintiffs").

## PRELIMINARY STATEMENT

Plaintiffs' Omnibus Brief in Opposition to Defendants' Motions to Dismiss [ECF 77] ("Opposition" or "Opp.") fails to address the insufficiencies of Plaintiffs' allegations as to Defendant David Gentile. As set forth in Gentile's opening brief in support of his motion to dismiss [ECF 71], as well as the opening brief [ECF 60-9] and the reply brief [ECF 84] in support of the motion to dismiss filed by defendants GPB Automotive Portfolio, LP, GPB Holdings II, LP, and GPB Capital Holdings LLC (the "GPB Motion to Dismiss" and the "GPB Reply," respectively), which Gentile joins and incorporates by reference, Plaintiffs' claims against Gentile fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) and fail to satisfy the requisite particularity requirements of Federal Rule of Civil Procedure 9(b). It is unnecessary for the Court to decide these issues, however, as the Complaint is subject to dismissal under the doctrine of *forum non conveniens*.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*

For reasons set forth in the GPB Motion to Dismiss and the GPB Reply, the Complaint should be dismissed under the doctrine of *forum non conveniens*, as the Subscription Agreements Plaintiffs executed contain a forum selection provision mandating that the claims be brought in New York state court. The forum selection provision encompasses all claims against Gentile, and Gentile is entitled to enforce the provision. (*See* GPB Motion to Dismiss at 12 & n.4).

Although Gentile expressly joined the GPB Motion to Dismiss and incorporated those arguments in his motion papers, Plaintiffs appear not to have understood Gentile specifically to be moving on the *forum non conveniens* grounds (*see* Opp. at 51).  To be clear, Gentile joins all aspects of the GPB Motion to Dismiss to the extent it addresses any claims against Gentile, including the *forum non conveniens* ground (as well as seeking a stay in the alternative).

Plaintiffs' argument that non-signatories (which would include Gentile) are not entitled to enforce the forum selection provision because they were supposedly "unforeseeable" (*see* Opp. at 51-51) fails.  Plaintiffs allege that Gentile was the co-founder, owner and CEO of GPB Capital.  *See* Complaint ¶ 23.  Plaintiffs do not deny that GPB Capital can enforce the forum selection provision.  Indeed, GPB Capital was a signatory to at least one of the Subscription Agreements.  *See* ECF 60-4, 60-5.  Meanwhile, Plaintiffs are seeking to hold Gentile accountable for various alleged misstatements made by the GPB Defendants.  Plaintiffs cannot simultaneously claim that Gentile is accountable for such statements while asserting that Gentile is not sufficiently related to GPB Capital or the other GPB Defendants such that it was not foreseeable that Gentile would enforce the forum selection clause.  *See, e.g.*, *BNY AIS Nominees Ltd. v. Quan*, 609 F. Supp. 2d 269, 277 (D. Conn. 2009) ("Not only are Quan and SIA closely related to the Fund, but the Fund is so closely related to the dispute being litigated in this case that it is foreseeable that it will be bound by the outcome. Thus, it is foreseeable that the nonparties, Quan and SIA, would enforce the forum selection clause by virtue of the relationship between the Fund and the plaintiffs."). Accordingly, the Court should dismiss the Complaint on *forum non conveniens* grounds.

## II. PLAINTIFFS' FRAUD CLAIMS (COUNTS I & II) ARE INSUFFICIENT AND MUST BE DISMISSED

As detailed in the GPB Motion to Dismiss and the GPB Reply, the Complaint is devoid of the requisite particularity needed to survive dismissal.  These arguments apply equally to Gentile.

2

Indeed, Plaintiffs do not specifically attribute any particular alleged false statement to Gentile. Moreover, as shown (*see, e.g.*, ECF 71 at 2-3), Plaintiffs have failed to plead that a fiduciary duty existed between Plaintiffs and Gentile. Plaintiffs' Opposition does not even address this point. Therefore, Plaintiffs' fraud claims must be dismissed.

### III.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM LIKEWISE LACKS THE REQUISITE PARTICULARITY AND MUST BE DISMISSED

Plaintiffs acknowledge that their unjust enrichment claim is based on fraud claims and, as such, must also meet the heightened pleading standards of Rule 9(b). *See* Opp. at 40, 42; *see also Tyman v. Pfizer, Inc.*, No. 16-CV-06941 (LTS) (BCM), 2017 WL 6988936, at *10 (S.D.N.Y. Dec. 27, 2017) (stating the heightened pleading standard of Rule 9(b) applies where an unjust enrichment claim is based on defendant's fraudulent conduct); *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 511 (S.D.N.Y. 2016); *Innovative Custom Brands, Inc. v. Minor,* No. 15-CV-2955 (AJN), 2016 WL 308805, at *4 (S.D.N.Y. Jan. 25, 2016); *Stoltz v. Fage Dairy Processing Industry, S.A.*, No. 14-CV-3826 (MKB), 2015 WL 5579872, at *26 (E.D.N.Y. Sept. 22, 2015). Plaintiffs attempt to salvage their unjust enrichment claim by arguing they have pled the elements of unjust enrichment and that such recitation suffices to survive a motion to dismiss. Opp. at 41. But Plaintiffs are incorrect, and the cases they cite do not support such a conclusion.[1] *See, Sgaliordich v. Lloyd's Asset Management*, No. 1:10-cv-03669(ERK), 2012 WL 4327283, at *13 (E.D.N.Y.

---

[1] In fact, the majority of Plaintiffs' cited cases address the pleading requirements for standard unjust enrichment claims and do not discuss the heightened standard required when the unjust enrichment claim is, as here, based on fraud. *Jernow v. Wendy's Int'l, Inc.*, No. 07CIV.397(LTS)(THK), 2007 WL 4116241 (S.D.N.Y. Nov. 15, 2007); *Cox v. Microsoft Corp.*, 8 A.D.3d 39, 41 (N.Y. App. Div. 1st Dep't 2004). Although the Court in *Tropical Sails Corp. v. Yext, Inc.,* No. 14 CIV.7582 JFK, 2015 WL 22359098 (S.D.N.Y. May 18, 2015) did find unjust enrichment had been adequately plead where the underlying fraud had been sufficiently plead, that case is distinguishable, as the pleadings there were much more detailed than what Plaintiffs alleged as detailed in the GPB and Gentile Motions to Dismiss [ECF 60-9, 71].

Sept. 20, 2012) (dismissing an unjust enrichment claim governed by Rule 9(b)'s heightened pleading requirements for failure to allege specifics such as the dates of trades and which fees were inappropriate).

Plaintiffs cite to only two paragraphs of the Complaint in which they claim to have provided sufficient details to meet the heightened pleading standards as to Gentile. Neither is sufficient to survive dismissal. Paragraph 84 provides no specific information as to when the alleged transfers to LSG were made, how many such transfers there allegedly were or from where the alleged transferred funds came. Complaint ¶ 84. Paragraph 100 suffers from similar deficiencies, having no time period attributed to most of the amounts that were allegedly misdirected to other accounts. Complaint ¶ 100. As described above, these allegations are not sufficient to meet the standards required by Rule 9(b) and warrant the dismissal of the unjust enrichment claim.

Accordingly, the unjust enrichment claim fails to adequately state a cause of action under Federal Rule of Civil Procedure 12(b) and must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims should be dismissed.

Dated: New York, New York
       March 9, 2020

**KOBRE & KIM LLP**

s/ *Leif T. Simonson*
William McGovern
Leif T. Simonson
800 Third Avenue
New York, NY 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
william.mcgovern@kobrekim.com
leif.simonson@kobrekim.com
*Attorneys for David Gentile*

4