## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BARBARA DELUCA and DREW R. NAYLOR, on behalf of themselves and other similarly situated limited partners, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 1:19-CV-10498 (LAK) |
| | : | |
| GPB AUTOMOTIVE PORTFOLIO, LP, | : | |
| GPB HOLDINGS II, LP, | : | |
| GPB CAPITAL HOLDINGS, LLC, | : | |
| ASCENDANCY ALTERNATIVE | : | |
| STRATEGIES, LLC, ASCENDANT | : | |
| CAPITAL, LLC, AXIOM CAPITAL | : | |
| MANAGEMENT, INC., DAVID | : | |
| GENTILE, MARK MARTINO, | : | |
| JEFFREY LASH, and JEFFREY | : | |
| SCHNEIDER, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## SURREPLY IN SUPPORT OF PLAINTIFFS' OMNIBUS BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

## **TABLE OF CONTENTS**

A.   THE VENUE PROVISION IN THE SUBSCRIPTION IS PERMISSIVE.........................1

B.   DEFENDANTS FAILED TO SATISFY THEIR BURDEN UNDER
     *COLORADO RIVER* AND ITS PROGENY......................................................................3

C.   AXIOM'S VEIL PIERCING ARGUMENT IS WAIVED AND MISPLACED ...............7

## TABLE OF AUTHORITIES

**Cases**

*151 W. Assoc. v. Printsiples Fabric Corp.*,
  460 N.E.2d 1344, 61 N.Y.2d 732 (N.Y. 1984) ........................................................ 3

*Abe v. N.Y. Univ.*,
  No. 14-cv-9323, 2016 WL 1275661 (S.D.N.Y. Mar. 30, 2016) ................................ 4

*Art Capital Bermuda Ltd. v. Bank of N.T. Butterfield & Son Ltd.*,
  169 A.D.3d 426, 94 N.Y.S.3d 29 (N.Y. App. Div. 2019) ........................................ 9

*Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*,
  800 F.2d 325 (2d Cir. 1986) ................................................................................ 5, 7

*Bethphage Lutheran Service, Inc. v. Weicker*,
  965 F.2d 1239 (2d. Cir. 1992) ................................................................................ 4

*Colorado River Water Conservation Dist. v. U.S.*,
  424 U.S. 800 (1976) ................................................................................... 4, 5, 6, 7

*DeAngelis v. DeAngelis*,
  104 A.D.3d 901, 962 N.Y.S.2d 328 (N.Y. App. Div. 2013) .................................... 3

*DeCisneros v. Younger*,
  871 F.2d 305 (2d Cir. 1989) ................................................................................ 5, 6

*Dittmer v. County of Suffolk*,
  146 F.3d 113 (2d. Cir. 1998) ................................................................................... 4

*Evangelista v. Ashcroft*,
  359 F.3d 145 (2d Cir. 2004) .................................................................................... 8

*Fernandez v. City of New York*,
  No. 17-cv-2431, 2017 WL 2894144 (S.D.N.Y. July 7, 2017) ................................. 4

*First Sterling Corp. v. Union Sq., Retail Tr.*,
  102 A.D.3d 490, 58 N.Y.S.2d 346 (N.Y. App. Div. 2013) ..................................... 10

Fischmann v/ VisionTel, Inc.,
  934 F. Supp. 115 (S.D.N.Y. 1996) .......................................................................... 5

*In re Asbestos Litig.*,
  963 F. Supp. 247 (S.D.N.Y. 1997) .......................................................................... 6

*In re DDAVP Direct Purchaser Antitrust Litigation*,
  585 F.3d 677 (2d Cir. 2009) .................................................................................... 9

*In re TransCare Corp.*,
  592 B.R. 288 (Bankr. S.D.N.Y. 2018) .................................................................. 8, 9

*In re Vebeliunas*,
  332 F.3d 85 (2d Cir. 2003) ...................................................................................... 9

*Jackson v. First Fed. Sav. of Ark., F.A.*,
    709 F. Supp. 863 (E.D. Ark. 1988) ............................................................................ 9

*Joseph Kali Corp. v. A. Goldner, Inc.*,
    49 A.D.3d 397, 859 N.Y.S.2d 1 (2008) (N.Y. App. Div. 2008) ................................. 9

*King v. Hahn*,
    885 F. Supp. 95, 98 (S.D.N.Y.1995) ......................................................................... 6

