IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
BARBARA DELUCA and DREW R. NAYLOR, on
behalf of themselves and other similarly situated limited
partners,

        Plaintiffs,

        v.

GPB AUTOMOTIVE PORTFOLIO, LP, GPB
HOLDINGS II, LP,
GPB CAPITAL HOLDINGS, LLC,
ASCENDANCY ALTERNATIVE STRATEGIES,
LLC, ASCENDANT CAPITAL, LLC, AXIOM
CAPITAL MANAGEMENT, INC., DAVID GENTILE,
MARK MARTINO, JEFFREY LASH, and JEFFREY
SCHNEIDER,

        Defendants

------------------------------------------------------------------- x

Civil Action No. 1:19-CV-10498 (LAK)

[~~PROPOSED~~] PROTECTIVE ORDER

The parties, by their undersigned counsel, hereby agree to the extent not unduly burdensome to prepare their production of documents in accordance with the below agreed-upon specifications:

    1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that merits confidential treatment (hereinafter the "Documents" or "Testimony").

    2.    Any party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective counsel for all affected parties, or by other appropriate means. Party and Parties are signatories to this Stipulation and Order for the Production and Exchange of Confidential Information, and party and parties are any

1

individuals or entities obligated to produce documents or give testimony in connection with this action.

    3.    As used herein:

    (a)    "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

    (b)    "Producing Party" shall mean the party producing Confidential Information in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

    (c)    "Receiving Party" shall mean the party receiving Confidential Information in connection with depositions, document production or otherwise.

    4.    The Receiving Party may, at any time, notify the Producing Party in writing that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. The Producing Party who designated the material as confidential will have fourteen (14) days to respond to the Receiving Party by either agreeing to re-designate the challenged designation or explaining why it believes the challenged designation is proper.  The parties agree to meet and confer in good faith, in person or via telephone, within seven (7) days thereafter to resolve any remaining disputes.  If the Parties cannot reach an agreement following the meet & confer, the Receiving Party may move before the Court for an order declassifying those

documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If the motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. On such a motion, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information. The parties are aware that the Court will unseal documents if the Producing Party is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

5. The Court also retains discretion whether to afford confidential treatment to any material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

6. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

7. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    (a) personnel of plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    (b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    (c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give

testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) this Court and Court personnel;

(e) any mediator engaged by the Parties and that mediator's personnel;

(f) as to any document, its author, its addressee, and any other person recipient of the document;

(g) any officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(h) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(i) any other person agreed to by the Producing Party.

8. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

9. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall require the expert or consultant to execute the Consent to Protective Order, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

10. Either Party may designate deposition exhibits or portions of deposition transcripts as Confidential by notifying the reporter and all counsel of record, in writing, within fifteen (15) days after a deposition has concluded of the specific pages and lines of the transcript that are to be designated "Confidential" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed

by the Producing Party or that person's counsel.  During the 15-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

11. Should the need arise for any party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

12. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as Confidential Information under the terms hereof.  Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit 1 attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other parties to the action. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

13. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be

stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

14. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

15. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

16. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

17. In connection with the review of electronically stored information and hard copy documents for production (the "Documents Reviewed") the Parties agree as follows:

(a) to implement and adhere to reasonable procedures to ensure Documents Reviewed that are protected from disclosure pursuant to Fed. R. Evid. 502 ("Protected Information") are identified and withheld from production.

(b) if Protected Information is inadvertently produced, the Producing Party shall take reasonable steps to correct the error, including a request to the Receiving Party for its return.

(c) upon request by the Producing Party for the return of Protected Information inadvertently produced the Receiving Party shall promptly return the Protected Information and destroy all copies thereof. Furthermore, the Receiving Party shall not challenge either the adequacy of the Producing Party's document review procedure or its efforts to rectify the error, and the Receiving Party shall not assert that its return of the inadvertently produced Protected Information has caused it to suffer prejudice.

18. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

19. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action.

20. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any part of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

21. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

22. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all

reproductions thereof, shall be returned to the Producing Party or shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or their affiliate(s) in connection with any other matters.

23. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

BARBARA DELUCA and DREW R. NAYLOR, on behalf of themselves and other similarly situated limited partners,

       Plaintiffs,

       v.          Civil Action No. 1:19-CV-10498 (LAK)

GPB AUTOMOTIVE PORTFOLIO, LP, GPB HOLDINGS II, LP, GPB CAPITAL HOLDINGS, LLC, ASCENDANCY ALTERNATIVE STRATEGIES, LLC, ASCENDANT CAPITAL, LLC, AXIOM CAPITAL MANAGEMENT, INC., DAVID GENTILE, MARK MARTINO, JEFFREY LASH, and JEFFREY SCHNEIDER,          **CONSENT TO PROTECTIVE ORDER**

       Defendants

------------------------------------------------------------------ x

    I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of the documents and transcripts designated as Confidential. I agree to not disclose Confidential Information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____
                                                     Signed By:

Dated: February 8, 2021

| **GRANT & EISENHOFER P.A.** | **ROSENFELD & KAPLAN, LLP** |
|---|---|
| By:*/s/ Daniel L. Berger* | By:*/s/ Steven M. Kaplan* |

    Daniel L. Berger  
    Caitlin M. Moyna  
    485 Lexington Ave. 29th Fl.  
    New York, New York 10017  
    Tel: (646) 722-8501  
    dberger@gelaw.com  

    Laina M. Herbert *(Admitted PHV)*  
    123 Justison Street  
    Wilmington, DE 19801  
    Tel: (302) 622-7000  
    lherbert@gelaw.com  
    *Attorneys for Plaintiffs Barbara Deluca and Drew R. Naylor, and the Putative Class*

    Tab K. Rosenfeld (TR 9212)  
    Steven M. Kaplan  
    Nicole E. Meyer (NM 2302)  
    1180 Avenue of the Americas,  
    Suite 1920  
    New York, New York 10036  
    Tel: (212) 682-1400  
    tab@rosenfeldlaw.com  
    *Attorneys for Defendants GPB Automotive Portfolio. LP, GPB Holdings II, LP, and GPB Capital Holdings, LLC*

**DILWORTH PAXSON LLP**

Catherine Pratsinakis *(Admitted PHV)*  
Jessica L. Titler-Lingle *(Admitted PHV)*  
1500 Market Street, Suite 3500E  
Philadelphia, PA 19102  
Tel: (215) 575-7013  
cpratsinakis@dilwothlaw.com  
*Attorneys for Plaintiffs Barbara Deluca and Drew R. Naylor, and the Putative Class*

**KOBRE & KIM LLP**

By:*/s/ Leif T. Simonson*  
    Leif T. Simonson  
    800 Third Avenue  
    New York, New York 10022  
    Telephone: (212) 488-1248  
    leif.simonson@kobrekim.com  
    *Attorneys for Defendant David Gentile*

**GALBRAITH LAW FIRM**

By:*/s/ Kevin Galbraith*  
    Kevin Galbraith  
    236 W 30th St.  
    New York, NY 10001  
    Telephone: (212) 203-1249  
    kevin@galbraithlawfirm.com  
    *Attorneys for Defendant Jeffrey Lash*

**IT IS SO ORDERED this _____ day of 2021:**

/s/ Lewis A. Kaplan  /BT      February 9, 2021  
**HON. LEWIS A. KAPLAN, U.S.D.J.**