UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA DELUCA, DREW R. NAYLOR, and PEGGY ROLLO on behalf of themselves and other similarly situated limited partners,<br><br>　　Plaintiffs,<br><br>vs.<br><br>GPB AUTOMOTIVE PORTFOLIO LP, *et al.*,<br><br>　　Defendants. | Case Number: 1:19-cv-10498 (LAK) |

## WAIVER OF SERVICE OF SUMMONS OF AMENDED COMPLAINT

TO:　Daniel Berger
　　　Grant & Eisenhofer P.A.
　　　485 Lexington Avenue
　　　New York, NY 10017

I, Kevin M. McDonough, an attorney Latham & Watkins LLP, counsel for defendant Crowe LLP ("Defendant"), having received Plaintiffs Barbara Deluca, Drew R. Naylor, and Peggy Rollo's ("Plaintiffs") waiver of service on November 18, 2021, waive service of the summons of the Amended Complaint (ECF No. 132).

In accordance with Fed. R. Civ. Proc. Rule 4(d), I acknowledge receipt, along with 2 copies of this waiver and Fed. R. Civ. Proc. Rule 4, a copy of the Amended Complaint, and a prepaid method of returning this waiver to Plaintiffs.

Pursuant to Fed. R. Civ. Proc. Rule 4(d)(3), Defendant's deadline to return this executed waiver to Plaintiffs is December 2, 2021, within thirty (30) days of receipt of this waiver.

Pursuant to Fed. R. Civ. Proc. Rule 4(d)(3) and the Stipulation to Stay the Action As to All Defendants, entered on May 21, 2021 (Dkt. No. 115), I understand that, provided this waiver

is returned to Plaintiffs by December 2, 2021, Defendant's deadline to respond to the Amended Complaint is sixty (60) days after the stay is lifted in the above-captioned action.

I understand that, in accordance with Fed. R. Civ. Proc. Rule 4(d)(5), Defendant will retain all defenses of objections to the lawsuit, the court's jurisdiction, and the venue of the action but will waive any objections for nonservice of the summons of the Amended Complaint,

I also understand that, should Defendant fail to timely return this waiver, Defendant will be held liable for the costs of service and/or attorneys' fees and reasonable expenses incurred to collect said costs.

Dated: November 18, 2021

*Kevin M. McDonough*
Kevin M. McDonough
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
kevin.mcdonough@lw.com
Tel: (212) 906-1246

*Counsel for Defendant Crowe LLP*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.