**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARBARA DELUCA, DREW R. NAYLOR, and PEGGY ROLLO, on behalf of themselves and other similarly situated limited partners, <br><br> *Plaintiffs*, <br><br> v. <br><br> GPB AUTOMOTIVE PORTFOLIO, LP, et al., <br><br> *Defendants*. | Civil Action No.: 19-CV-10498-LAK-JW |

**DEFENDANT MARGOLIN, WINER & EVENS LLP'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 9(b) AND
JOINDER IN DEFENDANT RSM US LLP'S MOTION TO DISMISS,
TRANSFER, OR STAY UNDER THE "FIRST-FILED" RULE**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

LEGAL ARGUMENT ......................................................................................................... 1

I.      PLAINTIFFS FAILED TO ALLEGE SUFFICIENT FACTS TO STATE ANY
CAUSES OF ACTION AGAINST MWE ........................................................................ 1

      A.     Plaintiffs Failed To Adequately Plead That They Relied On The Audit
             Opinions Issued By MWE ................................................................................. 1

      B.     Plaintiffs Failed To Adequately Allege The Underlying Fraud ............................ 3

II.     IN THE ALTERNATIVE, PLAINTIFFS' CLAIMS AGAINST MWE SHOULD
BE DISMISSED PURSUANT TO THE FIRST-FILED RULE. ...................................... 3

      A.     The First-Filed Rule Applies to This Action. ...................................................... 3

      B.     No Circumstances Warrant Departure from the First-Filed Rule ......................... 4

CONCLUSION.................................................................................................................... 4

## <u>TABLE OF AUTHORITIES</u>

<b><u>Page(s)</u></b>

**Cases**

*Am. Fin. Int'l Grp. v. Bennett*,
  5-cv-8988-GEL, 2007 WL 1732427 (S.D.N.Y. June 14, 2007)..................................................3

*Davis v. Marte*,
  94 N.Y.S.3d 538 (Sup. Ct. N.Y. Cnty. 2018) ...........................................................................2

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
  375 F.3d 168 (2d Cir. 2004).......................................................................................................1

*Kinnie Ma Individual Retirement Account v. Ascendant Capital*,
  No. 1:19-cv-1050-LY (W.D. Tex.)......................................................................................1, 3, 4

*Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*,
  797 F.3d 160 (2d Cir. 2015).......................................................................................................1

*N.Y. Univ. v. Cont'l Ins. Co.*,
  639 N.Y.S.2d 283 (1995)............................................................................................................2

*Rombach v. Chang*,
  355 F. 2d 164 (2d Cir. 2004)......................................................................................................2

Defendant Margolin Winer & Evens LLP ("MWE"), by and through undersigned counsel, submits the memorandum of law (I) in support of its motion to dismiss pursuant to Fed. R. Civ. P. 9(b) and, in the alternative, (II) joins those portions of Defendant RSM US LLP's ("RSM") motion, filed pursuant to the "first-filed" rule, to dismiss, transfer, or stay this Action pending resolution of *Kinnie Ma Individual Retirement Account v. Ascendant Capital*, No. 1:19-cv-1050-LY (W.D. Tex.) ("*Kinnie Ma*").

## LEGAL ARGUMENT[1]

### I.    PLAINTIFFS FAILED TO ALLEGE SUFFICIENT FACTS TO STATE ANY CAUSES OF ACTION AGAINST MWE.

#### A.    Plaintiffs Failed To Adequately Plead That They Relied On The Audit Opinions Issued By MWE.

Plaintiffs assert in the Amended Complaint three causes of action against the Auditor Defendants as a group, all based on some variation of common-law fraud. *See* Count III ("Aiding and Abetting Fraud in the Inducement"), Count V ("Aiding and Abetting Accounting Fraud"), and Count VI ("Fraudulent Misrepresentation").   However denominated, each of these claims must (i) plead all of the requisite elements of fraud under New York law and (ii) plead those elements with factual particularity pursuant to Fed. R. Civ. P. 9(b). *See Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 171 (2d Cir. 2015); *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 186-187 (2d Cir.  2004).

In New York, "[t]o state a claim for fraud, a plaintiff must allege 'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the

---

[1] RSM is filing a concurrent motion to dismiss today.  In the interest of judicial economy, rather than repeating a summary of the allegations in the Amended Complaint, the procedural history of this Action, and the common grounds for dismissal, MWE joins those sections of RSM's motion.

misrepresentation or material omission, and injury.'" *Davis v. Marte*, 94 N.Y.S.3d 538, 538 (Sup. Ct. N.Y. Cnty. 2018) (quoting *Lama Holding Co. v Smith Barney*, 646 N.Y.S.2d 76 (1996)). *See also N.Y. Univ. v. Cont'l Ins. Co.,* 639 N.Y.S.2d 283, 289 (1995) ("[a]t the very threshold, then, plaintiff must allege a misrepresentation or material omission by defendant, on which it relied").

