**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BARBARA DELUCA, DREW R. NAYLOR, and PEGGY ROLLO, on behalf of themselves and other similarly situated limited partners, <br><br> *Plaintiffs*, <br> v. <br><br> GPB HOLDINGS LP, et al., <br><br> *Defendants*. | Case No. 1:19-cv-10498-LAK-JW |

**CROWE LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**
**DISMISS THE AMENDED CLASS ACTION COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................1

FACTUAL BACKGROUND ..............................................................................................4

I.      Plaintiffs' Investments In The Defendant Funds ..............................................4

II.     Crowe's Role As Independent Auditor of the Financial Statements of Automotive Portfolio and Holdings I.........................................................................................4

III.    This Litigation And Related Actions ...............................................................7

ARGUMENT .......................................................................................................................9

I.      The Claims Against Crowe Should Be Dismissed Under The First-Filed Rule................9

II.     Plaintiffs Fail to State a Claim Against Crowe As a Matter of Law.................................10

        A.      Plaintiffs' Fraudulent Misrepresentation Claim Against Crowe Fails (Count VI)................................................................................................11

                1.      Plaintiffs Do Not Allege That Crowe Made A Misrepresentation Or Omission Of Material Fact ..................................................11

                2.      Plaintiffs Do Not Allege That Crowe Acted With Scienter......................13

                3.      Plaintiffs Do Not Allege That Crowe Intended To Induce Reliance Or That Plaintiffs Relied On Crowe's Audit Opinion .............................17

        B.      Plaintiffs' Aiding And Abetting Claims Against Crowe Fail (Count III And Count V)........................................................................................19

                1.      Plaintiffs Do Not Allege That Crowe Had Actual Knowledge Of The Alleged Fraud ......................................................................20

                2.      Plaintiffs Do Not Allege That Crowe Provided Substantial Assistance To The Alleged Fraudulent Scheme .........................................22

CONCLUSION.....................................................................................................24

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*380544 Canada, Inc. v. Aspen Tech., Inc.*,
544 F. Supp. 2d 199 (S.D.N.Y. 2008)..................................................................5

*In re Advanced Battery Techs., Inc.*,
781 F.3d 638 (2d Cir. 2015)............................................................................14

*Am. Fin. Int'l Grp.-Asia, L.L.C. v. Bennett*,
No. 05 CIV. 8988 (GEL), 2007 WL 1732427 (S.D.N.Y. June 14, 2007) ........................10, 18

*In re Am. Realty Cap. Props., Inc. Litig.*,
No. 15 MC 40 (AKH), 2015 WL 6869337 (S.D.N.Y. Nov. 6, 2015) .....................................12

*Amorosa v. Ernst & Young LLP*,
672 F. Supp. 2d 493 (S.D.N.Y. 2009), *aff'd*, 409 F. App'x 412 (2d Cir. 2011).....................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................10

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
995 F. Supp. 2d 291 (S.D.N.Y. 2014), *aff'd*, 829 F.3d 173 (2d Cir. 2016)...........................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................10

*Berdeaux v. OneCoin Ltd.*,
561 F. Supp. 3d 379 (S.D.N.Y. 2021)..............................................................20, 21, 22, 24

*Betz v. Blatt*,
160 A.D.3d 689 (N.Y. App. Div. 2018) .............................................................................23

*In re BISYS Sec. Litig.*,
397 F. Supp. 2d 430 (S.D.N.Y. 2005) (Kaplan, J.)...............................................................15

*CRT Invs., Ltd. v. BDO Seidman, LLP*,
85 A.D.3d 470 (N.Y. App. Div. 2011) ..........................................................................22, 23

*DeLuca v. GPB Auto. Portfolio, LP*,
No. 19-CV-10498 (LAK), 2020 WL 7343788 (S.D.N.Y. Dec. 14, 2020) ..................... *passim*

*Deutsche Zentral-Genossenchaftsbank AG v. HSBC N.A. Holdings, Inc.*,
No. 12 CIV. 4025 (AT), 2013 WL 6667601 (S.D.N.Y. Dec. 17, 2013).................................17

ii

*In re Doral Fin. Corp. Sec. Litig.*,
    563 F. Supp. 2d 461 (S.D.N.Y. 2008)..............................................................................15

*Emergent Cap. Inv. Mgmt., LLC v. Stonepath Grp., Inc.*,
    343 F.3d 189 (2d Cir. 2003)..........................................................................................17

*Filler v. Hanvit Bank*,
    No. 01 CIV. 9510 (MGC), 2003 WL 22110773 (S.D.N.Y. Sept. 12, 2003) ..............22, 23, 24

*First City Nat'l Bank & Tr. Co. v. Simmons*,
    878 F.2d 76 (2d Cir. 1989)...............................................................................................9

*FNF Touring LLC v. Transform Am. Corp.*,
    111 A.D.3d 401 (N.Y. App. Div. 1st Dept. 2013) ...........................................................17

*Hanson v. Frazer, LLP*,
    No. 12 CIV. 3166 (JSR), 2013 WL 5372749 (S.D.N.Y. Sept. 24, 2013)........................13, 15

*HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*,
    No. 20-CV-00967 (LJL), 2021 WL 918556 (S.D.N.Y. Mar. 10, 2021) ...................................11

*Iowa Pub. Emp.'s Ret. Sys. v. Deloitte & Touche LLP*,
    919 F. Supp. 2d 321 (S.D.N.Y. 2013).......................................................................19, 20, 21

*Israel Disc. Bank of New York v. EisnerAmper LLP*,
    45 Misc. 3d 1218(A) (N.Y. Sup. Ct. 2014), *aff'd*, 137 A.D.3d 638 (N.Y. App. Div. 2016)
    ...................................................................................................................................13, 15

*Krys v. Pigott*,
    749 F.3d 117 (2d Cir. 2014)...........................................................................................22

*In re Longtop Fin. Techs. Ltd. Sec. Litig.*,
    910 F. Supp. 2d 561 (S.D.N.Y. 2012).............................................................................13

*Marketxt Holdings Corp. v. Engel & Reiman, P.C.*,
    693 F. Supp. 2d 387 (S.D.N.Y. 2010).............................................................................20

*Meridian Horizon Fund, LP v. Tremont Grp. Holdings, Inc.*,
    747 F. Supp. 2d 406 (S.D.N.Y. 2010)......................................................................11, 13, 14

*Olson v. Major League Baseball*,
    29 F.4th 59 (2d Cir. 2022) .............................................................................................18

*Omnicare Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
    575 U.S. 175 (2015).................................................................................................12, 13

*Querub v. Hong Kong*,
    649 F. App'x 55 (2d Cir. 2016) ......................................................................................12

