UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BARBARA DELUCA, DREW R. NAYLOR,
and PEGGY ROLLO *et al.*

                                             Plaintiffs,                           **ORDER**

                        -against-                                    19-CV-10498 (LAK) (JW)

GPB HOLDINGS, LP, *et al.*,

                                             Defendants.
-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

## BACKGROUND

This putative class action alleging "a nationwide scheme to defraud investors" was brought against individual Defendants, the investment funds they controlled, and their auditors: Crowe LLP, EisnerAmper LLP, Margolin, Winer & Evens LLP, RSM US LLP, and Cohn Reznick LLP. Dkt. No. 253-2 at 7, ¶ 1.

The case commenced in 2019, and the claims were partially dismissed in 2020. Dkt. No. 96 at 58.

In January 2021, Defendants David Gentile, Jeffry Schneider, and Jeffrey Lash were indicted by the US Attorney's Office for the Eastern District of New York. See United States v. David Gentile, Jeffry Schneider, and Jeffrey Lash (21-CV-54) (DG) (PK). In May 2021, the Parties stipulated to stay the case against all Defendants "until such time as final judgment is entered in the Federal Criminal Action." Dkt. No. 115. That Stipulation permitted the Plaintiffs "the right to seek a termination or lifting of the stay" and Defendants reserved "all rights to oppose any such motion." Dkt. No. 115.

In late 2022, the Plaintiffs, asserting that the criminal action was proceeding "at a snail's pace" moved to lift the stay against the Auditor Defendants only. Dkt. No. 152 at 8. The Auditor Defendants opposed, arguing that "the Auditor Defendants will be unable to obtain significant discovery about the underlying fraudulent statements allegedly made by the GPB Defendants," and that "lifting the stay poses a significant risk that the Auditor Defendants would be required to participate in and provide discovery that will need to be duplicated once the stay is lifted as to the remaining Defendants." Dkt. No. 168.

In January 2023, Judge Kaplan granted the Motion to Lift the Stay, ruling that, "The Auditor Defendants' arguments in opposition are unpersuasive. While there is overlap between this case generally and the criminal matter, the overlap is considerably less extensive as it relates to the claims against the Auditor Defendants [which] involve issues that are uniquely or principally related to the Auditor Defendants. While it may be that the claims against the Auditor Defendants cannot be fully resolved without resolution of the claims against those involved in the criminal matter, the Court sees no reason why discovery and motion practice should not go forward while the stay remains in effect as to the other defendants." Dkt. No. 171.

In March, the Auditor Defendants submitted Motions to Dismiss, which were opposed by the Plaintiffs. Dkt. Nos. 188-205, Dkt. No. 218, 219. One of the arguments for dismissing the action is that due to the "absence of specific allegations regarding each Plaintiff's reliance…Plaintiffs' claim of fraudulent misrepresentation must be dismissed." Dkt. No. 204 at 25. This argument is targeted to particular individual Plaintiffs, as the Auditor Defendants argue for

2

dismissal "because Plaintiffs have not alleged that they relied upon or even received RSM's audit opinions in making investment decisions." Dkt. No. 204 at 25. That Motion to Dismiss remains pending before this Court.

This action is one of many putative class actions against the GPB entities, and two others are <u>SEC v GBP Capital *et al.*</u> (21-cv-583)(MKB)(VMS)(EDNY) (the "*SEC Action*") and <u>Kinnie Ma IRA v Ascendant Capital *et al.*</u> (19-cv-1050)(RP)(W.D. Tex.) (the "*Kinnie Ma Action*"). The *SEC Action* is a case brought by the SEC seeking to appoint a receiver over GBP Capital Holdings, LLC. The *Kinnie Ma* action is a putative class action brought by investors in the Western District of Texas against the GBP Funds, the individual Defendants, and the Auditor Defendants.

