UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BARBARA DELUCA, DREW R. NAYLOR,
and PEGGY ROLLO *et al.*

                         Plaintiffs,

           -against-

GPB HOLDINGS, LP, *et al.*,

                         Defendants.
-----------------------------------------------------------------X

**ORDER**

**19-CV-10498 (LAK) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court previously directed the Parties to confer and "jointly propose a briefing schedule for the anticipated Motion to Dismiss the Second Amended Complaint." Dkt. No. 263. The Parties then submitted letters to the Court seeking judicial intervention because they could not agree on the number of pages to be permitted in their briefs. Dkt. No. 270; Dkt. No. 271.

"Without cooperation among lawyers for clients who are in an adversarial position, civil cases in this Court could not proceed to a final and just conclusion." Alexander Interactive Inc. v. Adorama, Inc., 2014 WL 4058705, at *1 (S.D.N.Y. Aug. 14, 2014). Put simply, "the courts would grind to a halt if it became necessary to intervene constantly in discovery disputes." Meikle v. Transaction Network Servs., Inc., No. 20-CV-953(JGK)(BCM), 2021 WL 3617336 (S.D.N.Y. July 22, 2021) *quoting* Crawford v. Franklin Credit Mgmt. Corp., 261 F.R.D. 34, 43 (S.D.N.Y. 2009).

SDNY Local Rule 26.4(a) further directs that "Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process…including in matters relating to scheduling and timing of various discovery procedures."

Thus, lawyers should "strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests." <u>Meikle</u>, *supra, quoting* <u>In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.</u>, 415 F. Supp. 2d 261, 280 n.100 (S.D.N.Y. 2005).

In the future, the Parties are directed to be more mindful of the Court's limited resources.

The following briefing schedule is adopted:

- Auditor Defendants shall file their omnibus motion **by November 2, 2023**. The omnibus Motion to Dismiss **shall be limited to 25 pages**. The 25-page memorandum of law addressing common issues shall be signed by all the Auditor Defendants. Each Auditor Defendant may then submit a separate memorandum of law with any arguments that are specific to that Defendant. Those separate, Defendant-specific briefs **are limited to ten pages, double-spaced**. If the Auditor Defendants object to these limits, they must inform the Court **by September 29th**. If they object, the Auditor Defendants may each file their own 25-page Motion to Dismiss, but then they may not reference each other's papers and must detail all aspects of their arguments within those 25 pages.

- Plaintiffs shall file their memorandum of law **by December 15, 2023**. If the Auditor Defendants file an omnibus brief, the omnibus Opposition shall be limited to fifty pages. If the Auditor Defendants elect not to file an omnibus brief, the Opposition to each Motion to Dismiss shall be only 25 pages.

- Auditor Defendants shall file their Reply memoranda of law **by January 12, 2024**. If an omnibus brief, this shall be limited to fifteen pages, if not, each Reply shall be limited to ten pages.

SO ORDERED.

DATED:   New York, New York
         September 25, 2023

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge

2