UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA DELUCA and DREW R.,      : Docket #19-cv-10498
NAYLOR, on behalf of themselves
and other similarly situated
limited partners,
                    Plaintiffs,  :

      -against-                   :

GPB AUTOMOTIVE PORTFOLIO, LP,     : New York, New York
et al.                             September 13, 2023
                    Defendants.   :

-------------------------------:

PROCEEDINGS BEFORE
THE HONORABLE JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          GRANT & EISENHOFER, P.A.
                        BY:  CAITLIN MOYNA, ESQ.
                             MICA COCCO, ESQ.
                             VINCENT PONTRELLO, ESQ.
                        485 Lexington Avenue
                        New York, New York 10017


                        DILWORTH PAXSON, LLP
                        BY:  CATHERINE PRATSINAKIS, ESQ.
                        1500 Market Street, Suite 3500E
                        Philadelphia, Pennsylvania 19102


For Defendant:          WILLIAMS & CONNOLLY, LLP
(RSM US LLP)            BY:  KATHERINE M. TURNER, ESQ.
                             KAITLIN BEACH, ESQ.
                        650 Fifth Avenue, Suite 1500
                        New York, New York 10019


For Defendant:          LATHAM & WATKINS, LLP
(CROWE, LLP)            BY:  CHRISTOPHER TURNER, ESQ.
                             JOHN JOSEPH BARBER, ESQ.
                        555 11th Street NW, Suite 1000
                        Washington, DC 20004

```
APPEARANCES (CONTINUED):

For Defendant:        SIDLEY AUSTIN, LLP
(EisnerAmper LLP)     BY:  CAROLINE A. WONG, ESQ.
                      1 S. Dearborn Street
                      Chicago, Illinois 60603


For Defendant:        STROOCK & STROOCK & LAVAN, LLP
(CohnReznick LLP)     BY:  DAVID CHEIFETZ, ESQ.
                      180 Maiden Lane
                      New York, New York 10038


For Defendant:        Troutman Pepper Hamilton
                      Sanders, LLP
(Margolin, Winer      BY:  STEPHEN GEORGE RINEHART, ESQ.
& Evens, LLP)         875 Third Avenue
                      New York, New York 10128


For Defendant:        MAYER BROWN, LLP
(GPB, LP)             BY:  GLEN A. KOPP, ESQ.
                           JOSEPH DE SIMONE, ESQ.
                      1221 Avenue of the Americas
                      New York, New York 10120



Transcription Service: Marissa Mignano Transcription
                       Phone:  (631) 813-9335
                       E-mail:marissamignano@gmail.com



Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

INDEX

E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---------|--------|-------|-----------|----------|
| None | | | | |

E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|----|----|-----------|
| None | | | | |

```
 1              THE DEPUTY CLERK:  All rise.
 2   Judge Jennifer Willis is now presiding.  Court is
 3   now in session.
 4              THE COURT:  You may be seated.
 5              THE DEPUTY CLERK:  Good afternoon,
 6   Your Honor.  We are here for Deluca v. GP Holdings,
 7   Docket Number 19-cv-10498.
 8              We ask that counsel for plaintiffs, as well
 9   as defense counsel please rise and state their name
10   for the record.
11              MS. MOYNA:  Good afternoon, Your Honor.
12   Thank you for the opportunity to appear today.  My
13   name is Caitlin Moyna.  I represent the plaintiffs,
14   and I'm with the law firm Grant & Eisenhofer.  If I
15   might introduce my colleagues.  This is
16   Catherine Pratsinakis from --
17              MS. PRATSINAKIS:  I'll introduce myself.
18              MS. MOYNA:  Sorry.
19              MS. PRATSINAKIS:  My name is
20   Catherine Pratsinakis.  I represent the plaintiff.
21   I'm with the law firm Dilworth Paxson.
22              MS. MOYNA:  And next to Catherine is my
23   colleague Mica Cocco, also from Grant & Eisenhofer.
24   And also with us is Vincent Pontrello from Grant &
25   Eisenhofer.
```