*Kuhlman v. Tdp Capital Access*,
    Civ. No. 291348, 2010 Mich. App. LEXIS 1361, 2010 WL 2793565 (July 15, 2010) ......... 1, 2

*Leasing Service Corp. v. Graham*,
    646 F. Supp. 1410 (S.D.N.Y. 1986) ........................................................................... 1

*Leasing Service Corp. v. Graham*,
    No. 80-cv-2653, 1980 WL 2046 (S.D.N.Y. Dec. 3, 1980) ................................. 1, 2, 3

*Luce v. Edelstein*,
    802 F.2d 49 (2d Cir. 1986) ......................................................................................... 9

*Morris v. New York State Dept. of Tax. and Fin.*,
    82 N.Y.2d 135 (N.Y. 1993) ........................................................................................ 9

*Natt v. White Sands Condo.*,
    95 A.D.3d 848, 943 N.Y.S.2d 231 (N.Y. App. Div. 2012) ......................................... 3

*Ouaknine v. MacFarlane*,
    897 F.2d 75 (2d Cir. 1990) ......................................................................................... 9

*Rowley v. City of New York*,
    No. 00-cv-1793, 2005 WL 2429514 (S.D.N.Y. Sept. 30, 2005) ................................. 8

*Shields v. Murdoch*,
    891 F. Supp. 2d 567 (S.D.N.Y. 2012) ..................................................................... 4, 5

*Stahl York Ave. Co., LLC v. New York*,
    No. 14-civ.-7665, 2015 WL 2445071 (S.D.N.Y. May 21, 2015), *aff'd*, 641 F. App'x
    68 (2d Cir. 2016) ........................................................................................................ 4

*Stone v. Patchett*,
    2009 WL 1108596 (S.D.N.Y. 2009) ........................................................................... 4

*Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*,
    829 F. Supp. 2d 82 (E.D.N.Y. 2010) .......................................................................... 6

*Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*,
    444 U.S. 11 (1979) ...................................................................................................... 7

*U.S. ex rel. Robert H. Finke & Sons, Inc. v. A.P. Reale and Sons, Inc.*,
    No. 12-cv-8643, 2014 WL 901515 (S.D.N.Y. 2014) .................................................. 5

*United States v. Yousef*,
    327 F.3d 56 (2d Cir. 2003) ......................................................................................... 8

*Walkovszky v. Carlton*,
    18 N.Y.2d 414 (N.Y. 1966) ...................................................................................... 10

*Wilson v. 5 Choices, LLC,*
 No. 16-cv-10659, 2017 WL 2882337 (E.D. Mich. July 6, 2017) ............................................ 2

*Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*,
 933 F.2d 131 (2d Cir. 1991) ...................................................................................... 10

*Woodford v. Cmty. Action Agency of Greene Ct*y., Inc.,
 239 F.3d 517 (2d Cir. 2001) ..................................................................................... 4, 5

Plaintiffs respectfully submit this surreply in opposition to the motions to dismiss filed by defendants: (1)  General Partner, Automotive, Holdings II (ECF No. 82); (2) Schneider and Ascendant (ECF No. 83); (3) Axiom (ECF No. 86); and (4) Gentile (ECF No. 87).[1]

### A.        The Venue Provision In The Subscription is Permissive

Defendants' argument that the venue provision in the Subscription Agreement is exclusive ignores its actual language. The phrase "will lie" is plainly different than "shall be" or even "will be." The reference to "any litigation" does not render the venue provision any more or less exclusive. Here, the plain meaning of the language in the GPB provision and the lack of a single word suggesting exclusivity, conveys the clause is permissive (assuming it even applies).

Defendants cite to *Leasing Service Corp. v. Graham*, 646 F. Supp. 1410, 1415 (S.D.N.Y. 1986) and *Kuhlman v. Tdp Capital Access*, 2010 Mich. App. LEXIS 1361, *9, 2010 WL 2793565 (July 15, 2010) (unreported) as their sole support for their proposition that the phrase "will lie" makes a forum selection clause mandatory. However, the forum selection clause at issue in *Graham* actually contained no such language. *See Leasing Service Corp. v. Graham*, No. 80-cv-2653, 1980 WL 2046 (S.D.N.Y. Dec. 3, 1980) ("The relevant provision of the lease reads: . . . such parties and any guarantors do hereby agree to the venue and jurisdiction of any court in the State and County of New York regarding any matter arising hereunder."). Because the court in *Kuhlman* mistakenly believed that the forum selection clause in *Graham* contained the phrase "will lie," its reliance on that case in finding that the phrase "will lie" is mandatory was misplaced and based on a mistake of both law and fact. Accordingly, neither *Kuhlman* nor *Graham* can be relied upon to support the proposition posited by Defendants.