Here, the crucial element of reliance is pleaded in only the barest and most conclusory terms, and therefore fails the test of Rule 9(b), not to mention notice pleading. Plaintiffs broadly alleged that "Plaintiffs and Class Members justifiably relied on those representations by MWE, Crowe, and RSM in determining whether to invest and maintain their positions in GPB Funds." Compl. ¶ 542. Merely repeating the same bald statement does not satisfy the requirement of particularized pleading. *See, e.g.,* ¶¶ 358, 385, 541, 542. At the most basic level, none of the named Plaintiffs alleges that they received or read any audit report issued by any of the Auditor Defendants. With respect to MWE, the Amended Complaint fails to allege that any named Plaintiff received an audit report issued by MWE, read it, or relied on it in deciding whether to invest in a GPB entity. This is particularly problematic as some of the named Plaintiffs' alleged investments were in GPB entities for which MWE never issued audit opinions, such as Waste Management and Holdings II. *See* Compl ¶¶ 21, 23 (alleging that Plaintiff Naylor purchased units in Holdings II and Rollo purchased, *inter alia*, Waste Management units). Nor does the Amended Complaint identify any specific statement within any MWE opinion that was knowingly false and upon which any Plaintiffs relied.[2] Instead, the Amended Complaint is replete with references to GPB's Private Placement Memoranda and sales and marketing materials, none of which were audited, opined upon, or issued by MWE.

---

[2] The assertion that the standard audit opinion (Compl. ¶ 323) was "false" is entirely conclusory and should be disregarded. *See Rombach v. Chang*, 355 F. 2d 164, 176 (2d Cir. 2004).

2

In the absence of specific allegations of reliance on any particular audit report issued by MWE, Plaintiffs' fraud claims against MWE are insufficient and should be dismissed as a matter of law. *See Am. Fin. Int'l Grp. v. Bennett*, 5-cv-8988-GEL, 2007 WL 1732427, at *9–10 (S.D.N.Y. June 14, 2007) (dismissing fraud claims based on alleged misstatements in securities filings where "[P]laintiffs have not alleged that they read any of the financial statements at issue, much less that they actually relied on them.").

**B.** **Plaintiffs Failed To Adequately Allege The Underlying Fraud.**

As set forth in RSM's Motion, Plaintiffs' claims that MWE aided and abetted fraud fail because Plaintiffs failed to adequately allege facts sufficient to prove their claim of fraud against the GPB Defendants. *See* RSM's Motion, § II(a)(1).

**II.** **IN THE ALTERNATIVE, PLAINTIFFS' CLAIMS AGAINST MWE SHOULD BE DISMISSED PURSUANT TO THE FIRST-FILED RULE.**

As set forth in RSM's Motion, this case should, at a minimum, be dismissed, transferred, or stayed, pursuant to the first-filed rule because it is the paradigmatic example of duplicative litigation: it involves materially identical claims and parties as those in the *Kinnie Ma*. *See* RSM's Motion, § I. Which remedy to apply is a matter of the Court's discretion. *See id* (citing *Baduria v. Sealift Holdings, Inc.*, 451 F. Supp. 3d 248, 254 (E.D.N.Y. 2020)).

**A.** **The First-Filed Rule Applies to This Action.**

As set forth in RSM's Motion, there is no question that the first-filed rule governs here as (i) *Kinnie Ma* was filed before the instant action; and (ii) this action asserts the same rights, and seeks relief based upon the same facts as *Kinnie Ma*. *See* RSM's Motion, § I(a).

**B.      No Circumstances Warrant Departure from the First-Filed Rule.**

As set forth in RSM's Motion, Plaintiffs cannot satisfy their burden of demonstrating that the circumstances justify a departure from "the presumption that the first-filed parallel federal action alone should proceed."  *See* RSM's Motion, § I(b) (citing *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555–56 (S.D.N.Y. 2000) (party seeking deviation from the rule has the burden to show that an exception is warranted by special circumstances or the balance of convenience)).  Additionally, deferring to *Kinnie Ma* furthers the interests of justice because it will avoid duplicative discovery and motions practice, avoid the re-litigation of identical issues and risk of inconsistent results, and satisfy the Court's interest in judicial economy.  *See id.* (citing *Baduria*, 451 F.Supp.3d at 257 (finding trial efficiency and interest of justice compelled transfer of second-filed action)).

## CONCLUSION

In short, equity and efficiency demand that this case be dismissed pursuant to Fed. R. Civ. P. 9(b), or, in the alternative, the case be dismissed, transferred, or stayed pending resolution of *Kinnie Ma*, which was first filed.  Accordingly, MWE respectfully requests that Plaintiffs' claims against MWE be dismissed with prejudice and the Court grant such other and further relief as it deems necessary and proper.

Dated: March 6, 2023                              TROUTMAN PEPPER
                                                  HAMILTON SANDERS LLP

                                        By: */s/ Stephen G. Rinehart*
                                            Stephen G. Rinehart
                                            Daniel E. Gorman
                                            875 Third Avenue
                                            New York, New York 10022
                                            Phone: (212) 704.6000
                                            email: stephen.rinehart@troutman.com

                                            *Attorneys for Defendant*
                                            *Margolin, Winer & Evens LLP*

4