*Rothstein v. UBS AG*,
    708 F.3d 82 (2d Cir. 2013)....................................................................................10

*Smith v. Apple, Inc.*,
    583 F. Supp. 3d 554 (S.D.N.Y. 2022).....................................................................17

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    33 F. Supp. 3d 401 (S.D.N.Y. 2014)..........................................................15, 16, 17

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    645 F. App'x. 72 (2d Cir. 2016) ..............................................................................13

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    96 F. Supp. 3d 325 (S.D.N.Y. 2015)......................................................................12

*Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*,
    383 F. Supp. 2d 428 (S.D.N.Y. 2003).....................................................................19

*Stephenson v. PricewaterhouseCoopers, LLP*,
    768 F. Supp. 2d 562 (S.D.N.Y. 2011), *aff'd*, 482 F. App'x 618 (2d Cir. 2012).....................14

*Suero v. NFL*,
    No. 22-CV-31 (AKH) (BCM), 2022 WL 17985657 (S.D.N.Y. Dec. 16, 2022) ...................18

*The Pennsylvania Ave. Funds v. Inyx Inc.*,
    No. 08 CIV. 6857 (PKC), 2010 WL 743562 (S.D.N.Y. Mar. 1, 2010).................................16

*United States v. Gentile*,
    No. 21-cr-54 (E.D.N.Y. Jan. 29, 2021), Dkt. 1 .......................................................8

*Waxman v. Envipco Pick Up & Processing Servs., Inc.*,
    No. 02 CIV. 10132 (GEL), 2003 WL 22439796 (S.D.N.Y. Oct. 28, 2003)......................15, 16

## RULES

Fed. R. Civ. P.
    9(b).................................................................................................................1, 10, 12
    12(b)(6) .........................................................................................................1, 10, 12

Defendant Crowe LLP ("Crowe") respectfully submits this memorandum of law in support of its Motion to Dismiss the Amended Class Action Complaint, Dkt. 117-1 ("Am. Compl." or "Amended Complaint") against Crowe pursuant to the "first-filed" rule and Federal Rules of Civil Procedure 12(b)(6) and 9(b).[1]

## INTRODUCTION

Plaintiffs' claims against Crowe for fraud and aiding and abetting fraud fail as a matter of law because (among other fatal deficiencies) the Amended Complaint does not state particularized allegations that Crowe made a false statement with fraudulent intent, or that Crowe had actual knowledge of, or substantially assisted in, the alleged fraud.  Moreover, Plaintiffs do not allege that any of them ever received or reviewed any statement by Crowe, let alone relied on any Crowe statement in making a decision to invest in one of the Defendant Funds (defined below).  For these and the other reasons discussed below, Plaintiffs' claims against Crowe should be dismissed

This putative class action arises from Plaintiffs' purchases of limited partnership units in four private equity funds managed by their general partner GPB Capital Holdings, LLC ("GPB Capital"):  GPB Automotive Portfolio, LP ("Automotive Portfolio"); GPB Holdings, LP ("Holdings I"); GPB Holdings II, LP ("Holdings II"); and GPB Waste Management, LP ("Waste Management") (collectively, the "Defendant Funds").  Plaintiffs allege that GPB Capital, the Defendant Funds and their principals and agents (collectively, the "GPB Defendants") orchestrated a Ponzi-like scheme in which they misrepresented or failed to disclose certain facts concerning investment fees, the sources of distributions paid to investors, related party relationships,

---

[1] Unless otherwise indicated, internal citations and quotations are omitted, and emphasis is added. Citations to "Ex. _" refer to exhibits attached to the Declaration of Kevin M. McDonough, filed herewith, and citations to "¶ _" refer to paragraphs in the Amended Complaint.  All capitalized terms not defined herein have the same meaning ascribed to them in the Amended Complaint.

1

conflicted transactions and self-dealing, and the true nature, risks and value of the Defendant Funds. Plaintiffs contend that another group of defendants (the "Selling Defendants") fraudulently induced investors to purchase units in the Defendant Funds and aided in the alleged fraud through the use of misleading marketing materials. In an Opinion dated December 14, 2020, Judge Kaplan largely rejected Plaintiffs' theories of liability as to the then-named defendants and dismissed Plaintiffs' claims, save for a fraudulent misrepresentation claim against GPB Capital, the Defendant Funds, and their co-founders David Gentile and Jeffrey Lash, and a breach of contract claim against GPB Capital for failure to provide audited financial statements and reports. *DeLuca v. GPB Auto. Portfolio, LP*, No. 19-CV-10498 (LAK), 2020 WL 7343788 (S.D.N.Y. Dec. 14, 2020).

Plaintiffs thereafter filed the Amended Complaint, in which they added Crowe and other accounting firms as defendants (the "Auditor Defendants"). Plaintiffs contend that Crowe, who served as independent auditor for Holdings I and Automotive Portfolio during a portion of the relevant period, committed fraud by issuing an unqualified audit opinion on one set of annual financial statements, and otherwise substantially assisted in the GPB Defendants' alleged fraud by providing audit and other business services. The claims against Crowe should be dismissed for multiple reasons.

*First*, Plaintiffs' claims should be dismissed under the "first-filed" rule because there is an earlier-filed action in the Western District of Texas where a substantially similar putative class of investors is pursuing substantially the same claims and relief that Plaintiffs are pursuing against Crowe and the other Auditor Defendants in this action. Dismissal under the "first-filed" rule is appropriate here, to avoid the inefficiency and risk of inconsistent outcomes that would arise from parallel litigation of duplicative claims.

*Second*, Plaintiffs do not come close to establishing the elements of their claims against Crowe for fraudulent misrepresentation or aiding and abetting fraud, notwithstanding their receipt of extensive document productions (including from Crowe) before filing the Amended Complaint. Am. Compl. p.1 (noting receipt of nearly 6 million documents).   As for the fraudulent misrepresentation claim, which is based on an audit opinion in a single Crowe audit report on the Holdings I financial statements for the year ended December 31, 2016, the allegations in the Amended Complaint fail to establish that: (i) Crowe's opinion was false; (ii) Crowe acted with fraudulent intent in issuing the opinion; or (iii) Plaintiffs even read the audit opinion, much less reasonably relied on it.   Plaintiffs' aiding and abetting claims fare no better.   Among other deficiencies, the Amended Complaint does not allege facts establishing that Crowe had actual knowledge of, or that it provided substantial assistance to, any alleged fraud.

To the contrary, the story Plaintiffs present as to Crowe defeats any inference of fraud:



¶¶ 462-66.