In June 2022, the SEC proposed a litigation hold in connection with the proposed receivership. Dkt. No. 249-1. On July 28, 2023, Magistrate Judge Scanlon issued a Report recommending the conversion of the Monitor into a receivership and imposing a litigation hold, enjoining actions "involving . . . the Receivership Estate [or] the Receivership Entities or any Receivership Assets." Dkt. No. 249-2. Her concluding paragraph reads, "The undersigned respectfully recommends that … the imposition of a litigation injunction be granted, *<u>subsequent to the clarification to be provided by Plaintiff</u>*, see supra, n.3, with Paragraph 18 of the Proposed Order modified to add, as a final sentence, the following: 'Any person or entity may seek leave of this Court to proceed against the Receiver, in such capacity; the Retained Personnel, in such capacity; the Ordinary Course Professionals, in such capacity; the Receivership Estate; the

3

Receivership Entities; and the Receivership Assets.'" Dkt. No. 249-21 at 33 (emphasis added).

On August 10th, the SEC submitted the clarification Judge Scanlon mentioned saying, "For the avoidance of any confusion, the SEC did not seek nor does it intend for the litigation injunction in its current form in the Proposed Order to extend to any non-Receivership Entities or to any non-Receivership Assets, including to any co-defendants named in any class action cases. The purpose of the litigation injunction is to consolidate all claims against Receivership Entities and Receivership Assets before the Receivership Court. The SEC also does not intend for the litigation injunction to extend to any Ordinary Course Professionals for any conduct arising _before_ the Proposed Order is entered. The purpose of the list of Ordinary Course Professionals is to ensure a seamless continuation of operations in the event the Court orders the appointment of a receiver." Dkt. No. 254-1 (emphasis added).

On August 7th, pointing to the Report issued by Judge Scanlon in the *SEC Action*, counsel for the Auditor Defendants submitted a letter seeking a conference to discuss "significant developments in related litigation" and "a proposed temporary stay of pending deadlines in the Scheduling Order." Dkt. No. 249. On August 9th, Plaintiffs filed a letter opposing the proposed stay.

That same day, the Plaintiffs separately requested a pre-motion conference to discuss an anticipated motion for leave to amend the operative Amended Class Action Complaint. Dkt. No. 254. In their letter, Plaintiffs emphasized that "Plaintiffs' sole purpose in seeking to amend is to add four additional named Plaintiffs." See Dkt. No. 254.

4

The next day, the Plaintiffs filed another letter directing the Court's attention to the SEC's clarification. Dkt. No. 255.

On August 14th, the Auditor Defendants opposed Plaintiffs' letter seeking leave to amend. Dkt. No. 256. Two days later, on the 16th, the Auditor Defendants filed another letter contesting the Plaintiffs' characterization of the SEC letter submitted to Judge Scanlon. Dkt. No. 257. The Auditor Defendants asserted that Judge Scanlon's language "is broad enough to encompass the claims against the Auditor Defendants. While the Plaintiffs disagree, and the SEC has stated its view regarding the intended scope of the litigation injunction, the recommended order speaks for itself." Dkt. No. 256.

Then, on August 21st, Magistrate Judge Hightower of the Western District of Texas agreed to stay the *Kinnie Ma* case against all defendants, concluding that, "the Court need not determine whether the prejudice to corporate defendants warrants a stay because the Court finds that a partial stay of this action would significantly hinder judicial efficiency. Gentile and Schneider are the central figures in this case and the importance of their testimony could lead to duplicative discovery…the Court finds that a complete stay is necessary to avoid duplication of the effort and the practical difficulties of proceeding in a piecemeal fashion." Dkt. No. 258-1.

The next day, the Auditor Defendants submitted another letter informing the Court of the *Kinnie Ma* stay.

This Court then issued an Order pausing all briefing deadlines in the pending Motion for Class Certification while it considered the proposed stay. Dkt. No. 259. The Parties are currently engaged in both merits discovery of the Auditor

5

Defendants and class certification discovery of the proposed class representatives.

The Court heard oral argument on the proposed stay on September 13th.