```
1              THE COURT:  Good afternoon to you all.
2              MS. MOYNA:  Good afternoon.
3              MS. TURNER:  Good afternoon, Your Honor.
4    We appreciate your time today.  My name is
5    Katherine Turner.  I represent defendant RSM US LLP,
6    from the law firm of Williams & Connolly, LLP, and
7    with me is my colleague Kaitlin Beach.
8              MR. TURNER:  Good afternoon, Your Honor.
9    I'm Christopher Turner of Latham & Watkins.  Here
10   with me is my partner Jack Barber, also of Latham &
11   Watkins.  We represent Crowe LLP.
12             MS. WONG:  Good afternoon, Your Honor.
13   Caroline Wong of the firm Sidley Austin, LLP on
14   behalf of EisnerAmper.  Thank you for your time
15   today.
16             MR. CHEIFETZ:  Good afternoon, Your Honor.
17   David Cheifetz from Stroock & Stroock & Lavan for
18   CohnReznick.
19             MR. RINEHART:  Good morning, Your Honor.
20   Stephen Rinehart from Troutman Pepper on behalf of
21   defendant Margolin, Winer & Evens.
22             THE COURT:  Good afternoon to you all.
23             MR. KOPP:  Glen Kopp and my partner,
24   Joe De Simone, Mayor Brown, LLP for GPB Capital
25   Holdings, LLP and the other GPB defendants.  Good
```