---

[1] This Surreply Brief incorporates the Glossary of acronyms and abbreviations of Plaintiffs' Omnibus Brief in Opposition to Defendants' Motions to Dismiss, ECF No. 62 at iii-iv.

Moreover, *Kuhlman* is poorly reasoned with no persuasive force.[2] The *Kuhlman* court itself noted that the word "lie" could be construed as **permissive**. *Id.* at *4 ("We also recognize that the definition of 'lie' includes '*law* to be sustainable or admissible, as an action or appeal,". . . which suggests a permissive meaning.") (citation omitted). After recognizing that the ambiguity and in complete disregard of the established principle of *contra proferentem*, the Court ruled in favor of the sophisticated entity that had drafted the unclear language, and gave no weight to the intent of, or meaning ascribed by, the individual counter-signatory.

Finally, unlike the venue provision in the GPB Subscription Agreement, the intent of the parties' in *Kuhlman* and *Graham* could be more readily discerned from additional language in or surrounding the venue clauses at issue. Contrast GPB's standalone clause stating "[v]enue for any litigation arising out of, under, or in connection with this [Subscription] Agreement will lie in the state courts having jurisdiction over such matters located in New York County, New York. . . ." with *Kuhlman's* venue clause which goes on to state "[t]he parties. . . further agree and consent that personal service of process in any such action or proceeding outside of the State of Colorado shall be tantamount to service in person within the State of Colorado and shall confer personal jurisdiction upon said court." 2010 WL 2793565, at *3. Likewise, the *Graham* venue clause states: "each party hereto,. . . jointly and severally designate and appoint Stuart B. Glover, Esquire, New York, New York,. . . as each of such party's true and lawful attorney-in-fact and agent. . . to accept service of any process within the State of New York, and do hereby agree to

---

[2] Westlaw does not identity even one Michigan state court decision that cites to much less relies on *Kuhlman*, and the one Michigan federal court that cites to this decision was confronted with a provision that expressly stated that the venue referenced would be the "exclusive" venue for all litigation. *See Wilson v. 5 Choices, LLC,* No. 16-10659, 2017 WL 2882337, at **3-4 (E.D. Mich. July 6, 2017) (clause stated: "Any litigation between the parties shall take place in the applicable courts located in Utah County, Utah, which state and federal courts shall have **exclusive jurisdiction** over this Agreement, and the parties expressly consent to such jurisdiction and venue") (emphasis added).

the venue and jurisdiction of any court in the State and County of New York regarding any matter arising hereunder." 1980 WL 2046, at *5, n.1. Here, there is no such surrounding language in the GPB Subscription Agreement by which to decipher the parties' intent.

Thus, under *contra proferentem,* if the Court finds that the venue language could have two conflicting interpretations, the Court must rule against exclusivity, as GPB Capital drafted the contract. *151 W. Assoc. v. Printsiples Fabric Corp*., 460 N.E.2d 1344, 61 N.Y.2d 732, 734 (N.Y. 1984)("[I]t has long been the rule that ambiguities in a contractual instrument will be resolved *contra proferentem*, against the party who prepared or presented it."). The unassuming investors fraudulently induced into purchasing GPB investments did not have the same bargaining power or sophistication. "Hence, a contract which is internally inconsistent in material respects or that reasonably lends itself to two conflicting interpretations is subject to the rule invoking strict construction of the contract in the light most favorable to the nondrafting party." *Natt v. White Sands Condo*., 95 A.D.3d 848, 849, 943 N.Y.S.2d 231, 233 (N.Y. App. Div. 2012). *See also DeAngelis v. DeAngelis*, 104 A.D.3d 901, 903, 962 N.Y.S.2d 328, 330 (N.Y. App. Div. 2013) (holding trial court should have construed ambiguity against the drafter). Assuming the Subscription Agreement applies, the Court should find its venue clause, and more specifically the phrase "will lie", is permissive.