As *Plaintiffs themselves* allege, far from committing, assisting or concealing a fraud, Crowe's actions were among those that caused the alleged "GPB Defendants' [h]ouse of [c]ards" to "[c]rumble."  Am. Compl. p. 113; ¶¶ 459-67.

Accordingly, there is no coherent theory of fraud by Crowe, and the claims against Crowe should be dismissed.

## FACTUAL BACKGROUND

### I.    PLAINTIFFS' INVESTMENTS IN THE DEFENDANT FUNDS

Defendant GPB Capital is a Delaware limited liability company owned by David Gentile that markets itself as a "global asset management firm."  ¶ 21.  At all times relevant to Plaintiffs' claims, GPB Capital was the general partner of various funds (each a "GPB Fund") and offered and sold units issued by the GPB Funds to investors.  *Id.*  This case relates to the four Defendant Funds, because each named plaintiff alleges purchasing units in one or more of those four funds. Plaintiff Peggy Rollo alleges that she purchased 1.0 unit of Holdings I on May 7, 2015; 0.6 and 1.3 units of Automotive Portfolio on September 2, 2016 and March 7, 2018, respectively; and 0.5 and 1.5 units of Waste Management on July 10, 2017 and January 12, 2018, respectively.  ¶ 21. Plaintiff Barbara DeLuca alleges that she purchased two units in Automotive Portfolio on June 1, 2015.  ¶ 22.  And Plaintiff Drew R. Naylor alleges that his wife, Dr. Lee Ann Naylor, purchased one unit in Holdings II in March 2018, of which he purportedly is the assignee.  ¶ 23.

### II.   CROWE'S ROLE AS INDEPENDENT AUDITOR OF THE FINANCIAL STATEMENTS OF AUTOMOTIVE PORTFOLIO AND HOLDINGS I

Crowe is a limited liability partnership registered in Indiana with its principal place of business in Illinois.  *See* ¶ 366; Disclosure, CROWE, https://www.crowe.com/disclosure.  ██████

███████████████████████████████████████████████████████████

████████████████████████████████████    *See* ¶¶ 367, 466.  During that period, and as relevant here, Crowe completed audits of the annual financial statements of Holdings I and the annual financial statements of Automotive Portfolio, both for the year ended December 31,

2016.  Crowe did not complete audits of any other Holdings I or Automotive Portfolio financial statements (or the financial statements of any other Defendant Fund).[2]

Crowe performed its audits of the 2016 Holdings I and Automotive Portfolio annual financial statements under generally accepted auditing standards promulgated by the American Institute of Certified Public Accountants ("GAAS").  At the conclusion of those audits, Crowe issued audit reports, dated May 1, 2017, on the year-end 2016 financial statements of both Holdings I and Automotive Portfolio.  ¶¶ 369, 460.  In accordance with GAAS and as explained in the audit reports, Crowe's "responsibility" as independent auditor was "to express an opinion" on the financial statements of Holdings I and Automotive Portfolio, respectively, which were prepared by and the responsibility of the Funds' management.  AU Section 110.03.  Ex. 1, May 1, 2017 Independent Auditor's Report for Automotive Portfolio, at 1; Ex. 2, May 1, 2017 Independent Auditor's Report for Holdings I, at 1.  Crowe's audit reports also noted that it was not

---

[2]  The Amended Complaint is riddled with contradictory allegations about Crowe's audit engagements.  For example, Plaintiffs wrongly (and vaguely) claim that Crowe issued a "clean audit" for 2017, ¶ 537; *see also* ¶ 395, while acknowledging that the Defendant Funds have not issued any audited financial statements after 2016, ¶¶ 16, 19, and ███████████████
████████████████████████████████████████████████████████  ¶¶ 462-66.
████████████████████████████  *see* ¶ 372,
████████████████████████████████████  ¶ 466.  Plaintiffs appear to suggest (again, vaguely) that Crowe served as an independent auditor for Holdings II during the calendar years 2016 to 2018, ¶ 43, but contradict themselves just a few paragraphs later by stating that another auditor audited the 2015 and 2016 financial statements of Holdings II, *see* ¶ 46.  *See also* Ex. 3, July 27, 2018 Ltr. (CROWE-DELUCA-00000219)
████████████████████████████████████████████████████████
███████████████  Ex. 4, July 27, 2018 Ltr. (CROWE-DELUCA-00000220) (referenced at ¶ 463).  *See 380544 Canada, Inc. v. Aspen Tech., Inc.*, 544 F. Supp. 2d 199, 215 (S.D.N.Y. 2008) ("[W]here allegations set out in the complaint are contradicted by other matters asserted or by materials attached to or incorporated by reference in the complaint, the court is not obliged to credit the allegations in the complaint," and "the document controls").

"expressing an opinion on the effectiveness of the entity's internal control" over the preparation and fair presentation of the consolidated financial statements.  Ex. 1, May 1, 2017 Independent Auditor's Report for Automotive Portfolio, at 1; Ex. 2, May 1, 2017 Independent Auditor's Report for Holdings I, at 1.

As Plaintiffs acknowledge, 

¶ 462; Ex. 3, July 27, 2018 Ltr. (CROWE-DELUCA-00000219); Ex. 4, July 27, 2018 Ltr. (CROWE-DELUCA-00000220).[3]

---

[3]

¶ 465.



## III.    THIS LITIGATION AND RELATED ACTIONS

This litigation is one of several civil and criminal cases arising from the same underlying theory of fraud related to the GPB Funds, *i.e.*, that the GPB Defendants allegedly concealed the true state of the Funds' operations and finances and paid out distributions using investor contributions instead of profits, contrary to how the GPB Fund units purportedly were marketed. *See* ¶¶ 7-12.  The first such case was filed on October 25, 2019, by plaintiff Kinnie Ma Individual Retirement Account and others as a putative class action lawsuit in the Western District of Texas. Class Action Complaint, *Kinnie Ma Individual Ret. Account v. Ascendant Cap., LLC*, No. 19-cv-1050 (W.D. Tex. Oct. 25, 2019), Dkt. 1 ("*Kinnie Ma* Action").  Plaintiffs initiated this litigation a few weeks later, on November 12, 2019.  Dkt. 2.