## POSITIONS OF THE PARTIES

The Auditor Defendants' position is that "a temporary stay of discovery and suspension of case deadlines at least until such time as the EDNY District Judge issues an order on the R&R recommending a litigation injunction is the most efficient path forward." Dkt. No. 249. The Auditor Defendants offer five arguments on the need for a stay. First, the Auditor Defendants assert that Judge Scanlon's R&R by its plain language encompasses this action. Dkt. No. 257. Second, the Auditor Defendants also claim that the next stage of the process, class certification, implicates more substantial discovery, and may be more difficult without the testimony of the central figures in the case. Dkt. No. 249 and 257. Third, the Auditor Defendants claim that a stay would eventually be needed either way, as the Parties will eventually need to depose the central figures to determine the primary liability of the GPB entities. Dkt. No. 257 at 3. Fourth, the Auditor Defendants assert that the investors will not know the full extent of their damages (if any) until the receivership distributes the remaining assets to the investors. Id. Fifth, at oral argument, the Auditor Defendants emphasized that a stay was needed to avoid duplicative discovery. In sum, the Auditor Defendants contend that the combination of class certification discovery, strong Motions to Dismiss, the *Kinnie Ma* stay, and Judge Scanlon's Report recommending a receivership, represents a new inflection point in the case warranting a stay.

6

Plaintiffs, on the other hand, argued at the conference that the Auditor Defendants simply seek a "second bite at the apple" and that Judge Kaplan already considered these arguments in lifting the stay.

With respect to Plaintiffs' proposed amendments, the Auditor Defendants contend that "it is no small matter" to add new named Plaintiffs, as "several of the arguments for dismissal are Plaintiff-specific and require analysis of whether each Plaintiff has adequately alleged that they received and relied upon the documents and information on which their fraud and aiding and abetting claims are based." Dkt. No. 256. While the Auditor Defendants complain that "the request is belated and the result of unexplained delay," the Auditor Defendants write that they "do not necessarily oppose the filing of an amended complaint, provided such relief is accompanied by an appropriate extension of the schedule to allow the Auditor Defendants to file responsive pleadings and take discovery from the new Plaintiffs." Dkt. No. 256.

Plaintiffs claim that the "proposed SAC makes only minimal modifications to the Amended Complaint, namely the minor changes necessary to add the four new class representatives…they do not seek to add *any* new claims, make *any* new substantive allegations, or name *any* new defendants." Dkt. No. 254 (emphasis in original).

## LEGAL STANDARD

A district court may "defer civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem to require such action." See Rex & Roberta Ling Living Tr. u/a Dec. 6, 1990 v. B Commc'ns Ltd., (17-CV-4937) (JPO) *citing* United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Vista Food Exch.,

7

Inc. v. L., No. 21-CV-04689 (ALC), 2023 WL 2760965, at *1 (S.D.N.Y. Mar. 31, 2023) *citing* Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986).

Staying a civil case "is an extraordinary remedy" and a civil defendant urging such a stay "bears the burden of establishing its need." See SEC v. Carroll, No. 19-CV-7199 (AT), 2020 WL 1272287, at *2 (S.D.N.Y. Mar. 17, 2020) *citing* Louis Vuitton Malletier S.A. v. LY USA. Inc., 676 F.3d 83, 98 (2d Cir. 2012); see also Clinton v. Jones, 520 U.S. 681, 708 (1997).

Whether a court should "stay civil litigation during ongoing, overlapping criminal proceedings is discretionary and case specific." SEC v. LaGuardia, 435 F. Supp. 3d 616, 621 (S.D.N.Y. 2020)(Aaron, MJ); Landis v. North American Co., 299 U.S. 248, 254 (1936)("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In exercising their discretion regarding whether to implement a stay, courts in the Second Circuit have looked to various factors to guide their analysis. Those factors may include "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." Louis Vuitton Malletier S.A. v. LY USA. Inc., 676 F.3d 83, 98 (2d Cir. 2012).

The Second Circuit has recognized, however, that this multifactor test, "no matter how carefully refined, can do no more than act as a rough guide for the district

8

court as it exercises its discretion." See SEC v. Blaszczak, No. 17-CV-3919 (AJN), 2018 WL 301091, at *2 (S.D.N.Y. Jan. 3, 2018) *citing* Louis Vuitton *supra* at 99.

Exactly how a trial court should respond to any Fifth Amendment issue in a civil proceeding "necessarily depends on the precise facts and circumstances of each case." See United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y., 55 F.3d 78, 85 (2d Cir. 1995).