```
 1   afternoon.
 2            THE COURT:  Good afternoon.  Is that
 3   everyone or has anyone been left out?
 4            That's it.  All right.
 5            So we are here.  There has been a request
 6   by the defendants to stay this action waiting on --
 7   well, I guess first I want to sort of drill down on
 8   exactly what the request is.  I want to be precise
 9   here.  Is the request just to stay until the
10   District Court Judge in EDNY acts on the Scanlon
11   R&R?  Is it a more broad stay that regardless of
12   what happens on that R&R, to stay until the
13   receivership is resolved?  To stay until the
14   criminal matters are resolved?  Just how broad of a
15   stay are we looking for?
16            So I'll turn to the defendants first, just
17   for the answer on that question before then getting
18   to the substance.
19            MS. TURNER:  Yes, Your Honor.  I'd be happy
20   to speak to that.  So at this stage, we are solely
21   seeking a suspension of the case deadlines pending
22   Judge Brodie's decision on Judge Scanlon's report
23   and recommendation in the Eastern District of
24   New York.  That order will determine whether a
25   litigation injunction is to be issued and also
```

1    determine the scope of that injunction.

2           Regardless of the scope of the injunction,

3    meaning regardless of whether it is deemed to apply

4    only to the GPB defendants in this case or it is

5    deemed to stay this litigation entirely, it will

6    significantly impact the scope of this case.  Our

7    view is that even if the litigation injunction is

8    issued and it does not, by its terms, apply to the

9    auditor defendants, that we nevertheless would seek

10   to present to this Court why this Court should

11   exercise its inherent authority to control its

12   docket to stay the case in its entirety given that

13   the GPB defendants in that scenario would be absent

14   for a significant period of time.

15          So what we're asking is for this Court to

16   suspend the deadlines until we have the District

17   Court in EDNY's order and then to set, perhaps

18   14 days from the issuance of that order, for the

19   parties to this case to submit briefing on the

20   impact of that order and the implications of that

21   order for this case, including whether any

22   additional stay is sought if the litigation

23   injunction is determined not to apply to the auditor

24   defendants.

25          THE COURT:  All right.  Is that the

1    position with respect to all of the defendants

2    collectively?

3              MS. TURNER:  So, Your Honor, I've been

4    asked to speak on behalf of the auditor defendants,

5    but not the GPB defendants.  So I'm not sure whether

6    they have any further clarification of that.

7              THE COURT:  All right.  Thank you very

8    much.

9              GBP?

10             MR. KOPP:  Yes, Your Honor.  That is a

11   position that's consistent with the GPB defendants,

12   that a stay temporarily, pending the decision on

13   Judge Scanlon's report and recommendation, makes the

14   most sense from GPB's perspective.

15             THE COURT:  And, sir, when you speak, I

16   think I'm going to have to ask you to come up to

17   this microphone because, unfortunately, the ratio of

18   court reporters to judges is such that we do not

19   always have court reporters available, and so we are

20   recording.  And I think from the distance that you

21   were, it's unlikely that your presence was actually

22   noted for the recording and, therefore, wouldn't be

23   in the transcript.

24             So perhaps say that again.

25             MR. KOPP:  Sure.  My apologies, Your Honor.

1   And I was instructed to do this before, so apologies

2   to your deputy, as well.

3           The GPB position is the same as the auditor

4   defendants, that a temporary stay pending the

5   decision on the report and recommendation by

6   Judge Brodie on the report and recommendation of

7   Judge Scanlon would make the most sense here,

8   Your Honor.

9           THE COURT:  All right.  So, plaintiff,

10  given that, what is your -- let me just see briefly

11  again before we get into the substance of the

12  request for the stay, what is your position with

13  respect to whether -- I'll call it a temporary stay,

14  at least until we know how Judge Brodie will rule on

15  the Scanlon R&R., what's your view on that?

16          MS. MOYNA:  Our view, Your Honor, is that

17  no stay is warranted at this time.  Judge Brodie has

18  not ruled on the R&R.  As the defendants have

19  pointed out, we don't know what the scope of any

20  potential litigation injunction, if one should be

21  issued, will even be.  Our case has been moving

22  forward.  We're fully engaged in discovery, and we

23  think halting the case at this phase would actually

24  be inefficient.

25          So we see no reason why we shouldn't

1    proceed a pace as we have been.  And if a litigation

2    injunction is entered, we can assess whether it will

3    affect us.  We certainly think it will not affect

4    us, but that is our position.

5            THE COURT:  All right.  Thank you.  I

6    appreciate the clarifications from both sides.  So,

7    now, I'll turn back to the auditor defendants first

8    for your more broad argument on why you think that

9    the stay, at least until we have the ruling from

10   Judge Brodie, is appropriate.

11           MS. TURNER:  Yes, Your Honor.  So this

12   particular event of the report and recommendation is

13   coming at a bit of a turning point in this case.

14   The plaintiffs have just filed their class

15   certification motion, and then shortly thereafter,

16   they indicated that they would like to seek to amend

17   their Complaint.

18           So if this case were to move forward, two

19   things would be happening.  One is that this Court

20   will determine whether plaintiffs are allowed to

21   amend their Complaint.  And if so, we would then

22   proceed to re-briefing of motions to dismiss with

23   regard to the amended Complaint.  And then following

24   that, presumably would resume class discovery.

25           With regard to class discovery, prior to

1    plaintiffs indicating that they wanted to amend, we

2    were about to embark on a set of depositions related

3    specifically to class certification.

4         So it's our view that it makes no sense to

5    proceed with a second round of motion to dismiss

6    briefing and then class certification discovery and

7    expend the significant resources that those two

8    things would entail if we are soon going to be

9    finding out whether the GPB defendants will be

10    absent from this case on a more sustained basis.

11         THE COURT:  But isn't there a way to

12    proceed with at least -- the original motion to

13    dismiss is obviously fully briefed.  Plaintiffs have

14    indicated, obviously, that they want to amend.  If

15    they were granted leave to amend, certainly through

16    either stipulation of the parties or implication of

17    the Pettaway case, whatever briefing had been done

18    as to the original -- the motion to dismiss with

19    respect to the original Complaint could be applied

20    to an amended Complaint subject to perhaps some

21    supplementation if there are some new issues that

22    arise only as to the amended Complaint so that the

23    work wouldn't need to be duplicated in terms of

24    generating the motion to dismiss.

25         And so it doesn't seem to me that

1    allowing -- one, I could do an R&R on the motion to

2    dismiss right now.  It's already fully briefed.

3    There's no additional work that would need to be

4    done.  Doesn't seem to me that that makes sense when

5    plaintiffs have indicated they want to amend.  And I

6    don't want to do that work, and then they amend, and

7    then we have to sort of all do it a second time.

8    But it seems that there are ways to prevent that

9    that will allow at least that part to move forward

10   kind of regardless of what happens with any stay of

11   other deadlines.

12          So if the concern is what's going to happen

13   with the motion to dismiss, what's going to happen

14   with any amendment, it seems like there's ways to

15   sort of resolve that that are separate and apart

16   from staying all other deadlines and staying

17   discovery and the like.

18          MS. TURNER:  Yeah.  Thank you, Your Honor.

19   A few things.  I think -- first, I would note that

20   the pending motion to dismiss does have one issue in

21   it that would be fully applicable to any new

22   plaintiff, which is that this case should be

23   dismissed in favor of the first filed class action

24   that substantially overlaps with this one in the

25   Western District of Texas.  That's the *Kenny Monte*