**B.**   **Defendants Failed To Satisfy Their Burden under *Colorado River* and its Progeny**

Federal courts generally have a "virtually unflagging obligation to exercise the jurisdiction given to them." *Colorado River,* 424 U.S. at 817.  While, under the *Colorado River* doctrine, in certain "exceptional circumstances," a federal court may defer to a concurrent state court proceeding in the interests of "wise judicial administration, giving due regard to conservation of judicial resources and comprehensive disposition of litigation[,]" the general rule

"as between state and federal courts. . . is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id.* *Stone v. Patchett,* 2009 WL 1108596 (S.D.N.Y. 2009). "Although the decision whether to abstain on *Colorado River* grounds is committed to the district court's discretion. . . the court's discretion 'must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved. Thus, there is little or no discretion to abstain in a case which does not meet traditional abstention requirements.'" *Woodford v. Cmty. Action Agency of Greene Ct*y., Inc., 239 F.3d 517, 523 (2d Cir. 2001) (quoting *Vill. of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999)); *see, e.g.*, *Dittmer v. County of Suffolk*, 146 F.3d 113 (2d. Cir. 1998); *In re Asbestos Litig.*, 78 F.3d 764 (2d. Cir. 1996); *Bethphage Lutheran Service, Inc. v. Weicker*, 965 F.2d 1239 (2d. Cir. 1992); *Fernandez v. New York*, No. 17-cv-2431(GHW)(SN), 2017 WL 2894144 (S.D.N.Y. July 7, 2017); *Stahl York Ave. Co., LLC v. New York*, No. 14-cv-7665(ER), 2015 WL 2445071 (S.D.N.Y. May 21, 2015), *aff'd*, 641 F. App'x 68 (2d Cir. 2016); *Shields v. Murdoch*, 891 F. Supp. 2d 567 (S.D.N.Y. 2012); *see also Abe v. N.Y. Univ.*, No. 14-cv-9323(RJS), 2016 WL 1275661, at *7 (S.D.N.Y. Mar. 30, 2016) ("The mere existence of parallel federal and state suits does not, without more, warrant abstention, particularly where the nature of the parallel actions is such that the principles of res judicata and collateral estoppel should be effective to prevent inconsistent outcomes.").

While Defendants have finally clarified the basis of their requested abstention, they fail to analyze the *Colorado River* factors because doing so only highlights their inability to satisfy their exceedingly high burden. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976); *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986) (finding abstention was improper having failed to satisfy its burden of overcoming the "heavy

presumption favoring the exercise of jurisdiction."); *U.S. ex rel. Robert H. Finke & Sons, Inc. v. A.P. Reale & Sons, Inc.,* 2014 WL 901515, at *3 (S.D.N.Y. 2014) (holding abstention improper).

The decision in *DeCisneros v. Younger*, 871 F.2d 305, 309 (2d Cir. 1989), does not mandate abstention of this action. Rather, that decision stands for the proposition that the *Colorado River* analysis is not mechanical, but fact-based and nuanced and requires an *ad hoc* balancing of various factors. These factors are (1) assumption by either court of jurisdiction over a res or property; (2) convenience to the parties of one forum over the other; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal or state law provides the rule of decision on the merits; and (6) whether the state court will adequately protect the rights of the party seeking to invoke federal jurisdiction. In analyzing these factors, the Supreme Court has admonished that no single factor is necessarily decisive, and that the test "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.*

Abstention is not appropriate in this case. The **first factor** weighs against abstention because this is not an *in rem* action and the case does not involve jurisdiction over property. *DeCisneros*, 871 F.2d at 307. This **second factor** also weighs against abstention because the federal forum is not inconvenient. The **third factor** – the potential "threat of inconsistent results" posed by piecemeal litigation does not by itself "'outweigh the heavy presumption against abstention.'" *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc*., 829 F. Supp. 2d 82, 87 (E.D.N.Y. 2010) (quoting *In re Asbestos Litig*., 963 F. Supp. at 253). Because "any case involving parallel proceedings presents a risk of duplicative litigation. . . the existence of those risks can weigh only modestly in favor of dismissal; otherwise dismissals pursuant to *Colorado*

*River* would be the rule, not the exception, in cases involving parallel proceedings in state and federal court." *King v. Hahn*, 885 F. Supp. 95, 98 (S.D.N.Y.1995). Any risk of duplicative litigation is greatly outweighed by the other factors.