Plaintiffs assert claims on behalf of themselves and a putative class of "all Limited Partners in the GPB Investments who, between January 1, 2013 and December 31, 2018, executed the subscription documents included with the PPMs for Automotive, Holdings I, Holdings II and Waste Management." *Id.* ¶ 495.  Their initial complaint alleged fraud, aiding and abetting, and breach of contract claims against the GPB Defendants and/or the Selling Defendants, but did not name any auditors as defendants.  *See* Dkt. 2.  Those claims were based on Plaintiffs' assertion that the GPB Defendants, through their offering, marketing, and selling of limited partnership interests, engaged in a "scheme to defraud investors by making false statements of material fact

7

and/or omitting to state material facts in connection with the purchase and sale of investments" in the GPB Funds.  ¶ 490.  Plaintiffs allege that the GPB Defendants deceived them into believing that Plaintiffs would receive annual distributions of 8% derived from the Defendant Funds' profits, when in reality the Funds allegedly made distributions not from profits, but from capital that limited partners had invested.  ¶¶ 24, 95–96.  Plaintiffs further allege their capital was reduced by improper fees, and that conflicts of interest plagued the operation and management of the Defendant Funds.  ¶ 93.  Plaintiffs claim they "justifiably relied on these false representations and omissions by investing their money."  ¶¶ 508, 530.

In a ruling issued on December 14, 2020, Judge Kaplan dismissed the claims (for fraud and aiding and abetting) against the Selling Defendants, finding that Plaintiffs' allegations were "patently insufficient" because (among other reasons) they contained "no facts whatsoever regarding the Selling Defendants' actual knowledge of alleged misrepresentations and omissions." *DeLuca*, 2020 WL 7343788, at *22.  Judge Kaplan also significantly narrowed the claims against the GPB Defendants, leaving only: (i) a fraudulent misrepresentation claim against GPB Capital, the Defendant Funds, and their co-founders Gentile and Lash for alleged misrepresentations regarding "the source of investor distributions," and (ii) a breach of contract claim against GPB Capital for failure to provide audited financial statements and reports.  *Id.* at *24.

On January 29, 2021, the U.S. Department of Justice filed indictments against Gentile, Lash, and Jeffry Schneider.  Indictment, *United States v. Gentile*, No. 21-cr-54 (E.D.N.Y. Jan. 29, 2021) (the "Criminal Action"), Dkt. 1.[4]  On May 21, 2021, this case was stayed by stipulation,

---

[4] In addition, on February 4, 2021, the SEC filed suit against various GPB entities and their principals, *SEC v. GPB Cap. Holdings, LLC*, No. 21-cv-583 (E.D.N.Y. Feb. 4, 2021) (the "SEC Action"), Dkt. 1, and the court later appointed an independent monitor to oversee GPB Capital (the "Monitor"), SEC Action, Dkt. 23, at 1.  The Monitor has reported to the court that, due to successful efforts during the pendency of the monitorship, there is nearly $1 billion available for

pending resolution of the Criminal Action.  Dkt. 115.  While the case was stayed, on October 1, 2021, Plaintiffs filed the Amended Complaint, in which they re-assert their claims against the GPB Defendants and Selling Defendants for fraudulent inducement, fraud, and breach of contract, ¶¶ 503–16, 527–31, 545–50, and add certain defendants, including five accounting firms—Crowe, RSM, CohnReznick, EisnerAmper, and Margolin (the "Auditor Defendants"), Am. Compl. at 1.  As to Crowe, the Amended Complaint alleges three claims:  one for fraudulent misrepresentation (Count VI); and two for aiding and abetting fraud (Counts III & V).  ¶¶ 517–526, 532–544.

Following this Court's decision on January 5, 2023, the stay of this case was lifted as to the Auditor Defendants, with the stay remaining in place as to the other defendants.  Dkt. 171.

## ARGUMENT

## I.    THE CLAIMS AGAINST CROWE SHOULD BE DISMISSED UNDER THE FIRST-FILED RULE

Crowe hereby joins in and incorporates the argument set forth in Defendant RSM US LLP's Motion to Dismiss that the claims against the Auditor Defendants should be dismissed (or transferred) under the "first-filed" rule to avoid the duplication, inefficiency and risk of inconsistent outcomes that would arise if this case were allowed to proceed in parallel to the earlier-filed, and substantially similar, litigation pending in the Western District of Texas.  *See* Mem. of Law in support of Defendant RSM US LLP's Motion to Dismiss; *First City Nat'l Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989).

---

distribution to investors in GPB Funds.  SEC Action, Dkt. 127, at 21.  The SEC has filed a motion asking the court to convert the monitorship to a receivership, the objective of which would be to establish a claims process and administer distributions to investors.  SEC Action, Dkts. 88-91.  That motion was fully briefed on July 8, 2022 and remains pending.  *See* SEC Action, Dkt. 103.

## II.     PLAINTIFFS FAIL TO STATE A CLAIM AGAINST CROWE AS A MATTER OF LAW

Plaintiffs' claims against Crowe should be dismissed for the additional reason that the allegations in the Amended Complaint do not state a claim for relief against Crowe under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

Under Rule 12(b)(6), Plaintiffs "must allege facts 'sufficient to state a claim to relief that is plausible on its face.'" *DeLuca*, 2020 WL 7343788, at *12 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "[U]nsupported legal conclusions, threadbare recitals" and "conclusory statements will not suffice to defeat a motion to dismiss," *id.*, because such allegations do not permit a court to infer "that the defendant is liable for the misconduct alleged," *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).  And where, as here, plaintiffs have "'not nudged [their] claims across the line from conceivable to plausible, [the] complaint must be dismissed.'" *DeLuca*, 2020 WL 7343788, at *12 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Because Plaintiffs allege fraud-based claims against Crowe, they "must satisfy the additional pleading requirements of Federal Rule of Civil Procedure Rule 9(b)."  *Id.* at *14.  Rule 9(b) places "two further burdens" on fraud plaintiffs: (i) they "must plead factual allegations about the circumstances of the fraud with particularity," and (ii) "plead factual allegations that give rise to a strong inference of fraudulent intent."  *Id.*  Among other things, Rule 9(b) requires a plaintiff to "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements."  *Am. Fin. Int'l Grp.-Asia, L.L.C. v. Bennett*, No. 05 CIV. 8988 (GEL), 2007 WL 1732427, at *6 (S.D.N.Y. June 14, 2007).  Neither allegations made on information and belief nor secondhand allegations borrowed from another party are sufficient under Rule 9(b).  *DeLuca*, 2020 WL 7343788, at *16, *18.  Further, where, as

10

here, there are allegations of fraud against multiple defendants, the complaint "must inform each defendant of the nature of his alleged participation in the fraud, rather than conflating defendants in vague collective allegations." *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, No. 20-CV-00967 (LJL), 2021 WL 918556, at *17 (S.D.N.Y. Mar. 10, 2021).  Plaintiffs' allegations against Crowe do not remotely satisfy these pleading requirements.