On the proposed amendment, "the Second Circuit has instructed that a motion to amend should be denied only for … undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." Waite v. UMG Recordings, Inc., 477 F. Supp. 3d 265, 268 (S.D.N.Y. 2020) (Kaplan, J.). Only "*undue* prejudice warrants denial of leave to amend." Lickteig v. Cerberus Capital Mgmt., L.P., No. 1:19-cv-5263-GHW, 2020 WL 7629876, at *4 (S.D.N.Y. Dec. 22, 2020)(emphasis in original). In deciding whether undue prejudice exists, courts evaluate whether the proposed amendment would (i) "significantly delay the resolution of the dispute" or (ii) "require the opponent to expend significant additional resources to conduct discover or prepare for trial." Marsh v. Sheriff of Cayuga Cty., 36 F. App'x 10, 11 (2d Cir. 2002).

## ANALYSIS

Here, especially since it is the Auditor Defendants seeking a prolonged stay, there is no risk of the amendment causing a significant delay in resolving the dispute. Moreover, the amendment will result in only a slight increase in the need to expend additional resources.

Therefore, Plaintiffs' request for leave to amend is GRANTED. **The Plaintiffs shall file their proposed Amended Complaint by September 19th.**

In light of the proposed amendment and the fact that the Motions to Dismiss made Plaintiff-specific arguments, the previously filed Motions to Dismiss are DENIED as moot upon the filing of the Second Amended Complaint.

By **September 19th**, the Auditor Defendants shall file a letter informing the Court and the Plaintiffs whether they wish to submit an omnibus Motion to Dismiss on behalf of all the Auditor Defendants. **By September 22nd**, the Parties shall jointly propose a briefing schedule for the anticipated Motion to Dismiss the Second Amended Complaint.

On the proposed stay, while Judge Scanlon's Report recommending a receivership has the potential to affect our case, given the SEC's clarification letter, until Judge Brodie acts on the R&R, the exact scope of the litigation hold is uncertain.

Thus, at this time, none of the developments in the *Kinnie Ma* action or the *SEC Action* appear to obviate the reasoning Judge Kaplan adopted when he lifted the stay in January. "When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." See Carroll v. Trump, 2023 WL 5017230, at *8 (S.D.N.Y. Aug. 7, 2023)(Kaplan, J.) *citing* Pepper v. United States, 562 U.S. 476, 506 (2011)(defining the law of the case doctrine).

Indeed, the Auditor Defendants' arguments echo those made last winter. See generally Dkt. No. 168.

The mere fact that the Auditor Defendants feel they present strong arguments in their Motions to Dismiss is generally not enough for the Court to impose "the extraordinary remedy" of a stay. See SEC v. Carroll, No. 19-CV-7199 (AT), 2020 WL 1272287, at *2 (S.D.N.Y. Mar. 17, 2020) *citing* Louis Vuitton Malletier S.A. v. LY

10

USA. Inc., 676 F.3d 83, 98 (2d Cir. 2012); see also Clinton v. Jones, 520 U.S. 681, 708 (1997). Therefore, the request to stay the action is DENIED, in part.

However, given that the Plaintiffs have moved to add new class representatives, the Court finds that there are reasonable grounds to pause the Motion for Class Certification until the anticipated Motions to Dismiss are ruled upon.

Therefore, **all deadlines with respect to the Motion for Class Certification are adjourned until this Court issues a Report and Recommendation on the anticipated Motions to Dismiss**. The Court thus stays class certification-specific discovery.

But to be clear: **the Court is not staying any ongoing merits discovery**. So long as it does not relate exclusively to the question of class certification, the Parties shall continue to exchange document discovery and schedule depositions of those not currently facing criminal charges or asserting a privilege under the Fifth Amendment.

As discussed above, it is possible that Judge Brodie's ultimate adoption or denial of Judge Scanlon's R&R may affect our case. Therefore, within fourteen days of Judge Brodie's Decision in SEC v GBP Capital *et al.* (21-cv-583)(MKB)(VMS)(EDNY), the Parties shall each submit a letter motion detailing their perspective on how, if at all, that Decision affects this case.

In the interim, should there be any category of discovery or depositions that a Party concludes is unduly burdensome or likely to be duplicative, the Parties shall meet and confer on a potential resolution prior to seeking court intervention.

**The Clerk of the Court is respectfully requested to close Dkt. Nos. 188, 190, 193, 197, and 203.**

SO ORDERED.

DATED:   New York, New York
         September 15, 2023

_____
JENNIFER E. WILLIS
United States Magistrate Judge