```
 1    case.
 2            But if we were to -- if there were an
 3    amendment and a new round of motion to dismiss
 4    briefing, there are issues that are unique,
 5    plaintiff by plaintiff, mainly the timing of their
 6    investment and what each plaintiff alleges that they
 7    reviewed, relied on, understood at the time of their
 8    investment.  The claim here is that they were
 9    induced by alleged misrepresentations by the GPB
10    defendants, and that the auditors allegedly aided in
11    that.  And so the timing of whether the auditors
12    were even involved at the time of each investment is
13    plaintiff by plaintiff and specific.
14            So I think your key question, though, is,
15    well, why can't we just do that motion to dismiss
16    briefing while Judge Brodie considers the report and
17    recommendation?  And I think the reason for that is
18    that it's our view that it is likely that this case
19    is going to -- regardless of how Judge Brodie
20    decides, this case is likely going to need to be
21    stayed in its entirety because of the receivership.
22    And that when you get on the other side of that, it
23    won't be efficient to have briefed the motion to
24    dismiss of the amended Complaint because on the
25    other side of that, some of these plaintiffs might
```

1   not even be wanting to participate anymore.

2          As it stands, the GPB funds have liquidated

3   approximately 1 billion in assets that, as I

4   understand it, sit waiting to be distributed.  And

5   so there's a real question in this case which

6   investors, if any, even have damages.  So I think

7   that if we were to have a stay of this case, the

8   receivership were to play out, there would be a lot

9   greater clarity on the other side of that of which

10  plaintiffs are even involved.

11          So, in our view, it makes little sense to

12  expend the resources of the Court to adjudicate

13  another round of -- to have another round of motion

14  to dismiss briefing and to adjudicate that as to

15  these four new plaintiffs when there's a significant

16  question in this case about whether and which

17  plaintiffs, if any, have even suffered investment

18  loss.  So I think that is the real efficiency

19  savings to be gained in just putting a pause, seeing

20  what the EDNY does, coming back to Your Honor to

21  brief the implications of that for this case, and

22  then figure out what the appropriate path forward is

23  in this case.

24          THE COURT:  All right.  Thank you.

25          GBP.

1          MR. KOPP:  Your Honor, the only thing that

2     we would add to your consideration in terms of the

3     temporary stay is that at that point that the judge

4     makes a decision on the R&R, either the receiver

5     will step into the shoes of management of GPB or he

6     won't.  At this time, we do not know what the

7     position of the receiver will be as to what is in

8     the best interests of GPB and its investors at that

9     time.  And so for us, our view is that status quo up

10    and until that time makes the most sense.  We cannot

11    speak for the receiver.  So we are best to allow the

12    process to continue, allow that decision to be made,

13    and allow the receiver, whose mandate will be to get

14    money back to investors, to sort of assess the

15    situation and make a decision at that time.

16          THE COURT:  Thank you.

17          MS. MOYNA:  Thank you.  I think it's

18    important to sort of remember where we started.  The

19    defendants -- or about a year ago, the auditors

20    presented motions to stay this action to

21    Judge Kaplan.  Judge Kaplan issued an order in

22    January of this year, just eight months ago, denying

23    their request for a stay.  It's our view that this

24    is simply a second bite at an apple.  Maybe perhaps

25    before a different set of ears, but it's really the