The **fourth factor**– the order in which jurisdiction attached—also does not favor abstention because what matters is "'how much progress has been made in the two actions.'" *Suffolk,* 829 F. Supp. 2d at 87 (quoting *Moses H. Cone*, 460 U.S. at 21). Plaintiffs had long been in engaged in discovery through their books and records investigation predating the state court action by well over six months. Since this action is both procedurally and substantively further along than the parallel state action, the fourth factor also weighs against abstention.

As to the **fifth factor**, New York law governs some of Plaintiffs' claims, while Delaware law governs others, but "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *DeCisneros*, 871 F.2d at 308–309; *Bethlehem,* 800 F.2d at 327. Defendants also do not assert that this case will present novel or complex issues of New York state law. Federal issues are present in this case because Plaintiffs will be relying upon Federal Rule Civil Procedure 23 to certify a national class action and federal issues could prove significant and impact the outcome for thousands of unnamed investors whom Plaintiffs seek to represent. As a result, the fifth factor also does not favor abstention.

The **sixth factor**—adequate representation–weighs against abstention because the state plaintiffs did not access the books and records of the Company nor did their hastily-filed pleading cite to the robust record of publicly-available information. Thus, whether Plaintiffs' rights will be adequately protected is not clear. Moreover, it is unclear that the State case could be an adequate vehicle for the complete and prompt resolution of all issues because as discovery progresses, it may be discovered that the GPB Defendants and Gentile violated certain federal

laws and those claims fall within the exclusive purview of federal court. *See, e.g., Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 19 (1979) (recognizing an implied private right of action under Section 215(b) of the Investment Advisers Act, 15 U.S. Code § 80b–15); Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b) (express right of action for excessive fee to fund advisor).

Finally, GPB Defendants' counsel has represented several times to Plaintiffs' counsel that this Court is the "preferred" forum. Therefore, it is entirely disingenuous for counsel to now claim abstention is necessary when even under a best-case scenario, only two of six factors slightly favor abstention. On balance, Defendants have failed to offer the type of exceptional circumstances that merit the Court abdicating its "virtually unflagging obligation" to exercise jurisdiction over this case. *Colorado River*, 424 U.S. at 817.

### C.   Axiom's Veil Piercing Argument Is Waived and Misplaced

The Second Circuit has held that arguments raised for the first time in a reply brief will not be considered, and are deemed waived. *Evangelista v. Ashcroft*, 359 F.3d 145, 155 n.4 (2d Cir. 2004) ("[w]e will not consider an argument raised for the first time in a reply brief") (quoting *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003)); *Rowley v. City of New York*, No. 00 Civ. 1793(DAB), 2005 WL 2429514, at *5 (S.D.N.Y. Sept. 30, 2005) (refusing to consider an argument raised for the first time in defendants' reply).

In its Reply, Axiom raises for the first time that Plaintiffs are attempting to: (1) pierce the corporate veil from GPB to Schneider; and then (2) reverse-pierce the corporate veil from Schneider to Ascendant and then, from Ascendant to Axiom by describing Axiom as one of the Selling Defendants.  Axiom Reply at 5-6.  Axiom's argument was not raised in its opening brief (ECF No. 62) and therefore its eleventh hour attempt to introduce these new arguments must be rejected.

Even if not waived, Axiom's new argument that Plaintiffs are attempting to pierce the corporate veil and then reverse-pierce the corporate veil by describing Axiom as one of the Selling Defendants lacks merit.  Axiom Reply at 5-6.  Plaintiffs' allegations against the Selling Defendants are more than sufficient under Rule 9(b) and the *TransCare* decision cited by Axiom supports this conclusion. In *TransCare* there was only one individual defendant and the complaint failed to plead a common law fraud claim or base any claim on a group statement by any entity, instead alleging all entities "operated in concert with each other as an integrated whole, and operated through the same narrow cast of human beings." *In re TransCare Corp.,* 592 B.R. 288 (Bankr. S.D.N.Y. 2018). Here, Plaintiffs alleged each officers day-to-day responsibilities for the GPB's operations and how they committed fraud through their utterance of knowingly false and misleading group statements in PPMs and other offering documents. Plaintiffs described each defendant's role in preparing the PPMs and/or offering of LP Units and described the inter-relationships between each individual and each entity defendant. Pls.' Op. Br. at 20-25 (citing Compl. ¶¶2, 23-25, 28-29, 31, 41, 47-57, 103).  *See Ouaknine v. MacFarlane*, 897 F.2d 75, 80 (2d Cir. 1990) (holding "reference to an offering memorandum satisfies 9(b)'s requirement of identifying time, place, speaker, and content of representation where … defendants are insiders or affiliates participating in the offering of securities") (citing *Luce v. Edelstein*, 802 F.2d 49, 55 (2d Cir. 1986)).[3] The *TransCare* court recognized that group pleading is permissible in analogous situations, and is "consistent with the rule that permits the use of [group pleading] where the plaintiff sues corporate officers and directors based on group-issued