### A.    Plaintiffs' Fraudulent Misrepresentation Claim Against Crowe Fails (Count VI)

A claim of fraudulent misrepresentation requires particularized allegations of: "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *DeLuca*, 2020 WL 7343788, at *14; *see also Meridian Horizon Fund, LP v. Tremont Grp. Holdings, Inc.*, 747 F. Supp. 2d 406, 414 (S.D.N.Y. 2010) ("Courts in the Second Circuit have found that the elements of common law fraud are essentially the same as those that must be pleaded to establish a claim under Section 10(b) and Rule 10b–5").  Plaintiffs' claim for fraudulent misrepresentation against Crowe fails at every level.

### 1.    Plaintiffs Do Not Allege That Crowe Made A Misrepresentation Or Omission Of Material Fact

Plaintiffs' fraudulent misrepresentation claim against Crowe hinges on a single sentence in Crowe's May 1, 2017 audit report on the December 31, 2016 financial statements of Holdings I:

> "*In our opinion*, the consolidated [2016] financial statements [for Holdings I] present fairly, in all material respects, the financial position of [Holdings I] and Subsidiaries as of December 31, 2016, and the results of their operations and their cash flows for the year then ended in accordance with accounting principles generally accepted in the United States of America."

¶¶ 369, 395.[5]  That statement, by its own terms and under settled law, is a statement of opinion.  *See Querub v. Hong Kong*, 649 F. App'x 55, 58 (2d Cir. 2016) ("Audit reports, labeled 'opinions' and involving considerable subjective judgment, are statements of opinion . . .").  To plead falsity of Crowe's opinion, Plaintiffs must satisfy the *Omnicare* test, which requires particularized allegations that Crowe (i) "did not hold the belief [it] professed," or that its opinion included a supporting fact that was untrue; or (ii) omitted "particular (and material) facts going to the basis for [its] opinion" that render the opinion "misleading to a reasonable person reading the statement fairly and in context."  *Omnicare Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 185-86, 194 (2015).  *See also Querub*, 649 F. App'x. at 58; *In re Am. Realty Cap. Props., Inc. Litig.*, No.  15 MC 40 (AKH), 2015 WL 6869337, at *2 (S.D.N.Y. Nov. 6, 2015) (applying *Omnicare* to misrepresentation claim based on statements in audit opinion).  The allegations in the Complaint do not satisfy either test for falsity under *Omnicare*.

*First*, Plaintiffs do not allege facts establishing that Crowe disbelieved its own audit opinion or that the opinion included a false supporting fact.  *Omnicare*, 575 U.S. at 186-87.  The most Plaintiffs could muster is the conclusory assertion that "Crowe did not actually believe that GPB Holdings' financial statements presented a fair picture of GPB's financial position."  *See* ¶ 369.  Such threadbare allegations do not satisfy the plausibility requirement of Rule 12(b)(6), much less the heightened requirements of Rule 9(b).  *See Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 96 F. Supp. 3d 325, 344 (S.D.N.Y. 2015) ("conclusory

---

[5] Plaintiffs do not allege any false statements in Crowe's May 1, 2017 audit report on the 2016 Automotive Portfolio financial statements.  *See generally* Compl.  Plaintiffs refer generally to "clean audits," *see, e.g.*, ¶ 537, but such vague allegations do not satisfy Rule 9(b)'s requirement to identify specific alleged misstatements by specific speakers, *Deluca*, 2020 WL 7343788, at *15.  In any event, any actual challenge to Crowe's audit opinion on the 2016 Automotive Portfolio financial statements would fail for the reasons stated herein regarding the Holdings I audit opinion.

allegations" could not "establish that [auditor] knew its audit opinions to be false"); *see also In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 910 F. Supp. 2d 561, 581 (S.D.N.Y. 2012) (audit opinion not actionable where "[n]o facts alleged show[ed] that [auditor] was aware, or should have been aware, of wrongdoing . . . at the time [the auditor] issued the audit reports").

*Second*, Plaintiffs do not satisfy *Omnicare*'s omission test, which the United States Supreme Court has cautioned is "no small task for an investor." 575 U.S. at 194. Plaintiffs allege that three facts were allegedly omitted from audit opinions issued by auditors "Margolin, Crowe, and RSM," ¶ 539, but Plaintiffs nowhere identify which fact Crowe supposedly omitted in issuing its audit opinion or explain why or how the alleged omission made Crowe's opinion misleading. This failure dooms any theory that Crowe's audit opinion on the 2016 Holdings I financial statements was false by omission. *See Omnicare*, 575 U.S. at 194; *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 645 F. App'x. 72, 76 (2d Cir. 2016) (affirming dismissal because plaintiffs failed "to adequately state [] allegations" that audit opinion "omitted to disclose" key facts).

### 2.      Plaintiffs Do Not Allege That Crowe Acted With Scienter

Plaintiffs' fraudulent misrepresentation claim fails for the additional reason that the allegations in the Amended Complaint do not satisfy the "demanding" standard for "pleading auditor scienter." *Meridian Horizon Fund*, 747 F. Supp. 2d 406 at 412; *see also Israel Disc. Bank of New York v. EisnerAmper LLP*, 45 Misc. 3d 1218(A) (N.Y. Sup. Ct. 2014), *aff'd*, 137 A.D.3d 638 (N.Y. App. Div. 2016) ("[I]t is well established that the scienter element of a New York common law fraud claim is essentially the same as that under federal securities laws."). Plaintiffs must plead facts demonstrating at least "recklessness," defined as "an extreme departure from the standards of ordinary care," such that the "audit amounted to *no audit at all*." *Meridian Horizon Fund*, 747 F. Supp. 2d at 412; *see also Hanson v. Frazer, LLP*, No. 12 CIV. 3166 (JSR), 2013 WL

13

5372749, at *4 (S.D.N.Y. Sept. 24, 2013) (same).  Plaintiffs fail to carry their heavy burden to plead scienter.

Plaintiffs do not allege that Crowe violated any provisions of GAAS in performing its audit of the 2016 financial statements of Holdings I (or Automotive Portfolio)—or in any other audit of any GPB Fund.  *See generally* Am. Compl.  While such allegations, standing alone, would be insufficient to establish scienter, the failure to identify a single violation of GAAS speaks volumes regarding the inadequacy of Plaintiffs' scienter allegations.  *See Meridian Horizon Fund*, 747 F. Supp. 2d 406 at 412 ("Allegations of GAAS violations without corresponding fraudulent intent are insufficient to state a securities fraud claim against an independent accountant"); *In re Advanced Battery Techs., Inc.*, 781 F.3d 638, 646 (2d Cir. 2015) (allegations  "that [an auditor] would have learned the truth about a company's fraud if [it] had performed the 'due diligence' it promised" were insufficient).  And the few allegations that Plaintiffs muster regarding Crowe's audits fall well short of establishing scienter.