```
 1    same bite at the same apple.  It's our view that
 2    they are using the activity in the SEC case as a
 3    pretext to get that second bite at an apple.
 4           From our standpoint, nothing that's
 5    happening in the SEC action implicates a stay in
 6    this action.  As the Court knows, the SEC, which is
 7    the entity that made the application and put a
 8    proposed order seeking principally a receivership,
 9    but in order to facilitate that receivership,
10    potentially a litigation injunction, put that
11    proposed order before the Eastern District of
12    New York, has since filed a letter clarifying that
13    the SEC does not seek to stay our claims against the
14    auditors here.  And the auditors have not disputed
15    that that's what the letter that the SEC put in on
16    August 10th.  We put it before Your Honor on
17    August 11th.  They have not disputed that that's
18    what the letter said.
19           Their only retort was really, well, maybe
20    that's what the SEC thinks, but Judge Brodie is
21    going to do what Judge Brodie is going to do.  And
22    we agree that Judge Brodie will make a decision and
23    we will live by that.  But so far today, what I'm
24    hearing is a lot of this might happen, that might
25    happen, this may happen.  And plaintiffs should not
```

1    bear the risk of any uncertainties with regard to

2    whether or not a litigation injunction affects our

3    claims against the auditors here, especially since

4    we are already proceeding and especially since

5    Judge Kaplan has essentially rejected a lot of these

6    arguments.

7            I also want to point out that even in

8    Judge Scanlon's report and recommendation, she sort

9    of had an amendment to the language that the SEC had

10   put in the proposed order allowing for -- let me get

11   this.  Sorry, to look at the exact language --

12   allowing basically for litigants, like ourselves, to

13   make a motion to the Eastern District of New York

14   seeking leave to proceed against including the

15   receivership entities and the ordinary course

16   professionals.  So we don't even think that on its

17   face, actually, the proposed order that

18   Judge Scanlon has recommended will impact our case.

19           Well -- sorry, Your Honor.  I want to point

20   out one more thing.  I think the defendants are

21   overstating the prejudice involved with briefing a

22   second motion to dismiss.  As we pointed out, the

23   claims largely overlap.  We've added four new

24   plaintiffs -- or seeking to add four new plaintiffs.

25   The allegations pertaining to those four new

1     plaintiffs are essentially identical to the

2     allegations of the previous three plaintiffs in

3     terms of they allege the name, where the person

4     resides, what funds they invested in, the dollar

5     amount of the fund, and when they invested.

6            I think defendants are overstating the

7     burden of particularized arguments as to these

8     plaintiffs because the allegations are essentially

9     identical and they can just expand those arguments

10    to include these new plaintiffs in any supplemental

11    briefing.  And expending resources is not

12    demonstrative of irreparable harm.

13           Unless you have any other questions.

14           THE COURT:  No.  Thank you.

15           Auditor defendants, what is your response

16    to how your request reconciles with the ruling by

17    Judge Kaplan earlier this year that we shouldn't

18    have a stay, we should continue on, at least for

19    your portion of the case?

20           MS. TURNER:  Yeah.  I think it's important

21    to recall that both in Judge Kaplan's order and in

22    plaintiffs' briefing in connection with their motion

23    for this partial lifting of the stay that has now

24    occurred, there appear to be a recognition that this

25    would be an ongoing evaluation and that there might

1    come a time where piecemeal litigation is no longer
2    viable, meaning adjudicating the issues in this case
3    in the absence of the defendants who are alleged to
4    have primary liability and whom the alleged
5    secondary liability of the auditor defendants is
6    based.
7            So Judge Kaplan, in that order, had
8    indicated that while it may be that the claims
9    against the auditor defendants cannot be fully
10   resolved without resolution of claims against those
11   involved in the criminal matter, the Court sees no
12   reason why discovery and motion practice should not
13   go forward while the stay remains in effect.  So
14   that was at that point in time.  And, in fact,
15   that's what we did.  We did document discovery.
16   We've done written discovery.  There are some
17   additional parts of that that are still ongoing.
18   And we briefed the motion to dismiss.
19           I don't think that Judge Kaplan's order
20   should be read as a conclusion that there was never
21   going to be a time where, if the GPB defendants were
22   still absent, that the case would not need to be
23   stayed.  Plaintiffs themselves and their --
24           THE COURT:  Let me ask you, though, on that
25   point.  Why is now the inflection point on this