---

[3] *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677 (2d Cir. 2009), is inapposite here where, in that case, the plaintiffs did not allege that the officers and directors charged with day-to-day responsibility for a corporation's operations committed fraud through group statements, such as SEC filings, press releases and/or PPMs. Moreover, in *DDAVP*, the Second Circuit held the plaintiffs' allegations were plausible and sufficient to survive a motion to dismiss, and vacated the district court's dismissal.

statements by the corporation." *TransCare*, 592 B.R. at 289 (citing *Jackson v. First Fed. Sav. of Ark., F.A.*, 709 F. Supp. 863 (E.D. Ark. 1988) (permitting group pleading where the plaintiff brought federal securities and state law claims against officers and directors of a corporation based on the issuance of false and misleading proxy statements and circulars)). Therefore, Axiom's corporate piercing cases are inapposite.[4]  Blinded by tunnel vision, Axiom incorrectly argues that Plaintiffs have failed to allege it is controlled and dominated by any other defendant (Axiom Reply at 6), ignoring the well-plead allegations to the contrary. Pls.' Br. at 21-24.

Date:   March 16, 2020                          Respectfully submitted,

                                                **GRANT & EISENHOFER P.A.**

Catherine Pratsinakis *(Admitted PHV)*          By:  */s/ Michael J. Barry*
Jessica L. Titler-Lingle *(Admitted PHV)*       Michael J. Barry *(Admitted PHV)*
DILWORTH PAXSON LLP                             GRANT & EISENHOFER P.A.
1500 Market Street, Suite 3500E                 123 Justison Street
Philadelphia, PA 19102                          Wilmington, DE 19801
Tel: (215) 575-7013                             Tel: (302) 622-7000
cpratsinakis@dilwothlaw.com                     mbarry@gelaw.com
jtitler-lingle@dilworthlaw.com                  *Attorneys for Plaintiffs Barbara Deluca and*
                                                *Drew R. Naylor, and the Putative Class*

Kimberly A. Evans *(Admitted PHV)*
Laina M. Herbert *(Admitted PHV)*

---

[4] Axiom Reply at 5-6 (citing *Morris v. New York State Dept. of Tax. and Fin.*, 82 N.Y.2d 135, 141 (N.Y. 1993) (no indication of "fraud or wrongdoing" on the part of the petitioner or the corporation"); *In re Vebeliunas*, 332 F.3d 85, 89 (2d Cir. 2003) (no allegations that the trust was used to conceal assets or engaged in fraudulent conveyances to shield funds from adverse judgments); *Art Capital Bermuda Ltd. v. Bank of N.T. Butterfield & Son Ltd.*, 169 A.D.3d 426, 427 (1st Dep't 2019) (reversing order allowing veil piercing where counterclaim plaintiff failed to allege the counterclaim defendant did business in his individual capacity); *Joseph Kali Corp. v. A. Goldner, Inc.*, 49 A.D.3d 397, 398-99 (1st Dep't 2008) (no evidence of fraudulent or improper conduct to warrant piercing veile); *Walkovszky v. Carlton*, 18 N.Y.2d 414, 419-21 (N.Y. 1966) (corporate form may not be disregarded merely because assets of the corporation are insufficient to cover the recovery the plaintiff sought); *First Sterling Corp. v. Union Sq., Retail Tr.*, 102 A.D.3d 490 (1st Dep't 2013) (stating without explanation that "[p]laintiffs' allegations of domination and control by defendants … over the single purpose entities … are conclusory and, thus, insufficient to state a veil-piercing claim"); *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 139 (2d Cir. 1991) (no fraud to warrant piercing veil)).

GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
mbarry@gelaw.com
kevans@gelaw.com
lherbert@gelaw.com

Daniel Lawrence Berger
GRANT & EISENHOFER P.A.
485 Lexington Ave. 29th Fl.
New York, New York 10017
Tel: (646) 722-8501
dberger@gelaw.com
*Attorneys for Plaintiffs Barbara Deluca and*
*Drew R. Naylor, and the Putative Class*