*First*, Plaintiffs speculate that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮  ¶ 373.  But despite taking document discovery from Crowe before filing the Amended Complaint, Plaintiffs offer only the unremarkable allegations that (i) ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* (emphasis in original); (ii) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ *id.*; and (iii) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ¶ 374.  These allegations hardly establish that Crowe was aware that any GPB Fund guarantees were shams, let alone that Crowe acted recklessly in issuing its Holdings I audit opinion.  *See Stephenson v.*

*PricewaterhouseCoopers, LLP*, 768 F. Supp. 2d 562, 578 (S.D.N.Y. 2011), *aff'd*, 482 F. App'x 618 (2d Cir. 2012) (dismissing fraud claim where complaint did not allege auditors were aware of facts indicating fraud); *Hanson*, 2013 WL 5372749, at *5 (rejecting scienter theory where complaint "nowhere allege[ed] that [the] auditor ever saw" information revealing fraud); *Israel Disc. Bank of New York*, 45 Misc. 3d 1218(A), at *7 (no auditor scienter where plaintiffs failed to plead existence of specific "red flags [that] were known to defendant and ignored"). ████████████

████████████████████████████ *See* ¶¶ 373-74.  Nor could they. ████████████████████████

████████████████████████ *See id.*; *Waxman v. Envipco Pick Up & Processing Servs., Inc.*, No. 02 CIV. 10132 (GEL), 2003 WL 22439796, at *5 (S.D.N.Y. Oct. 28, 2003) (no scienter without allegations that misrepresentations were "known to be false [] at the time they were made").

*Second*, Plaintiffs allege that Crowe performed "[n]egligent [a]udits" ████████████

██████████████████████████████████████████

████████████████████████████████ ¶¶ 376-80.

These allegations do not establish negligence, which would be insufficient in any event because allegations of negligence, by definition, cannot support an inference of scienter.  *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 431 (S.D.N.Y. 2014) ("[A]llegations of professional negligence or shoddy auditing . . . do not support a strong inference of auditor scienter."); *In re Doral Fin. Corp. Sec. Litig.*, 563 F. Supp. 2d 461, 466 (S.D.N.Y. 2008) ("At most, the . . . information may raise an inference that [the auditor] was negligent in not following up on such discussions, but it certainly does not show the conscious turning away from the true facts required for recklessness."); *In re BISYS Sec. Litig.*, 397 F. Supp.

2d 430, 450 (S.D.N.Y. 2005) (Kaplan, J.) (allegation that auditor "negligently" ignored red flags "does not translate into an inference that [auditor] knowingly or recklessly participated in a fraud at the Company").[6]

*Third*, the remainder of Plaintiffs' scienter allegations, ¶¶ 381-84, ██████████ ██████████████████████ and thus cannot establish scienter with respect to Crowe's earlier-issued opinion (on May 1, 2017) regarding the December 31, 2016 financial statements of Holdings I. *See Waxman*, 2003 WL 22439796, at *5. ████████████████████



¶¶ 381-84.

¶¶ 462-66. That is the opposite of acting with fraudulent intent or conducting "no audit at all." *See The Pennsylvania Ave. Funds v. Inyx Inc.*, No. 08 CIV. 6857 (PKC), 2010 WL 743562, at *14 (S.D.N.Y. Mar. 1, 2010) (finding allegations that auditor sent letters to the company's audit committee raising concerns about the audit process and ultimately "resigned from its position as [] auditor" contradicted an inference of

---

[6] Here again, Plaintiffs again fail to connect their allegations to Crowe's May 1, 2017 audit report on the year-end 2016 financial statements of Holdings I. Many of the allegations do not reference Holdings I at all; ███████████████████████████████████ and yet other allegations ██████████████████████ which obviously do not bear upon Crowe's state-of-mind in issuing an unqualified audit opinion on May 1, 2017. *See Special Situations Fund III*, 33 F. Supp. 3d at 431 (no scienter where plaintiff failed to allege actual "awareness of facts" evidencing the fraud).

16

scienter); *see also Special Situations Fund III*, 33 F. Supp. 3d at 434 (considering "plausible, nonculpable explanations"); *FNF Touring LLC v. Transform Am. Corp*., 111 A.D.3d 401, 402 (N.Y. App. Div. 1st Dept. 2013) (considering facts that "undermine[d]" inference of scienter).

### 3. Plaintiffs Do Not Allege That Crowe Intended To Induce Reliance Or That Plaintiffs Relied On Crowe's Audit Opinion

Further, the allegations in the Amended Complaint fail to establish that Crowe "fraudulent[ly] inten[ded]" to induce Plaintiffs to rely on its alleged misrepresentation or that Plaintiffs reasonably relied on it, both of which are required to state a claim for fraudulent misrepresentation. *Deutsche Zentral-Genossenschaftsbank AG v. HSBC N.A. Holdings, Inc.*, No. 12 CIV. 4025 (AT), 2013 WL 6667601, at *19 (S.D.N.Y. Dec. 17, 2013); *Emergent Cap. Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 195 (2d Cir. 2003).

*First*, as to intent to induce reliance,



*See, e.g.*, ¶ 386

¶ 389

But Crowe's mere knowledge that the GPB Funds had investors who were provided with information about the GPB Funds is not enough; instead, Plaintiffs must allege that Crowe intended those investors to rely on *Crowe's* alleged misrepresentation with the knowledge that the representation was false or misleading. *See Smith v. Apple, Inc.*, 583 F. Supp. 3d 554, 568 (S.D.N.Y. 2022) (finding no intent to induce reliance where facts did not show that "Apple knew its iPhones were not as water resistant as advertised"); *see also FNF Touring*, 111 A.D.3d at 402 (dismissing fraud claim for failure to plead facts showing

17

that defendant "inten[ded] to induce plaintiff's reliance to its detriment"). Plaintiffs have not done so. *See supra* § II.B.

*Second*, far from alleging reasonable reliance, Plaintiffs do not even allege actual reliance on any Crowe statement, let alone Crowe's May 1, 2017 opinion on the year-end 2016 financial statements of Holdings I (the only alleged Crowe misstatement). Indeed, *Plaintiffs have not even alleged that any of them ever read that Crowe audit opinion* or any other statement by Crowe. Rollo is the only Plaintiff who alleges purchasing units in Holdings I, *see* ¶¶ 21-23, and she made her alleged purchase *two years before* Crowe issued its audit opinion, *see* ¶ 21 (alleging purchase on May 7, 2015). Accordingly, Plaintiffs cannot establish reliance on Crowe's alleged misstatement (or any other Crowe statements). *See Amorosa v. Ernst & Young LLP*, 672 F. Supp. 2d 493, 510 (S.D.N.Y. 2009), *aff'd*, 409 F. App'x 412 (2d Cir. 2011) (investor's claims limited to "misstatements or omissions" in audit opinions alleged to have been issued "prior to the purchase and/or sale dates"); *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291, 309 (S.D.N.Y. 2014), *aff'd*, 829 F.3d 173 (2d Cir. 2016) (Rule 9(b)'s standard for pleading reliance not satisfied where complaint "does not link [Plaintiff's] review of any particular statements . . . to particular purchases").