```
 1    question rather than whenever Judge Brodie issues a
 2    final determination?  Because right now, we have
 3    Judge Kaplan has said there should be a partial
 4    lifting of the stay and we should go ahead with this
 5    portion of the case.  Yes, Judge Scanlon has
 6    recommended that there be a litigation hold, but,
 7    now, we also have sort of the asterisks of what
 8    exactly did the SEC want?  And we don't know what,
 9    in fact, Judge Brodie will do.  And the
10    recommendation doesn't have the effect of law on the
11    case until it is acted on by Judge Brodie.
12         So I certainly -- if she disregards the SEC
13    sort of asterisks that we weren't really asking for
14    all this, we only wanted this, whatever it is that
15    she decides, that can have implications on GBP, that
16    could have wider implications, the idea that we then
17    might need to sort of revisit, where are we?  Who's
18    in the case?  Who's not?  Can we continue on in a
19    meaningful way that's not harmful to the interests
20    of anyone?  That certainly seems like an inflection
21    point.
22         But why is the issuance of the R&R a point
23    where we need to sort of really be having this
24    discussion when in terms of the ruling that
25    Judge Kaplan made, what has really changed?  Yet.
```

1    Once we have the Brodie decision, there may be a sea
2    change in how this case looks.  But right now, I do
3    take plaintiffs' point that we're all sort of gaming
4    out, well, the SEC said this, and maybe this is what
5    Judge Brodie will do and maybe this is what she'll
6    do.  And, again, certainly, you all know there's
7    really no saying when a judge will make a decision.
8    I'm sure she will get to it as soon as she is able,
9    but I'm sure she has many other cases that she is
10   looking at as well.  And there's certainly no way to
11   predict if there'll be a ruling tomorrow or
12   six months from now.
13           So why now?  Why could we not just continue
14   with discovery?  Continue with the motions practiced
15   with respect to dismiss amendment, all of that.  And
16   then if she does -- she will issue a ruling,
17   obviously, of some type at some point -- then sort
18   of do the 14 days after that decision.  Let's see
19   what it says, how it affects us, briefing from
20   both -- all sides on what the next step should be.
21           MS. TURNER:  Yeah.  I think the reason from
22   our perspective that this feels like an inflection
23   point in this case, as well, is because
24   Judge Brodie's coming -- sorry -- order on the
25   report and recommendation happens to coincide with

1   what's going on in this case, which is that we're
2   kind of going back to square one and needing to
3   re-brief motions to dismiss because of plaintiffs'
4   motion seeking late in the game to amend.  So I
5   think we were already in a position in this case
6   where we were going to have to reset the schedule.
7   And so we've taken a step back and said, why are we
8   resetting the schedule when hopefully in the coming
9   weeks -- the objections to the report and
10  recommendation will be fully briefed on
11  September 22nd, next week.  In the coming weeks,
12  we're going to have clarity on whether there's going
13  to be a litigation injunction.  Why would we go
14  through another round of motion to dismiss briefing?
15          In terms of next steps, I do think that
16  there is a difference between proceeding with
17  another round of briefing on an amended Complaint,
18  if Your Honor allows the amended Complaint, and
19  doing what plaintiffs are asking here, which is not
20  only to do that, but to sort of speed through
21  another round of motion to dismiss briefing, all of
22  the class discovery, and the class certification
23  briefing.
24          So I do think that if Your Honor is
25  inclined to move the case forward in some fashion