The striking absence of any allegation of fact that Plaintiffs relied on a statement by Crowe, much less that they did so reasonably, is fatal to Plaintiffs' fraudulent misrepresentation claim. *See Am. Fin. Int'l Grp.*, 2007 WL 1732427, at *9 (dismissing claim because "plaintiffs have not alleged that they read any of the financial statements at issue, much less that they actually relied on them"); *see also Olson v. Major League Baseball*, 29 F.4th 59, 76 (2d Cir. 2022) (no "actual reliance," let alone "reasonable reliance," where the complaint "contained no allegation that plaintiffs saw, read, or otherwise noticed any of the actionable misrepresentations"); *Suero v. NFL*,

No. 22-CV-31 (AKH) (BCM), 2022 WL 17985657, at *14 (S.D.N.Y. Dec. 16, 2022) (plaintiffs must allege they "actually saw, read, or heard – and then acted on the basis of – the allegedly fraudulent statements").[7]

### B.    Plaintiffs' Aiding And Abetting Claims Against Crowe Fail (Count III And Count V)

Plaintiffs bring claims against Crowe for allegedly aiding and abetting the GPB Defendants' alleged fraudulent inducement and accounting fraud.   ¶¶ 517-26; 532-35.   Those claims require Plaintiffs to plead facts establishing "(1) the existence of a fraud; (2) the defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission."  *Iowa Pub. Emp.'s Ret. Sys. v. Deloitte & Touche LLP*, 919 F. Supp. 2d 321, 344 (S.D.N.Y. 2013) ("IPERS").   Plaintiffs allege multiple theories of fraud by the GPB Defendants, most of which were rejected by Judge Kaplan in his December 14, 2020 opinion. *DeLuca*, 2020 WL 7343788, at *16-21.  The only theory of fraud that survived dismissal was based on the GPB Defendants' statement that investor distributions were being made from cash rather than from subsequent investor capital.  *Id.* at *21.  The same pleading failures that led Judge Kaplan to dramatically narrow the scope of the fraud claim against the primary actors, *id.*, at *15, are present once again in the Amended Complaint, including wholly conclusory allegations that statements were false or misleading, and impermissible group allegations of knowledge.  *Id.*

---

[7] In addition, Plaintiffs have not properly alleged damages against Crowe because they offer no "factual allegations describing the pecuniary or out-of-pocket loss sustained as a result of the defendants' alleged fraudulent misrepresentation."  *Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*, 383 F. Supp. 2d 428, 455 (S.D.N.Y. 2003) (dismissing fraudulent misrepresentation claim where plaintiff had "not adequately alleged any causal connection between the alleged misrepresentations and the resulting injury"); *see* ¶ 485 (attributing losses to actions by the GPB Defendants between July 2018 and June 2019, and not to Crowe's alleged fraudulent misrepresentation made in May 2017).

Further, Plaintiffs do not identify which statements by the GPB Defendants they received, reviewed or relied upon, which alone is fatal to Plaintiffs' aiding and abetting claims against Crowe. *See Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 396–97 (S.D.N.Y. 2010) (Kaplan, J.) (fraud not adequately pled where complaint did "not clearly or specifically allege any particular reliance by the plaintiff on [a] misrepresentation" or the "claimed omissions").

In any event, Plaintiffs' claims against Crowe for aiding and abetting fail because Plaintiffs do not and cannot allege that Crowe had "actual knowledge" of, or "substantially assisted" in, any alleged fraud.

### 1.      Plaintiffs Do Not Allege That Crowe Had Actual Knowledge Of The Alleged Fraud

The allegations in the Amended Complaint do not remotely plead that Crowe had "actual knowledge" of any fraud by the GPB Defendants, which is a demanding requirement "distinct from the inference permitted in the scienter context for the fraud itself." *IPERS*, 919 F. Supp. 2d at 345; *DeLuca*, 2020 WL 7343788, at *21 ("[C]onstructive knowledge is insufficient to constitute the knowledge element of an aiding and abetting claim.").

*First*, there is not a single allegation of fact anywhere in the Amended Complaint that Crowe had actual knowledge of any fraud at the GPB Funds (let alone when and how Crowe obtained such knowledge).  At most, ████████████████████████████████████ ████████████████████████████ ¶¶ 375-84, which is what auditors do.  That is a far cry from alleging that Crowe gained "actual knowledge" of a fraud, let alone when it gained such knowledge.  *See Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 413 (S.D.N.Y. 2021) (allegations of "ignor[ing] obvious warning signs" or "red flags" are "insufficient as a matter of law to raise an inference of actual knowledge").  And Plaintiffs' conclusory assertions regarding what the

20

"Auditor Defendants" supposedly knew, *see, e.g.*, ¶ 520, ¶ 533, fails for multiple reasons: (i) they are impermissible group allegations, *see DeLuca*, 2020 WL 7343788, at *15 (rejecting Plaintiffs' approach of "alleg[ing] that [defendants] knew various misrepresentations and omissions were false or misleading without describing which defendants had such knowledge or how such knowledge may have been obtained"); and (ii) they amount, at most, to "constructive knowledge," ¶ 533, which is not enough, *DeLuca*, 2020 WL 7343788, at *21.

  *Second*, Plaintiffs do not allege any facts to suggest that Crowe "conscious[ly] avoid[ed]" learning of the alleged fraud or was "willful[ly] blind[]" to it either. *See Berdeaux,* 561 F. Supp. 3d at 412, 417; *IPERS*, 919 F. Supp. 2d at 345 ("Willful blindness is a standard that surpasses recklessness and negligence . . . ."). Plaintiffs' own allegations ███████████████████

████████████████████████████████████████████████████

███████████ *See, e.g.*, ¶¶ 375-81, 383, 388-91 █████████████████

███████████. In any event, given that Plaintiffs' allegations do not even show recklessness on Crowe's part, *supra* § II.A.2, those allegations necessarily cannot satisfy the higher burden of "willful blindness." *IPERS*, 919 F. Supp. 2d at 345 ("[T]he facts as alleged in the Complaint fail to support an inference that [auditor] was reckless, let alone willfully blind with respect to the fraud afoot"); *Berdeaux*, 561 F. Supp. 3d at 416 (S.D.N.Y. 2021) ("[C]onstructive knowledge is not sufficient, nor is a lower standard such as recklessness or willful blindness.").