```
 1    while we're awaiting Judge Brodie's decision, I
 2    think doing the second round of motion to dismiss
 3    briefing would not have the same sort of degree of
 4    inefficiency that proceeding with class
 5    certification motions or class discovery will --
 6    would because that is where you really get at the
 7    fork in the road where it's wholly inefficient to
 8    continue proceeding if we've got the key defendants
 9    absent.
10         So I think our view is that we ought to
11    just take a pause and see where things are headed
12    before we create an entirely new schedule that might
13    be significantly impacted by whatever Judge Brodie
14    does.  But at most, we think there should be a
15    schedule set for the briefing on the renewed motions
16    to dismiss if an amended Complaint is allowed.
17         THE COURT:  All right.  Thank you.
18         GBP.
19         MR. KOPP:  We have nothing to add to that,
20    Your Honor.
21         THE COURT:  Give me just one moment.  I'll
22    be right back.
23         What I am going to do is I am going to put
24    in a partial stay as to class discovery and
25    deadlines as to class certification only.
```

1    Plaintiffs will be granted leave to amend their
2    Complaint, and we will move ahead with that now.
3    Given the arguments that defendants have made about
4    what they anticipate they would need to do on a
5    motion to dismiss with respect to the amended
6    Complaint, it sounds as if sort of keeping the
7    original motion to dismiss and applying it to the
8    new Complaint wouldn't really work, and so I'm going
9    to deny those motions to dismiss as moot.
10          And I want to set a schedule on the new
11   motions to dismiss, which sound as if a portion of
12   it will be duplicative with the original because
13   obviously a portion of the Complaint will remain,
14   and then there will be these additional plaintiffs
15   that are being added in.  I understand there will be
16   unique and particularized arguments with respect to
17   each of them.
18          The question I have for the defendants,
19   previously, there were individual motions to dismiss
20   that were filed, and I wanted to see if there was
21   any desire on the part of the defendants to do sort
22   of an omnibus motion to dismiss.  Certainly, not
23   required.  You are all free to file -- what do we
24   have here? -- six different motions to dismiss.  But
25   to the extent that there may be many, many issues in

1    common for your own sort of economy and sort of

2    streamlining things and, obviously, the plaintiffs'

3    ability to respond and the Court's ability to sort

4    of get my hands around everything, it may make sense

5    to do an omnibus motion in that way.  But I'll allow

6    you to sort of confer with your clients and let me

7    know.

8            And then I do think it is a good suggestion

9    that was made that two weeks after any decision by

10   Judge Brodie, I would like a status letter from

11   everyone on -- it doesn't have to be joint.  You can

12   file your own.  But on what -- depending on what

13   that decision is, what the implications of that are

14   to our case.  And perhaps that may mean that we need

15   to revisit in a more fulsome way what next steps

16   are, if things need to be expanded, contracted, if

17   we have to stop where we are, whatever it is.

18   That's obviously going to depend on what she decides

19   and how and how expansive that is.

20            Plaintiffs, how long do you believe you

21   need to file your amended Complaint?

22            MS. MOYNA:  Your Honor, thank you.  We will

23   be prepared to file our amended Complaint on Friday.

24            THE COURT:  All right.  We can sort of do

25   this one of two ways.  We can set a briefing

```
 1    schedule on the motion to dismiss now; or if
 2    defendants prefer to speak to their clients first to
 3    have an answer on this potential omnibus question
 4    first before coming up with the schedule, I think
 5    certain aspects of that may expand it because if
 6    you're doing an omnibus, it may take longer for you
 7    to be able to consult with each other.  If we don't
 8    do omnibus, then I would think that plaintiffs need
 9    longer for their response to the various motions to
10    dismiss.  So how we structure the schedule may
11    really depend on the answer to that question.
12         So let me turn to defendants and see how
13    long you think it would take you to get the answer
14    to that.  And I think what I'll do is set a deadline
15    depending on how long you think you need for you to
16    respond, and then you can confer with plaintiffs on
17    what schedule makes sense depending on what the
18    answer is to that question.
19         MS. TURNER:  Your Honor, I think that the
20    auditor defendants could have an answer on whether
21    they would be able to file an omnibus brief by
22    Monday.
23         THE COURT:  So, then, what I want is by
24    next Friday, a joint status letter with a proposed
25    schedule after there's some conferral amongst the
```

1    parties once you know the answer to the question

2    about the potential omnibus from the auditor

3    defendants.  Is there anything else we need to

4    discuss from plaintiffs' perspective?

5           MS. MOYNA:  Your Honor, I just have one

6    question for clarification.  I believe you said that

7    the case would be stayed only as to class cert

8    discovery in the class cert motion.  So I just want

9    to make sure that we're clear that we can proceed

10   with our discovery against the auditors, as we have

11   been doing in terms of document discovery and

12   potentially depositions.  Is that correct?

13          THE COURT:  Yes.

14          MS. MOYNA:  Thank you, Your Honor.

15          MS. TURNER:  Your Honor, if I may, I think

16   that with regard -- if it's contemplated that

17   deposition discovery would be proceeding while we're

18   not even sure who's in the case and the motions to

19   dismiss are in the process of being briefed, I think

20   that the auditor defendants would want to consider

21   whether -- not to overly complicate things, but a

22   stay pending decision on the motion to dismiss of

23   depositions were appropriate, particularly because

24   if plaintiffs are contemplating beginning to take

25   depositions of the auditors, in our view, that is

```
 1    very inefficient because when the GPB defendants

 2    return to the case, they might also want to take

 3    depositions of auditors.