  Accordingly, Plaintiffs' aiding and abetting claims should be dismissed for failure to allege sufficient facts to support an inference that Crowe had actual knowledge of the alleged fraud. *DeLuca*, 2020 WL 7343788, at *21 ("A failure to allege sufficient facts to support the inference that the alleged aider and abettor had actual knowledge of the fraudulent scheme warrants dismissal

of the aiding and abetting claim at the pleading stage." (quoting *Krys v. Pigott*, 749 F.3d 117, 127 (2d Cir. 2014))).

### 2. Plaintiffs Do Not Allege That Crowe Provided Substantial Assistance To The Alleged Fraudulent Scheme

The aiding and abetting claims against Crowe fail for the additional reason that Plaintiffs do not allege facts showing that Crowe provided "substantial assistance" to the alleged fraudulent scheme, *i.e.*, that Crowe "affirmatively assisted, helped conceal, or failed to act when required to enable the fraud to proceed" and that its "actions proximately caused the harm on which the primary liability is predicated." *Berdeaux*, 561 F. Supp. 3d at 416; *see also Filler v. Hanvit Bank*, No. 01 CIV. 9510 (MGC), 2003 WL 22110773, at *2 (S.D.N.Y. Sept. 12, 2003) (same).

Sidestepping well-settled law that "the routine business of auditing" does not constitute substantial assistance, *CRT Invs., Ltd. v. BDO Seidman, LLP*, 85 A.D.3d 470, 472 (N.Y. App. Div. 2011), Plaintiffs claim that ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████ ¶ 398.  But none of the facts they allege supports that sweeping accusation, and moreover, Plaintiffs do not identify a single non-audit service by Crowe after it was engaged to audit the financial statements of Automotive Portfolio and Holdings I.  ¶¶ 396- 402.  For instance, Plaintiffs' support for a claim that Crowe "substantially assisted GPB with valuation work" ████████████████████████████████████████████████ ████████████████████████████████████████ and does not connect that work with any fraud.  ¶ 400. Plaintiffs also allege that ██████████████████████████████████████████████ ███████████████████████████████████████████████████████ ¶ 402.  But those vague allegations do not establish any "connection between" any services provided by Crowe and

22

the GPB Defendants' alleged fraud.  *See Filler*, 2003 WL 22110773, at *3 ("Rhetoric is not a substitute for specificity").

To the contrary, Plaintiffs' own allegations show the exact opposite of ███████



███████████████████████████████████████

███████████████████████████████████████

█████████████████████ ¶ 398 ██████████████████

███████████████████████████████████████

███████████ In a similar vein, Plaintiffs claim that Crowe ████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████ *See* ¶ 399.  Most crucially, far from bending its standards to placate GPB, █████

████████████████████████████████████ which Plaintiffs

themselves acknowledge.  *See* ¶¶ 464-66.  There simply is no basis in the Alleged Complaint for the suggestion that Crowe improperly compromised its audits and thereby substantially assisted in a fraud.  *See CRT Invs., Ltd.*, 85 A.D.3d at 472 (dismissing complaint where it failed to "to plead a factual basis for inferring that [auditor] did anything more than perform the routine business of auditing").  In short, the Amended Complaint contains no allegations concerning how any action by Crowe assisted with the alleged fraud supposedly perpetrated on Plaintiffs.  *See Betz v. Blatt*, 160 A.D.3d 689, 694 (N.Y. App. Div. 2018) ("'Substantial assistance' requires an affirmative act.").

Plaintiffs conclusory allegation that Crowe provided substantial assistance by "failing to act when required to do so," ¶ 396, likewise fails. A "failure to act" theory is not cognizable—in addition to being baseless—because Plaintiffs do not and cannot allege that Crowe owed a "fiduciary duty directly to" Plaintiffs. *Berdeaux*, 561 F. Supp. 3d at 417. Further, to the extent Plaintiffs contend that Crowe provided substantial assistance to alleged fraud by allegedly allowing its name to be used in GPB marketing materials, that theory fails because Plaintiffs do not identify any actual marketing materials using Crowe's name, let alone when those documents were published, whether Crowe knew—much less approved—that its name was being used in such materials, or whether Plaintiffs received or relied on them before purchasing units in any GPB Fund. *See* ¶ 520 (asserting only conclusory, group plead allegations regarding "[t]he Auditors"); *DeLuca*, 2020 WL 7343788, at *15 (rejecting group allegations).

Lastly, Plaintiffs say nothing at all in the Amended Complaint about how the alleged substantial assistance provided by Crowe "proximately" caused Plaintiffs' losses. *See* ¶¶ 396-403; *see also Filler*, 2003 WL 22110773, at *3 (no substantial assistance where "it [was] impossible to decipher the connection between" defendants' alleged conduct and the fraud). Plaintiffs offer only the sweeping assertion that "[w]ithout the Auditor Defendants, GPB's scheme could not have succeeded or continued." ¶ 313. But neither group pleading nor "but for" allegations are sufficient to satisfy the substantial assistance requirement. *See Filler*, 2003 WL 22110773, at *3 (dismissing aiding and abetting claim where "the complaints [did] not make allegations with respect to each defendant, but instead refer[red] only generally to the defendants as 'the Banks' or 'the Korean Banks.'"). Accordingly, Plaintiffs have failed to plead substantial assistance by Crowe.

## **CONCLUSION**

For the reasons stated above, Crowe respectfully requests that the Court dismiss Plaintiffs' claims against Crowe with prejudice.

Dated: March 6, 2023
      New York, New York

Respectfully submitted,

LATHAM & WATKINS LLP

By:   <u>/s/ *Kevin M. McDonough*</u>
      Kevin M. McDonough
      Abhinaya Swaminathan
      1271 Avenue of the Americas
      New York, NY 10020
      Telephone: (212) 906-1200
      Facsimile: (212) 751-4864
      Email: kevin.mcdonough@lw.com
            abhinaya.swaminathan@lw.com

      Jack Barber (*pro hac vice* forthcoming)
      Natalie R. Salazar (*pro hac vice* forthcoming)
      330 North Wabash Avenue, Suite 2800
      Chicago, IL 60611
      Telephone: (312) 876-7700
      Facsimile: (312) 993-9767
      Email: jack.barber@lw.com
            natalie.salazar@lw.com

      *Counsel for Defendant Crowe LLP*