 4            So I think proceeding with loose ends on

 5    document discovery and written discovery is one

 6    thing, but if we're contemplating taking merits

 7    depositions while class discovery is stayed and

 8    while we're briefing a new Complaint, that doesn't

 9    make very much sense to me, and I think we'd want to

10    be heard on that.

11            THE COURT:  Plaintiffs, let me turn back to

12    you.  Obviously, the focus of today's stay

13    discussion was really sort of grappling with

14    these -- I don't want to call them larger issues.

15    They're all important.  But grappling with the

16    issues about how Judge Brodie's decision sort of

17    plays in, how these other potential litigations play

18    in.  And, now, we're sort of looking at the more

19    traditional, well, if there's no -- obviously,

20    there's no pending motion -- well, there is a

21    pending motion to dismiss.  There's no new amendment

22    and, therefore, no pending motion to dismiss as to

23    the new amendment.  But there's always those

24    questions of until that sort of litigation is done,

25    does it make sense to go forward with discovery when
```

1    it may greatly contract or expand the case?

2         Certainly, I hear no opposition from

3    defendants in terms of -- I know discovery had

4    already started.  I know that documents have been

5    exchanged.  And to the extent that there's perhaps

6    some tranche or two of documents that the process

7    hasn't completed, I hear no objection from them to

8    completing that.  But, obviously, depositions -- and

9    we're talking about depositions of parties.  And if

10   there's a question about who those parties will be,

11   it does seem to perhaps get into a place where it is

12   not efficient from anyone's perspective to do those

13   depositions until there is a decision on motions to

14   dismiss.

15         MS. MOYNA:  Yes.  I understand your

16   question, Your Honor.  I think these issues were

17   briefed and decided by Judge Kaplan initially.  I

18   think he took these considerations into account,

19   whether all the parties would actually be present or

20   not.  I also can't really understate the prejudice

21   to the plaintiffs from being forced to wait longer.

22   And, again, it's a lot of if this, if that.

23         I don't think it's de facto to stay cases

24   pending motions to dismiss, stay any type of

25   discovery pending motions to dismiss.  And I'll also

1   point out that the schedule that Your Honor adopted

2   in I believe it was February, the defendants put

3   that schedule before you and did not contemplate

4   staying merits discovery while the motion to dismiss

5   was pending.  So you adopted their schedule.  That's

6   the schedule that we're looking to basically keep

7   that schedule with maybe some modifications for

8   Your Honor's rulings today.  But we don't really

9   understand the need for a change position there.

10          THE COURT:  Thank you.  Certainly, my

11  general view is that I don't like to reflexively

12  just say, well, there's a motion that's filed.

13  There's a motion to dismiss.  We must stay.  And it

14  does seem to me that given that when the prior

15  motion to dismiss was contemplated, there wasn't a

16  stay, I do think that moving forward with

17  depositions makes sense.  I'll give this sort of

18  asterisk to defendants.

19          If there is a particular deposition or

20  category of depositions that you have some real

21  targeted argument with respect to that, yes, we can

22  do this deposition, that's fine, but here's one that

23  we really have an objection to based on something

24  connected to the pending motions, I would invite you

25  to meet and confer about sort of the order and the

 1   schedule and the like, and whether perhaps there can

 2   be some tiered taking of depositions.  Meet and

 3   confer with plaintiffs until the extent that there

 4   is not agreement.

 5          At that point, I would then entertain a

 6   letter from you outlining with particularity here's

 7   the thing that we don't want to do, and here's why

 8   this particular thing should be delayed.  But I'm

 9   not going to stay all depositions.

10          Anything more, plaintiffs?

11          MS. MOYNA:  No, Your Honor.  Thank you.

12          THE COURT:  Auditor defendants?

13          MS. TURNER:  Your Honor, I think we all

14   need to confer with our clients about what

15   categories of depositions might fall into that, but

16   I think --

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3       I, Marissa Mignano, certify that the foregoing

4   transcript of proceedings in the case of

5   DELUCA, et al v. GPB AUTOMOTIVE PORTFOLIO, LP et al,

6   Docket #1:19-cv-10498-LAK-JW, was

7   prepared using digital transcription software and is

8   a true and accurate record of the proceedings.

9

10

11  Signature   __*Marissa Mignano*_____

12                  Marissa Mignano

13

14  Date:       September 20, 2023

15

16

17

18

19

20

21

22

23

24

25